# EXHIBIT A

## State Court Pleadings

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **KARSYN VAN HOUTEN,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ______________________ |
| **Defendants.** | |

**COMPLAINT FOR DAMAGES**

Plaintiff Karsyn Van Houten (hereinafter "Plaintiff") files this Complaint for Damages against Defendants Julopsy Destine, ARO Trans LLC, and National Continental Insurance Company respectfully showing the Court as follows:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff seeks to recover for personal injuries and other damages she suffered when Defendant Julopsy Destine negligently operated a commercial vehicle while driving for his employer ARO Trans, LLC, and caused a collision in Jackson County, Georgia.

2.

Plaintiff is a resident of Georgia. She submits to the jurisdiction and venue of this Court.

3.

Defendant Destine resides and may be served with process at 2151 NW 76th Avenue, Sunrise, Florida 33322. He is subject to the jurisdiction and venue of this Court.

4.

Defendant ARO Trans, LLC ("Defendant ARO") is a foreign for-profit corporation that engages in interstate commerce in Georgia. Defendant ARO's principal place of business is located at 680 E. Market Street, Suite 305, Akron, Ohio 44304. Defendant ARO transacts business in Jackson County, Georgia. It may be served with process through its registered agent, Kenneth W. Goggins, Jr., 466 Mellview Avenue SW, Atlanta, Georgia 30310. Defendant ARO is subject to the jurisdiction and venue of this Court.

5.

Defendant National Continental Insurance Company ("Defendant NCIC") is a New York insurance company with its principal place of business located at 1 Corporate Drive, Suite 201, Bohemia, New York 11716. It may be served with process through its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046. It is subject to the jurisdiction and venue of this Court.

6.

Venue is proper in Jackson County, Georgia pursuant to Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. §§ 14-2-510(b), 40-1-117(b) and 9-10-31(b), and *Blakemore v. Dirt Movers, Inc.*, 344 Ga. App. 238 (2018).

7.

This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. § 15-7-4(a)(2).

8.

No United States District Court has subject matter jurisdiction over this action. Complete diversity of citizenship is absent because Plaintiff and at least one (1) Defendant are citizens and

domiciliaries of Georgia, and there is no federal question jurisdiction because all the claims asserted in this Complaint arise under state law.

**Background**

9.

On July 3, 2022, Plaintiff was driving a 2021 Mercedes-Benz GLC 300 southbound on Interstate 85 ("I-85") in the far-right lane in Braselton, Jackson County, Georgia.

10.

At the same time, Defendant Destine was parked on the outside shoulder of I-85 southbound in his 2019 Volvo tractor-trailer.

11.

At all relevant times, Defendant Destine was operating his 2019 Volvo tractor-trailer in the course and scope of his employment with Defendant ARO.

12.

Suddenly and without warning, Defendant Destine drove his tractor-trailer from the outside shoulder into the right lane on I-85 southbound in front of Plaintiff's vehicle directly in its path.

13.

Plaintiff was unable to avoid Defendant Destine's tractor-trailer and collided with the rear of his trailer.

14.

The impact was severe and caused substantial damage to Plaintiff's vehicle.

15.

The investigating officer found Defendant Destine at fault for causing the collision and issued him a citation for failure to yield in violation of O.C.G.A. § 40-6-73.

16.

Upon information and belief, Defendant Destine paid the citation he received in relation to this collision.

17.

Plaintiff exercised care for her own safety at all relevant times, including the time of the subject collision.

18.

Plaintiff did not act or fail to act in any way that proximately caused the subject collision or any of her injuries or damages.

19.

As a result of the subject collision, Plaintiff suffered severe and permanent injuries.

20.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to past medical bills, future medical bills, costs, and expenses, past and future physical pain and suffering, mental pain and suffering, and loss of full enjoyment of life.

**COUNT ONE**
**Negligence, Gross Negligence, and Recklessness of Defendant Julopsy Destine**

21.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 20.

22.

At all relevant times, including the time of the subject collision, Defendant Destine owed the public generally, and Plaintiff specifically, duties of care while operating a commercial motor

vehicle.

23.

At all relevant times, including the time of the subject collision, it was reasonably foreseeable to Defendant Destine that if he breached these duties it could result in serious injury to others.

24.

Nevertheless, Defendant Destine breached the duties he owed to Plaintiff in the following ways, resulting in the subject collision:

(a) Failing to yield when entering a roadway in violation of O.C.G.A. § 40-6-73, which constitutes negligence per se;

(b) Making an improper lane change in violation of O.C.G.A. § 40-6-48, which constitutes negligence per se;

(c) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180, which constitutes negligence per se;

(d) Failing to use a turn signal while making a turn in violation of O.C.G.A. § 40-6-123, which constitutes negligence per se;

(e) Failing to exercise due care in violation of O.C.G.A. § 40-6-241, which constitutes negligence per se;

(f) Driving recklessly in violation of O.C.G.A. § 40-6-390, which constitutes negligence per se;

(g) Driving while distracted in violation of O.C.G.A. §§ 40-6-241 and -241.2, which constitutes negligence per se;

(h) Driving while ill or fatigued in violation of 49 C.F.R. § 392.3, which constitutes

negligence per se;

(i) Driving in excess of his allotted hours of service in violation of 49 C.F.R. § 395.3, which constitutes negligence per se;

(j) Failing to properly inspect his commercial motor vehicle prior to its operation in violation of 49 C.F.R. § 396.13, which constitutes negligence per se;

(k) Operating his vehicle in a careless and reckless manner as to endanger the safety of others; and

(l) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

25.

The acts and omissions set forth in Paragraph 24 and its subparts constitute negligence, gross negligence, and/or recklessness on the part of Defendant Destine.

26.

Defendant Destine failed to exercise that degree of skill and care ordinarily required by commercial drivers generally under like conditions and similar circumstances.

27.

Defendant Destine failed to exercise ordinary diligence and was therefore negligent when he failed to exercise that degree of care which is exercised by ordinary prudent persons in the same or similar circumstances in violation of O.C.G.A. § 51-1-2.

28.

Defendant Destine failed to exercise even a slight degree of diligence which is exercised by ordinary prudent persons in the same or similar circumstances in violation of O.C.G.A. § 51-1-4.

29.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Destine's negligence, gross negligence, and/or recklessness.

30.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Destine's negligence, gross negligence, and/or recklessness.

**COUNT TWO**
**Vicarious Liability of Defendant ARO Trans, LLC**

31.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 30.

32.

At all relevant times, including the time of the subject collision, Defendant Destine was operating the commercial vehicle within the course and scope of his employment with or agency of his employer, Defendant ARO.

33.

Defendant ARO is therefore liable for all damages caused by the negligent and reckless acts and omissions of Defendant Destine pursuant to the doctrine of *respondeat superior* and the rules of agency.

**COUNT THREE**
**Independent Negligence and Recklessness of Defendant ARO**

34.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 33.

35.

As Defendant Destine's employer and the owner of the commercial vehicle that he was driving at the time of the subject collision, Defendant ARO had the right to permit and the power to prohibit Defendant Destine's use of the vehicle.

36.

Moreover, as a motor carrier, Defendant ARO owed certain duties as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify and train Defendant Destine, the duty to supervise Defendant Destine's hours of service, the duty to properly inspect and maintain its vehicles, the duty to supervise and review Defendant Destine's driving, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicles, including the commercial vehicle that Defendant Destine was driving at the time of the subject collision.

37.

Before the subject collision, Defendant ARO knew or had reason to know that Defendant Destine was likely to drive in a negligent and reckless manner because of his inexperience, physical condition, mental condition, and/or known habit of recklessness and dangerous driving.

38.

Before the subject collision, Defendant Destine exhibited a pattern of reckless and dangerous driving, demonstrating that he was and is incompetent and unfit to safely drive a commercial motor vehicle.

39.

Nevertheless, Defendant ARO entrusted Defendant Destine with a commercial vehicle and gave him permission to drive it.

40.

In doing so, Defendant ARO was negligent and/or reckless in the following ways:

(a) Negligently and/or recklessly hiring or contracting with Defendant Destine to drive the commercial vehicle at issue;

(b) Negligently and/or recklessly training Defendant Destine;

(c) Negligently and/or recklessly entrusting Defendant Destine with the commercial vehicle they drove on the day of the subject collision;

(d) Negligently and/or recklessly hiring Defendant Destine;

(e) Negligently and/or recklessly retaining Defendant Destine;

(f) Negligently and/or recklessly qualifying Defendant Destine;

(g) Negligently and/or recklessly failing to supervise Defendant Destine; and

(h) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

41.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant ARO's negligence and/or recklessness.

42.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant ARO's negligence and/or recklessness.

**COUNT FOUR**
**Direct Action Against National Continental Insurance Company**

43.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 42.

44.

Defendant ARO is a motor carrier within the meaning of O.C.G.A. § 40-1-100 and/or O.C.G.A. § 40-2-140.

45.

Defendant NCIC issued an insurance policy (Policy No. COH 000-6368-655-1) to Defendant ARO that was in full force and effect on the day of the subject collision.

46.

The subject collision involved a commercial vehicle that was covered by the policy of insurance (Policy No. COH 000-6368-655-1) that Defendant NCIC issued to Defendant ARO, which was in full force and effect on the day of the wreck.

**COUNT FIVE**
**Punitive Damages**

47.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 46.

48.

Defendants' actions, including but not limited to Defendants Destine's complete disregard for the safety of others while driving commercial vehicle, Defendant Destine's violation of the Federal Motor Carrier Safety Regulations pertaining to hours of service and driving while fatigued, Defendants Destine's driving while distracted, and Defendant ARO's failure to qualify Defendant Destine and otherwise comply with the Federal Motor Carrier Safety Regulations, demonstrate either (a) an entire want of care that raises the presumption of conscious indifference to consequences, or (b) a specific intent to harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

**COUNT SIX**
**Litigation Expenses and Attorney's Fees**

49.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 48.

50.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover her litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**Plaintiff's Damages**

51.

Plaintiff seeks monetary damages from each Defendant for:

(a) All past, present, and future economic damages that result from, proximately flow from, or were substantially caused by the subject collision, including but not limited to medical bills, costs, and expenses, as will be shown more fully by the evidence at trial;

(b) All past, present, and future non-economic damages that result from, proximately flow from, or were substantially caused by the subject collision, including but not limited to mental and physical pain and suffering, physical disfigurement, loss of enjoyment of life, and loss of capacity to work, in an amount to be determined by the enlightened conscience of an impartial jury;

(c) Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury; and

(d) Litigation expenses, including reasonable attorney's fees.

**Accordingly, Plaintiff respectfully requests the following relief:**

(a) Service of the Summons and this Complaint on each Defendant;

(b) A trial by jury on every appropriate issue;

(c) Judgment for Plaintiff and against each Defendant for past, present, and future economic damages;

(d) Judgment for Plaintiff and against each Defendant for past, present, and future non-economic damages;

(e) Judgment for Plaintiff and against each Defendant for punitive damages without limitation or cap;

(f) Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees;

(g) That the costs of this action be cast against Defendants; and

(h) Any additional relief the Court deems appropriate.

Respectfully submitted this 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | ______________________ |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT ARO TRANS, LLC**

Pursuant to O.C.G.A. §§ 9-11-26 and -36, Plaintiff Karsyn Van Houten requests that Defendant ARO Trans, LLC ( "Defendant") respond to the following requests for admission in the time and manner required by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refer to ARO Trans, LLC, including its agent(s), representative(s), insurer(s), and attorney(s).

## Instructions

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

**Requests for Admission**

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Jackson County.

5.

Admit that **you** transact business in Jackson County.

6.

Admit that **you** are a motor carrier.

7.

Admit that **you** are a motor common carrier.

8.

Admit that **you** are an intrastate commercial motor vehicle carrier.

9.

Admit that **you** are an interstate commercial motor vehicle carrier.

10.

Admit **you** are a motor carrier for hire.

11.

Admit that Defendant Julopsy Destine was driving a commercial vehicle in the course and scope of his employment with **you** at the time of the **occurrence**.

12.

Admit that at the time of the **occurrence,** Defendant Julopsy Destine was acting as **your** employee, agent, apparent agent, ostensible agent, or agent by estoppel.

13.

Admit that at the time of the **occurrence,** Defendant Julopsy Destine was acting under **your** control, supervision, and/or authority and in furtherance of **your** business.

14.

Admit that **you** are liable for negligent acts or omissions committed by **your** driver, Defendant Julopsy Destine in the course and scope of his employment with **you**.

15.

Admit that **you** owned the vehicle Defendant Julopsy Destine was driving at the time of the **occurrence**.

16.

Admit that Defendant Julopsy Destine was driving the vehicle with **your** knowledge and permission at the time of the **occurrence**.

17.

Admit that Defendant Julopsy Destine was driving the vehicle in the course and scope of his employment with **you** at the time of the **occurrence**.

18.

Admit that Defendant Julopsy Destine was driving the vehicle in the course and scope of his agency with **you** at the time of the **occurrence**.

19.

Admit that the **occurrence** occurred on I-85 southbound in Braselton, Jackson County, Georgia.

20.

Admit that prior to the **occurrence** Defendant Julopsy Destine was on the outside shoulder of the southbound lanes of I-85.

21.

Admit that prior to the **occurrence** Defendant Julopsy Destine was parked on the outside shoulder of the southbound lanes of I-85.

22.

Admit that prior to the **occurrence** Defendant Julopsy Destine was parked on the outside shoulder of the southbound lanes of I-85 without placing his triangles behind his tractor-trailer.

23.

Admit that immediately prior to the **occurrence** Defendant Julopsy Destine attempted to enter the right lane of I-85 southbound.

24.

Admit that prior to the **occurrence** Defendant Julopsy Destine did not look to see if traffic was coming from behind him in the right lane of I-85 southbound.

25.

Admit that prior to the **occurrence** Defendant Julopsy Destine did see traffic coming from behind him in the right lane of I-85 southbound, but he entered the roadway anyways.

26.

Admit that at all relevant times, Defendant Julopsy Destine was required to yield to traffic in right lane of I-85 southbound.

27.

Admit that at all relevant times, vehicles traveling in the right lane on I-85 southbound had the right of way to vehicles entering the travel lanes of I-85 from the shoulder.

28.

Admit that **Plaintiff** was traveling in the right lane of I-85 southbound.

29.

Admit that **Plaintiff** had the right of way to Defendant Julopsy Destine's vehicle when he entered I-85 from the shoulder.

30.

Admit that Defendant Julopsy Destine entered the right lane of I-85 southbound directly in front of **Plaintiff**.

31.

Admit that Defendant Julopsy Destine received a citation for failure to yield in violation of O.C.G.A. § 40-6-73.

32.

Admit that Defendant Julopsy Destine carelessly entered the right lane of I-85 southbound in front of **Plaintiff**.

33.

Admit that Defendant Julopsy Destine was not paying attention to what he was doing when he entered the right lane of I-85 southbound.

34.

Admit that Plaintiff's vehicle sustained significant damage from the **occurrence**.

35.

Admit that Plaintiff's vehicle was rendered inoperable as a result of the **occurrence**.

36.

Admit that Defendant Julopsy Destine had driven for more than eleven (11) consecutive hours prior to the **occurrence**.

37.

Admit that Defendant Julopsy Destine had been on duty for more than fourteen (14) hours prior to the **occurrence**.

38.

Admit that Defendant Julopsy Destine did not take a 30-minute break from driving after driving for more than eight (8) hours prior to the **occurrence**.

39.

Admit that Defendant Julopsy Destine had been on duty for more than sixty (60) hours during the 7-day period prior to and leading up to the **occurrence**.

40.

Admit that Defendant Julopsy Destine had been on duty for more than seventy (70) hours during the 8-day period prior to and leading up to the **occurrence**.

41.

Admit that Defendant Julopsy Destine was fatigued prior to and during the **occurrence**.

42.

Admit that Defendant Julopsy Destine was ill and/or sick prior to and during the **occurrence**.

43.

Admit that Defendant Julopsy Destine was under the influence of alcohol at the time of the **occurrence**.

44.

Admit that Defendant Julopsy Destine was under the influence of prescription medication at the time of the **occurrence**.

45.

Admit that Defendant Julopsy Destine was under the influence of illicit drugs at the time of the **occurrence**.

46.

Admit that Defendant Julopsy Destine intentionally turned left in of **Plaintiff** at the time of the **occurrence**.

47.

Admit that Defendant Julopsy Destine was in a hurry when he turned left from Stone Mountain Highway at the time of the **occurrence**.

48.

Admit that Defendant Julopsy Destine was in a hurry to deliver loads on **your** behalf at the time of the **occurrence**.

49.

Admit that Defendant Julopsy Destine was in a hurry at the time of the **occurrence** because he was under time constraints imposed by **you**.

50.

Admit that Defendant Julopsy Destine was in a hurry at the time of the **occurrence** because he was incentivized by **you** to deliver loads quickly.

51.

Admit that **you** were required to deliver the load being carried by Defendant Julopsy Destine at the time of the **occurrence** to one or more customers by a specific time.

52.

Admit that Defendant Julopsy Destine knew the load he was carrying at the time of the **occurrence** was required to be delivered by a specific time.

53.

Admit that Defendant Julopsy Destine was paid per load by **you** for loads he delivered on **your** behalf.

54.

Admit that Defendant Julopsy Destine was paid by the mile by **you**.

55.

Admit that Defendant Julopsy Destine was paid by the hour by **you**.

56.

Admit that Defendant Julopsy Destine was paid a set salary by **you**.

57.

Admit that Defendant Julopsy Destine violated one or more of the Federal Motor Carrier Safety Regulations in relation to the **occurrence**.

58.

Admit that Julopsy Destine caused the **occurrence**.

59.

Admit that Defendant Julopsy Destine contributed to the **occurrence**.

60.

Admit that Defendant Julopsy Destine was negligent in causing the **occurrence**.

61.

Admit that Defendant Julopsy Destine was negligent in contributing to the **occurrence**.

62.

Admit that Defendant Julopsy Destine was reckless in causing the **occurrence**.

63.

Admit that Defendant Julopsy Destine was reckless in contributing to the **occurrence**.

64.

Admit that **Plaintiff** did not cause or contribute to the **occurrence**.

65.

Admit that no **person** or entity other than a named Defendant caused or contributed to the

**occurrence**.

66.

Admit that the tractor Defendant Julopsy Destine was driving at the time of the **occurrence** was equipped with dashcam.

67.

Admit that the dashcam installed on Defendant Julopsy Destine's tractor was recording video at the time of the **occurrence**.

68.

Admit that the dashcam installed on Defendant Julopsy Destine's tractor was recording sound at the time of the **occurrence**.

69.

Admit that you refused to provide a copy of the dashcam footage prior to **Plaintiff** filing a lawsuit.

70.

Admit that the tractor Defendant Julopsy Destine was driving at the time of the **occurrence** was equipped with a telematics system that recorded the tractor's speed.

71.

Admit that the tractor Defendant Julopsy Destine was driving at the time of the **occurrence** was equipped with a telematics system that recorded the tractor's acceleration.

72.

Admit that the tractor Defendant Julopsy Destine was driving at the time of the **occurrence** was equipped with a telematics system that recorded when the tractor made a hard brake.

73.

Admit that the data from the telematics systems on Defendant Julopsy Destine's tractor was downloaded by **you**.

74.

Admit that the data from the telematics systems on Defendant Julopsy Destine's tractor was not downloaded by **you**.

75.

Admit that the data from the telematics systems on Defendant Julopsy Destine's tractor was not preserved by **you**.

76.

Admit that the data from the telematics systems on Defendant Julopsy Destine's tractor was not preserved by **you** after **you** anticipated litigation arising from the **occurrence**.

77.

Admit that Defendant Julopsy Destine has a history of reckless driving.

78.

Admit that Defendant Julopsy Destine has a pattern of dangerous driving.

79.

Admit that **you** knew about Defendant Julopsy Destine's history of reckless driving prior to the **occurrence**.

80.

Admit that **you** knew about Defendant Julopsy Destine's pattern of dangerous driving prior to the **occurrence**.

81.

Admit that it was **your** responsibility to ensure that Defendant Julopsy Destine submitted to post-**occurrence** DOT drug and alcohol testing.

82.

Admit that **you** ordered Defendant Julopsy Destine to undergo drug and alcohol testing within two (2) hours of the **occurrence**.

83.

Admit that **you** did not order Defendant Julopsy Destine to undergo drug and alcohol testing within two (2) hours of the **occurrence**.

84.

Admit that **you** ordered Defendant Julopsy Destine to undergo drug and alcohol testing within eight (8) hours of the **occurrence**.

85.

Admit that **you** did not order Defendant to undergo drug and alcohol testing within eight (8) hours of the **occurrence**.

86.

Admit that **you** ordered Defendant Julopsy Destine to undergo drug and alcohol testing within thirty-two (32) hours of the **occurrence**.

87.

Admit that **you** did not order Defendant Julopsy Destine to undergo drug and alcohol testing within thirty-two (32) hours of the **occurrence**.

88.

Admit that **you** suspended Defendant Julopsy Destine as a result of the **occurrence**.

89.

Admit that **you** fired Defendant Julopsy Destine as a result of the **occurrence**.

90.

Admit that Defendant Julopsy Destine still works for **you.**

91.

Admit that **you** have an accident review board.

92.

Admit that the **occurrence** was reviewed by **your** accident review board.

93.

Admit that **your** accident review board determined that the **occurrence** was avoidable/preventable.

94.

Admit that a manager or supervisor at **your** company found Defendant Julopsy Destine to be at fault for causing the **occurrence**.

95.

Admit that **you** did not change the safety measures or implement new safety measures or training as a result of the **occurrence**.

96.

Admit that **you** did not change the training of **your** drivers as a result of the **occurrence**.

97.

Admit that Defendant Julopsy Destine was required to undergo training following the **occurrence**.

98.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the **occurrence**.

99.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the **occurrence**.

100.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the **occurrence** was reasonable and necessary.

101.

Admit that **you** have a primary liability insurance policy with National Continental Insurance Company with policy limits in the amount of $1,000,000.00.

102.

Admit that **you** do not have a self-insurance retention or deductible in relation to the liability insurance policy issued to you by National Continental Insurance Company.

103.

Admit that **you** do not have any other insurance policies other than the policy described in Request No.101.

104.

Admit that **your** vehicles cross state lines at times.

105.

Admit that **your** vehicles engage in interstate travel for business.

106.

Admit that some of **your** vehicles engage in interstate travel.

107.

Admit that **your** vehicle which was involved in this **occurrence** had previously been driven across state lines for business purposes.

108.

Admit that **your** vehicles have been driven more than 150 miles away for business purposes.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | ______________________ |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**
**TO DEFENDANT JULOPSY DESTINE**

Pursuant to O.C.G.A. §§ 9-11-26 and -36, Plaintiff requests that Defendant Julopsy Destine respond to the following requests for admission in the time and manner required by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by

the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to Julopsy Destine, including his agent(s), representative(s), insurer(s), and attorney(s).

**Instructions**

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the

request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

## Requests for Admission

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Jackson County.

5.

Admit that Defendant ARO Trans, LLC (“Defendant ARO”) was **your** employer at the time of the **occurrence**.

6.

Admit that the vehicle **you** were driving at the time of the **occurrence** was owned by Defendant ARO.

7.

Admit that **you** were driving the vehicle in the course and scope of **your** employment with Defendant ARO at the time of the **occurrence**.

8.

Admit that **you** were driving the vehicle in the course and scope of **your** agency of Defendant ARO at the time of the **occurrence**.

9.

Admit that the **occurrence** occurred on I-85 southbound in Braselton, Jackson County, Georgia.

10.

Admit that prior to the **occurrence you** were on the outside shoulder of the southbound lanes of I-85.

11.

Admit that prior to the **occurrence you** were parked on the outside shoulder of the southbound lanes of I-85.

12.

Admit that prior to the **occurrence you** were parked on the outside shoulder of the southbound lanes of I-85 without placing **your** triangles behind your tractor-trailer.

13.

Admit that immediately prior to the **occurrence you** attempted to enter the right lane of I-85 southbound.

14.

Admit that prior to the **occurrence you** did not look to see if traffic was coming from behind **you** in the right lane of I-85 southbound.

15.

Admit that prior to the **occurrence you** did see traffic coming from behind **you** in the right lane of I-85 southbound, but **you** entered the roadway anyways.

16.

Admit that at all relevant times, **you** were required to yield to traffic in right lane of I-85 southbound.

17.

Admit that at all relevant times, vehicles traveling in the right lane on I-85 southbound had the right of way to vehicles entering the travel lanes of I-85 from the shoulder.

18.

Admit that **Plaintiff** was traveling in the right lane of I-85 southbound.

19.

Admit that **Plaintiff** had the right of way to **your** vehicle when **you** entered I-85 from the shoulder.

20.

Admit that **you** entered the right lane of I-85 southbound directly in front of **Plaintiff**.

21.

Admit that **you** received a citation for failure to yield in violation of O.C.G.A. § 40-6-73.

22.

Admit that **you** carelessly entered the right lane of I-85 southbound in front of **Plaintiff**.

23.

Admit that **you** were not paying attention to what **you** were doing when **you** entered the right lane of I-85 southbound.

24.

Admit that **you** told the investigating officer at the scene of the subject collision that **you** were at fault for causing the **occurrence**.

25.

Admit that **Plaintiff's** vehicle sustained significant damage from the **occurrence**.

26.

Admit that **Plaintiff's** vehicle was rendered inoperable as a result of the **occurrence**.

27.

Admit that **you** had driven for more than eleven (11) consecutive hours prior to the **occurrence**.

28.

Admit that **you** had been on duty for more than fourteen (14) hours prior to the **occurrence**.

29.

Admit that **you** did not take a 30-minute break from driving after driving for more than eight (8) hours prior to the **occurrence**.

30.

Admit that **you** had been on duty for more than sixty (60) hours during the 7-day period prior to and leading up to the **occurrence**.

31.

Admit that **you** had been on duty for more than seventy (70) hours during the 8-day period prior to and leading up to the **occurrence**.

32.

Admit that **you** were fatigued prior to and during the **occurrence**.

33.

Admit that **you** were ill and/or sick prior to and during the **occurrence**.

34.

Admit that **you** were under the influence of alcohol at the time of the **occurrence**.

35.

Admit that **you** were under the influence of prescription medication at the time of the **occurrence**.

36.

Admit that **you** intentionally pulled in front of **Plaintiff's** vehicle at the time of the **occurrence**.

37.

Admit that **you** were in a hurry when you entered the right lane of I-85 southbound at the time of the **occurrence**.

38.

Admit that **you** were in a hurry to deliver a load on behalf of Defendant ARO at the time of the **occurrence**.

39.

Admit that **you** were in a hurry at the time of the **occurrence** because **you** were under time constraints imposed by Defendant ARO.

40.

Admit that **you** were in a hurry at the time of the **occurrence** because **you** were incentivized by Defendant ARO to deliver loads quickly.

41.

Admit that the load **you** were carrying at the time of the **occurrence** was required to be delivered by a specific time.

42.

Admit that **you** were paid per load by Defendant ARO for loads **you** delivered on its behalf.

43.

Admit that **you** were paid by the mile by Defendant ARO.

44.

Admit that **you** were paid by the hour by Defendant ARO.

45.

Admit that **you** were paid a set salary by Defendant ARO.

46.

Admit that **you** violated one or more of the Federal Motor Carrier Safety Regulations in relation to the **occurrence**.

47.

Admit that **you** caused the **occurrence.**

48.

Admit that **you** contributed to the **occurrence**.

49.

Admit that **you** were negligent in causing the **occurrence**.

50.

Admit that **you** were negligent in contributing to the **occurrence**.

51.

Admit that **you** were reckless in causing the **occurrence**.

52.

Admit that **you** were reckless in contributing to the **occurrence**.

53.

Admit that no **person** or entity other than a named Defendant caused or contributed to the **occurrence**.

54.

Admit that **you** have a history of reckless driving.

55.

Admit that **you** have a pattern of dangerous driving.

56.

Admit that **you** were ordered by Defendant ARO to undergo drug and alcohol testing within two (2) hours of the **occurrence**.

57.

Admit that **you** were not ordered by Defendant ARO to undergo drug and alcohol testing within two (2) hours of the **occurrence**.

58.

Admit that **you** were ordered by Defendant ARO to undergo drug and alcohol testing within eight (8) hours of the **occurrence**.

59.

Admit that **you** were not ordered by Defendant ARO to undergo drug and alcohol testing within eight (8) hours of the **occurrence**.

60.

Admit that **you** were ordered by Defendant ARO to undergo drug and alcohol testing within thirty-two (32) hours of the **occurrence**.

61.

Admit that **you** were not ordered by Defendant ARO to undergo drug and alcohol testing within thirty-two (32) hours of the **occurrence**.

62.

Admit that **you** were suspended by Defendant ARO as a result of the **occurrence**.

63.

Admit that **you** were fired by Defendant ARO as a result of the **occurrence**.

64.

Admit that **you** still work for Defendant ARO.

65.

Admit that **you** met with a supervisor employed by Defendant ARO following the **occurrence** to discuss the **occurrence**.

66.

Admit that **you** were required by Defendant ARO to undergo training following the **occurrence**.

67.

Admit that **you** were operating **your** commercial vehicle with a conscious indifference to the other drivers on the road at the time of the **occurrence**.

68.

Admit that **you** were driving with a conscious indifference to the potential consequences of **your** actions at the time of the **occurrence**.

69.

Admit that **you** were distracted at the time of the **occurrence**.

70.

Admit that **you** took **your** eyes off the roadway in the moments prior to the **occurrence**.

71.

Admit that **you** were using a mobile phone in the moments prior to the **occurrence**.

72.

Admit that **you** were using a mobile phone at the time of the **occurrence**.

73.

Admit that **you** were holding a mobile phone in the moments prior to the **occurrence**.

74.

Admit that **you** were holding a mobile phone at the time of the **occurrence**.

75.

Admit that **you** were looking at the screen of an electronic device in the moments prior to the **occurrence**.

76.

Admit that **you** were looking at the screen of an electronic device at the time of the **occurrence**.

77.

Admit that **you** were texting on a mobile phone in the moments prior to the **occurrence**.

78.

Admit that **you** were texting on a mobile phone at the time of the **occurrence**.

79.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** negligence.

80.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** recklessness.

81.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the **occurrence**.

82.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the **occurrence**.

83.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the occurrence was reasonable and necessary.

84.

Admit that **Plaintiff** did nothing to cause or contribute to the **occurrence**.

85.

Admit that **Plaintiff** is zero percent liable for causing the **occurrence**.

86.

Admit that **you** have no evidence that **Plaintiff** caused or contributed to the **occurrence**.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE NO.**<br>________________________ |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**
**TO DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY**

Pursuant to O.C.G.A. §§ 9-11-26 and -36, Plaintiff Karsyn Van Houten requests that Defendant National Continental Insurance Company ("Defendant") respond to the following requests for admission in the time and manner required by law.

## Definitions

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refer to National Continental Insurance Company, including its agent(s), representative(s), insurer(s), and attorney(s).

## Instructions

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff request that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

## Requests for Admission

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Jackson County.

5.

Admit that **you** transact business in Jackson County.

6.

Admit that **you** issued a policy of insurance to Defendant ARO Trans, LLC that was in full force and effect on the day of the **occurrence**.

7.

Admit that Defendant Julopsy Destine was working in the course and scope of his employment at the time of the **occurrence**.

8.

Admit that Defendant Julopsy Destine was insured by **you** at the time of the **occurrence**.

9.

Admit that **you** have not issued any reservation of rights with regard to the **occurrence**.

10.

Admit that Defendant Julopsy Destine caused the **occurrence**.

11.

Admit that Defendant Julopsy Destine contributed to the **occurrence**.

12.

Admit that Defendant Julopsy Destine was negligent in causing the **occurrence**.

13.

Admit that Defendant Julopsy Destine was negligent in contributing to the **occurrence**.

14.

Admit that Defendant Julopsy Destine was reckless in causing the **occurrence**.

15.

Admit that Defendant Julopsy Destine was reckless in contributing to the **occurrence**.

16.

Admit that **Plaintiff** did not cause or contribute to the **occurrence**.

17.

Admit that no **person** or entity other than a named **Defendant** caused or contributed to the **occurrence**.

18.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the **occurrence**.

19.

Admit that the injuries **Plaintiff** suffered in the **occurrence** were caused by Defendant Julopsy Destine.

20.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the **occurrence**.

21.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the **occurrence** was reasonable and necessary.

22.

Admit that Defendant ARO Trans, LLC was insured for interstate travel on the day of the **occurrence**.

23.

Admit that **you** insured Defendant ARO Trans, LLC for interstate travel on the day of the **occurrence**.

24.

Admit that on the day of the **occurrence you** knew that Defendant ARO Trans, LLC traveled interstate.

25.

Admit that Defendant ARO Trans, LLC was insured for intrastate travel on the day of the **occurrence**.

26.

Admit that **you** insured Defendant ARO Trans, LLC for intrastate travel regardless of the amount of miles.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION FILE NO.** ______________________ |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT ARO TRANS, LLC**

Pursuant to O.C.G.A. §§ 9-11-26 and 9-11-33, Plaintiff hereby requests that Defendant ARO Trans, LLC ("Defendant") respond separately in writing and under oath, to the following interrogatories within the time allowed by law to respond to these interrogatories, with a copy of the responses being served upon the undersigned counsel of record for Plaintiffs at 2860 Piedmont Road NE, Atlanta, GA 30305.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme,

Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name

and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)**" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to ARO Trans, LLC, including its agent(s), representative(s), officer(s), employee(s), insurer(s), and attorney(s).

**Instructions**

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that

you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests. *See, e.g., Milholland v.*

*Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery § 4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

**INTERROGATORIES**

1.

Please **identify** all **persons** who are supplying information to respond to these Interrogatories and to **Plaintiff**'s Requests for Production of Documents.

2.

Please list every safety guideline, policy, and/or procedure that **you** believe Defendant Julopsy Destine violated that caused and/or contributed to the **occurrence**. **Your** response should include any of **your** safety guidelines, policies, and/or procedures that **you** believe Defendant Julopsy Destine violated, or any safety guidelines, policies, and/or procedures from any other source, whether governmental, regulatory, or otherwise.

3.

Do **you** contend that **you** have been improperly named in the sense that the incorrect **person** has not been properly styled in the caption of this matter and/or that an improper or incorrect agent for service was utilized to effectuate service upon **you**? If **your** answer to either of these inquiries is "yes," please provide a detailed explanation as to why **you** contend **you** have been improperly named or the agent used for service was improper and provide the complete name of the entity **you** contend should have named and/or served.

4.

Do **you** contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please **identify** any such contentions and state with specificity all factual and legal bases supporting any such contention(s).

5.

Please explain the nature of **your** employment and/or agency relationship with Defendant Julopsy Destine including the date the employment and/or agency relationship began, whether the employment and/or agency relationship has been terminated and/or suspended since the date of the **occurrence**, and if so, the date of termination and/or suspension and the name of the **person** who terminated and/or suspended the relationship.

6.

Please state in detail how **you** contend the **occurrence** happened and the order in which the events took place, including the purpose of the trip Defendant Julopsy Destine was making, the point of origin of his trip, any stops he made after leaving his point of departure but before the **occurrence**, his intended destination, and where he, in fact, went following the **occurrence**. Please include in this response a listing of each **person**, force of nature, act of God, and/or circumstance that **you** contend caused or contributed to the **occurrence** and/or any of the injuries sustained by **Plaintiff**.

7.

Do **you** contest that at the time and place of the **occurrence**, Defendant Julopsy Destine was **your** employee, statutory employee, or agent acting within the course and scope of his employment or agency for **you** such that **you** are vicariously liable or liable under the doctrine of respondeat superior for his acts and/or omissions? Please state "Yes" or "No." If **your** answer to

this interrogatory is in any way in the affirmative and **you** contest *respondeat superior* or vicarious liability for the acts or omissions of Defendant Julopsy Destine, please state all facts that **you** contend support **your** response.

8.

Please state whether **you** admit that Defendant Julopsy Destine was negligent and was a proximate cause of the **occurrence**. If **your** answer is in any way in the negative, please explain the basis for contesting negligence. Also, if **you** contend that another **person** or entity caused or contributed to the **occurrence**, including but not limited to **Plaintiffs**, please state the **person** or entity and how they caused or contributed to the **occurrence**.

9.

Please **identify** the following **persons** as of the date of the **occurrence** and at present:

(a) **Your** Safety Director;

(b) **Person(s)** most knowledgeable for training employees/drivers;

(c) **Person(s)** most knowledgeable for interviewing, hiring, qualifying, and making retention decisions concerning employees/drivers, and specifically Defendant Julopsy Destine;

(d) **Person(s)** responsible for supervising Defendant Julopsy Destine;

(e) **Person(s)** responsible for investigating or performing any reporting function relating to any accidents or collisions involving a company vehicle;

(f) **Person(s)** responsible for investigating or performing any reporting function relating to the **occurrence**; and

(g) **Person(s)** responsible for ensuring that Defendant Julopsy Destine completed drug and alcohol testing after the **occurrence**.

10.

Was Defendant Julopsy Destine subjected to any drug and/or alcohol test at any point on the date of the **occurrence**, or in the thirty-two (32) hours after the **occurrence**? If **your** answer is in any way in the affirmative, please **identify** the type(s) of test(s) given, the entity performing the test(s), and the results of each test.

11.

Please describe all efforts **you** took to qualify Defendant Julopsy Destine and investigate his criminal background and driving history before allowing him to drive one of **your** vehicles.

12.

Please **identify** all **persons** that to **you** or **your** representative's knowledge, information, or belief:

(a) Were eyewitnesses to the **occurrence**;

(b) Have photographs taken from the scene of the **occurrence**;

(c) Went to the scene of the **occurrence** on the date of the **occurrence** on **your** behalf, and for each **person identified**:

i. The time at which they arrived and left the scene of the **occurrence**;

ii. Any **persons** they spoke to at the scene of the **occurrence** on the date of the **occurrence**, including a description of their statements; and

iii. A description of all photographs they took at the scene of the **occurrence**.

(d) Have or may have any knowledge or information concerning the **occurrence** or any other issues involved in this lawsuit who were not **identified** in subparts (a), (b), and (c).

13.

Please state whether any of the **persons** identified in response to the previous interrogatory have given any statement(s) or account(s), whether orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please **identify** any witness(es) giving such statement(s), provide an explanation of the type statement(s) given (oral, written, recorded, etc.), and **identify** who took the statement(s) and the present custodian of such statement(s).

14.

If **you**, Defendant Julopsy Destine, and/or the vehicle he was operating at the time of the **occurrence** are covered by any liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage for the claims made in this lawsuit, please state the name of each insurance company issuing the policy, the applicable liability limits concerning each policy, the named insured(s) under each policy, all applicable policy numbers, and whether the defense of this matter has been undertaken subject to any reservation of rights by any such insurer.

15.

Please **identify** all employees, managers, officers, investigators, mechanics, adjusters, claims representatives, experts, and other **persons** acting on **your** behalf who have investigated the **occurrence**, examined any of the vehicles or equipment involved, or has in any way investigated the claims made in this lawsuit on behalf of **you**, **your** attorneys, or **your** insurers, and specify for each such **person** when he or she conducted his or her investigation and provide a summary of what was investigated.

16.

Please **identify** every employee, supervisor, and representative of **yours** that met with Defendant Julopsy Destine as a result of this **occurrence**. Please also state the date and the topic of each meeting.

17.

Please **identify** every **document** that references the **occurrence**, including but not limited to internal letters, accident review board findings, or other investigations. For each such **document**, please **identify** the author, state the date it was written, **identify** all persons who were copied on or received it, and **identify** the present place it is located.

18.

Please **identify** every **person** employed by **you** or acting on **your** behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted **Plaintiff** or **Plaintiff's** family from the time of the **occurrence** up to and including the date of trial. If no attempt to contact **Plaintiff** has been made, please state that fact affirmatively. For each contact or attempted contact, however, please provide the date, time of day, **person** contacted, the reason for the contact, the topics discussed, the **person** who made the decision to contact or attempt to contact, and the duration of the contact, as well as whether anything was recorded with or without the knowledge of the **person** contacted.

19.

For the commercial vehicle that was involved in the **occurrence**, please **identify** the manufacturer, make, model, year, and Vehicle Identification Number (VIN), the **person** or entity to whom the vehicle was titled as of the date of the **occurrence** and at present, and the present location of the vehicle. Please list all states this vehicle was driven in since the time of ownership.

20.

Please **identify** the names of the **persons** involved, the location, the date, and a detailed description of the incident for each collision over the past five years in the state of Georgia in which it was alleged by any person or entity that **your** driver or a driver of **your** fleet vehicle was at fault, had violated Rules of the Road, or had violated any Federal Motor Carrier Safety Regulation, and caused an injury or death. If a lawsuit had been filed, please state the court and civil action number of the filing.

21.

Please **identify** all records, including but not limited to contracts of service, billing statements, invoices, and itemized statements for any cell phone, car phone, pager, QUALCOMM system, or other communication devices, and any GPS device which Defendant Julopsy Destine and/or **you** owned, had access to, or used on the date of the **occurrence**.

22.

Please **identify** every safety manual, policy and procedure handbook, guideline, employment handbook, or any other **documents** regarding driver safety, **your** policies and procedures, or expectations **you** have of **your** drivers, that Defendant Julopsy Destine was either given or was made available to him by **you**, whether it be at the time he was hired or any time after being hired. Please also state when each item became available to him.

23.

Please **identify** the date that **you** first anticipated litigation arising from the **occurrence**.

24.

Please **identify** all of the **practitioner(s) and institution(s) of the healing arts** who treated **Plaintiffs** and the dates of each treatment **you** have any knowledge of, regardless of whether

treatment was received as a result of this **occurrence** or if the treatment occurred before or after the **occurrence**.

25.

Please **identify** the name and address of all expert witnesses or professional consultants retained or consulted by **you** or on **your** behalf to make an evaluation or investigation of the cause of the **occurrence** or any damages resulting from it.

26.

Please provide the name, telephone number, and address of each expert witness or professional consultant retained or consulted by **you** or on **your** behalf to make an evaluation or investigation of the cause of the **occurrence** or the damages sustained by **Plaintiff**. With respect to each **person**, please state:

(a) The specific subject matter on which **you** expect the expert to testify;

(b) The substance of the facts, opinions, and conclusions which **you** expect the expert to testify;

(c) The grounds for each opinion or conclusion;

(d) Whether the expert has prepared or provided **you** with a written or recorded statement or report concerning the expert's investigation or study, or the facts found by the expert, or the conclusions or opinions arrived at by the expert, or the grounds of the expert's opinions or conclusions. If so, please state the date of each report or statement and the names and addresses of all **persons** who have a copy of each report or statement; and

(f) Whether the expert has ever been limited in his ability to testify or ever been denied qualifications under a *Daubert* standard.

27.

Please **identify** all meetings and each **person** that attended each meeting during which the **occurrence** was reviewed or discussed. If there were any **documents**, **diaries**, illustrations, or tangible items discussed, reviewed, or created at these meetings or review boards, please specifically describe each and every **document**, **diary**, illustration, or other tangible item.

28.

Please **identify** all **documents**, **diaries**, letters, diagrams, incident reports, or any other tangible items that were drafted in regard to the **occurrence**, regardless of the reason.

29.

Please state Defendant Julopsy Destine's employment status with **you**. If he is or has ever been suspended and/or terminated, please state the reasons for the suspension and/or termination.

30.

Please state whether **you** have or have ever had a telephone number posted on any of the vehicles in **your** fleet so that a **person** can call **you** for comments or complaints about **your** drivers. If the answer is in the affirmative, please **identify** the **person** that maintains the data pertaining to those calls.

31.

**Identify** all records, receipts, instructions, requests for reimbursement, or any other **document** or tangible item that is evidence of any trip that Defendant Julopsy Destine took on **your** behalf during the months of June 2022 and July 2022.

32.

If any of your responses to **Plaintiff**'s Requests for Admissions is anything other than an unqualified admission, please identify the Request and state the factual basis for denying that Request.

33.

State whether **you** contend any mechanical defects to Defendant Julopsy Destine's commercial vehicle caused or contributed to the **occurrence**. If **your** answer is "yes," please identify the specific mechanical defect **you** contend caused or contributed to the subject incident.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** <br><br> **Defendants.** | ) | **CIVIL ACTION FILE NO.** <br> ______________________ |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT JULOPSY DESTINE**

Pursuant to O.C.G.A. §§ 9-11-26 and -33, Plaintiff requests that Defendant Julopsy Destine ("Defendant") answer the following interrogatories under oath in the time and manner required by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**“Document(s)”** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

“**Identify”** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to “documents,” to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refer to Defendant Julopsy Destine, including his agent(s), representative(s), officer(s), employee(s), insurer(s), and attorney(s).

## Instructions

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed before the time for responding to the subject discovery requests. *See, e.g., Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

## Interrogatories

1.

Please **identify** all **persons** who are supplying information to respond to these Interrogatories and to **Plaintiff**'s Requests for Production of Documents.

2.

Please provide **your** full name, **your** present residence address, **your** date of birth, **your** Social Security number, the name of **your** present employer and **your** job title, the name of **your** employer on the date of the **occurrence**, and all other names by which **you** have been known throughout **your** lifetime, including the dates that **you** were known by those names.

3.

Please provide all addresses at which **you** have resided in the past ten (10) years and the dates of each residency, including all addresses where **you** regularly resided at least a few days per month, had a key, received mail, and/or could come and go as **you** pleased.

4.

If **you** contend that **Plaintiff** or any nonparty acted or failed to act in a manner that caused or contributed to the **occurrence**, please **identify** the person or entity, set forth the facts upon which **your** contention is based, and state in detail the allegations of negligence, including all United States statues, state statutes, city ordinances, country ordinances, and all other governmental laws, rules, or regulations which **you** contend **Plaintiff** and/or the nonparty violated.

5.

Do **you** claim that the **occurrence** was in any way caused by a mechanical defect or malfunction of **your** vehicle? If so, please state the details of the defect or malfunction, when **you** first had knowledge of it, and how **you** believe it contributed to the **occurrence**.

6.

Please detail **your** activities for the forty-eight (48) hours preceding the **occurrence**. Specifically, please state the number of hours **you** had worked and slept, and whether **you** consumed any alcoholic beverages of any type, or any sedative, tranquilizer, or other drug, medicine, or pill, whether illegal or legal, prescription, or over the counter. Please also **identify** anyone who can confirm these activities by providing their names, addresses, and phone numbers.

7.

Did **you** receive a traffic citation or warning as a result of the **occurrence**? If so, please state the statute number and name of the violation listed on the citation, and provide the date, place, and manner of disposition of the citation.

8.

Please describe in narrative detail the events surrounding the **occurrence**, including but not limited to a description of how, when, and where it occurred. Please include in your narrative a description of what **you** believe caused the **occurrence**. If **you** were driving for an employer, please begin your narrative when **your** trip began and including the time, location, and all destinations and stops from the time **you** began **your** trip until the time of the **occurrence**. Please also describe the events that transpired in the seventy-two (72) hours after the **occurrence**, including whether **you** had any meetings with **your** employer and who was present at those meetings.

9.

Have **you** ever been drug tested? If so, please list the facility, the date, and the results of each test.

10.

Please state whether **you** had any physical disabilities whatsoever at the time of the **occurrence**, and if so, describe them.

11.

With respect to the day of the **occurrence**, please state:

(a) The origin of **your** trip;

(b) **Your** intended destination;

(c) What time **you** were planning to reach **your** intended destination;

(d) What time **your** trip was scheduled to begin in order to reach **your** intended destination at the intended time;

(e) What time **you** actually began **your** trip;

(f) The total number of miles the trip was supposed to cover; and

(g) Whether **you** made any stops between the start of the trip and the time of the **occurrence**.

12.

Please state the nature and purpose of **your** trip, and if the trip was work-related, state the name of **your** supervisor, the name of the **person** who instructed **you** to make the trip, and what **you** intended to do upon reaching **your** destination.

13.

Did **you** have a valid driver's license at the time of the **occurrence**? If so, please state the following for each:

(a) The type of license (commercial or otherwise);

(b) The state of issue;

(c) Whether there are/were any restrictions;

(d) The nature of any such restrictions; and

(e) Whether your driver's license has ever been suspended or revoked.

14.

Have **you** ever been arrested or convicted of a crime (other than traffic offenses)? If so, please **identify** each occurrence, date of arrest, the court in which any criminal proceeding against **you** was held, and the disposition of each charge if applicable, including the terms of **your** probation and/or other types of sentencing. *See Lewis v. State*, 243 Ga. 443 (1979); *Hightower v. General Motors Corp.*, 175 Ga. App. 112 (1985).

15.

If **you** have ever been a party to a lawsuit, including a claim for workers' compensation or a bankruptcy proceeding, please **identify** the **person** involved and provide the style and number of the case, the nature of the litigation, the role **you** or **your** family member had in the matter (plaintiff, defendant, etc.), and the court or administrative body before which the suit was filed.

16.

Please list all violations of motor vehicle or traffic laws or ordinances to which **you** have ever pleaded guilty or nolo contendere or of which **you** have been found guilty, the date of such offense, the court in which each case was heard, and the nature of the violation charged.

17.

For every communication device (cell phone, tablet, or any type of hardware capable of transmitting data, instructions, and information between a sending device and a receiving device) to which **you** had access on the day of the **occurrence**, please state:

(a) The name and address of the company that provided the mobile service for that communication device;

(b) The telephone number or other identifying communication device number;

(c) The **person** who owned the communication device;

(d) The type of communication device;

(e) The **person** in whose name the cellular service account for that communication device was held;

(f) Whether **you** used this device to take any photographs, videos, or audio recording at the scene of the **occurrence**; and

(f) The names and telephone numbers of all **person**s **you** called or texted within two (2) hours before and two (2) hours after the **occurrence**.

18.

**Identify** the name, address, and telephone number of all **persons** that to **your** knowledge, information, or belief:

(a) Were interviewed in relation to the **occurrence;**

(b) Were eyewitnesses to the **occurrence**;

(c) Have photographs taken from the scene of the **occurrence**;

(d) Any employee, representatives or agent of any **Defendant** that went to the scene of the subject **occurrence** on the date of the **occurrence**;

i. For any **person identified** in subpart (c), state the time at which they arrived and left the scene of the subject **occurrence**;

ii. For any **person identified** in subpart (c), state the name, address, and telephone number of any **person** they spoke to on the scene of the subject **occurrence** on the date of the **occurrence**, and describe their statements; and

iii. For any **person identified** in subpart (c), describe all photographs they took on the scene of the subject **occurrence**; or

(e) Have or may have any knowledge or information concerning the subject **occurrence** or any other issues involved in this lawsuit who were not **identified** in subparts (a), (b), and (c).

19.

Please state whether any of the **persons** identified in response to the previous interrogatory have given any statement(s) or account(s) to **you**, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please **identify** any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and **identify** the **person** who took the statement and the present custodian of such statement(s), and provide their phone number, age, address, occupation, and place of employment.

20.

Please describe all **documents**, letters, incident reports**,** or any other tangible item **you** viewed or created in regard to this **occurrence**. This includes, but is not limited to, all **documents**, statements, photographs, or any other tangible item shown or given to **you** by **your** employer or that **you** showed and/or gave to **your** employer.

21.

Please provide the names, last-known addresses, places of employment, job classifications, and present whereabouts of all expert witnesses, professional consultants, agents, servants, employees, representatives, private investigators, or others who evaluated or investigated the **occurrence** or the damages resulting from the **occurrence** on **your** behalf.

22.

Please provide the name, telephone number, and address of each expert witness or professional consultant retained or consulted by **you** or on **your** behalf to make an evaluation or investigation of the cause of the **occurrence** or the damages sustained by **Plaintiff**. With respect to each **person**, please state:

(a) The specific subject matter on which **you** expect the expert to testify;

(b) The substance of the facts, opinions, and conclusions which **you** expect the expert to testify;

(c) The grounds for each opinion or conclusion;

(d) Whether the expert has prepared or provided **you** with a written or recorded statement or report concerning the expert's investigation or study, or the facts found by the expert, or the conclusions or opinions arrived at by the expert, or the grounds of the expert's opinions or conclusions. If so, please state the date of each report or statement and the names and addresses of all **persons** who have a copy of each report or statement; and

(f) Whether the expert has ever been limited in his ability to testify or ever been denied qualifications under a *Daubert* standard.

*See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to *all* expert witnesses including all **practitioners of the healing arts**. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in **your** answer to this interrogatory.

23.

Please **identify** each **communication you** had with **Plaintiff** or their agents at the time of the **occurrence** or at any time thereafter.

24.

Please describe with particularity all **documents,** photographs, charts, diagrams, videotapes, medical records, medical bills, illustrations of any **person**, place, or thing involved in this lawsuit, and other tangible things, giving the date each was made and the name and address of each **person** having possession, custody, or control of each item.

25.

Please **identify** all medical providers that **you** believe **Plaintiff** has received care from, both before and after the **occurrence**, and all medical records, bills, radiographs, and any other **documents** related to the care **Plaintiff** received that are in **your** possession, custody, or control.

26.

Please provide the name of each insurance carrier that may provide coverage for damages resulting from the **occurrence** (regardless of whether **you** believe the company will provide such coverage), and for each, please state:

(a) The effective dates of coverage;

(b) The policy number and/or claim number;

(c) The policy limits; and

(d) Whether the insurance company is defending **you** under a reservation of rights.

27.

With respect to the vehicle **you** were driving at the time of the **occurrence**, please:

(a) **Identify** each **person** and/or entity that held an ownership interest in the vehicle;

(b) **Identify** each **person** who made the vehicle available for **your** use; and

(c) Describe with particularity the circumstances under which **you** used the vehicle on the day of the **occurrence** and the general circumstances under which **you** had used the vehicle previously.

28.

Please list all **documents**, photographs, medical records, and any other tangible items that **you** believe could potentially be used in an attempt to impeach **Plaintiff**.

29.

Please **identify** every **person you** spoke to about the **occurrence** within seventy-two (72) hours after the **occurrence**, including but not limited to supervisors, coworkers, dispatchers, friends, and family members. Please include a title, address, and phone number for each **person identified**.

30.

Please **identify** all meetings **you** had with **your** employer or its agents regarding the **occurrence**, and for each meeting **identified**, please list:

(a) Who was present;

(b) All **documents**, **diaries**, photographs, and other items reviewed, filled out, or discussed; and

(c) All topics discussed.

31.

Please describe all **documents**, letters, occurrence reports, and any other tangible items **you** viewed or created regarding the **occurrence**.

32.

If **you** or anyone acting on **your** behalf have placed **Plaintiff** under surveillance at any time since the **occurrence**, please state:

(a) The name, address, and telephone number of each **person** performing the surveillance;

(b) The dates of the surveillance;

(c) The form of the surveillance (e.g., motion pictures, still pictures, observation, tape recorders, etc.); and

(d) Who has possession of the results of the surveillance.

33.

Have **you** or anyone acting on **your** behalf posted (or replied to any post) on any social media websites or blogs (including but not limited to Facebook, LinkedIn, TikTok, Tumblr, Twitter, Reddit, Discord, YouTube, Instagram, Myspace, Pinterest, and/or WordPress, etc.) relating to:

(a) The **occurrence**;

(b) Any injuries (or absence of injuries) **you** suffered from the **occurrence**; or

(c) Any impairment (or absence of impairment) of **your** ability to work or be active because of the **occurrence**?

If so, please do not destroy or delete any such posts; instead, please state when and on which social media websites or blogs the posts were made.

*[Signature on following page]*

This 31st day of May, 2024.

**WERNER LAW, LLC**

_______________________________

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | ______________________ |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY**

Pursuant to O.C.G.A. §§ 9-11-26 and -33, Plaintiff requests that Defendant National Continental Insurance Company ("Defendant") answer the following interrogatories under oath in the time and manner required by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to National Continental Insurance Company, including its agent(s), representative(s), officer(s), employee(s), insurer(s), and attorney(s).

**Instructions**

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests. *See, e.g., Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

**Interrogatories**

1.

Please **identify** all **persons** who are supplying information to respond to these Interrogatories and to **Plaintiff's** Requests for Production of Documents.

2.

Please **identify** all **persons** who in any way owned or leased the vehicle Defendant Julopsy Destine was driving at the time of the **occurrence**.

3.

Who was Defendant Julopsy Destine working for at the time of the **occurrence?** If **you** deny that Defendant Julopsy Destine was acting within the course and scope of his employment with Defendant ARO Trans, LLC at the time of the **occurrence**, please clearly state the denial and provide a detailed basis for it.

4.

Please **identify** any **person you** believe should be a party and/or **you** believe caused or contributed to any of the injuries sustained by **Plaintiff** that are in any way related to the **occurrence**, including the basis for your belief.

5.

Please describe in full detail any efforts **you** made to investigate the **occurrence**.

6.

Please provide the name, address, and telephone number of each witness that has knowledge regarding the **occurrence** or of any fact or circumstance regarding the **occurrence**, and for each witness, please state the following:

(a) Whether the witness investigated any aspect of the **occurrence**, and whether each made a written record of the investigation;

(b) Whether the witness was an eyewitness to the **occurrence**;

(c) Whether the witness is or was an employee of Defendant ARO Trans, LLC, and if so, their job title, whether they were a manager or supervisor, and whether they were working at the time of the **occurrence**;

(d) Whether **you** obtained a statement (oral, written, recorded, court or deposition transcript, etc.) from the witness. If **you** did obtain statements, please provide the name of each **person** giving each statement, the name and address of each **person** or entity taking each statement, the date each statement was taken, and the name and address of each **person** having possession, custody, or control of each statement.

7.

Please provide the name, telephone number, and address of each expert witness or professional consultant retained or consulted by **you** or on **your** behalf to make an evaluation or investigation of the cause of the **occurrence** or the damages sustained by **Plaintiff**. With respect to each **person**, please state:

(a) The specific subject matter on which **you** expect the expert to testify;

(b) The substance of the facts, opinions, and conclusions which **you** expect the expert to testify;

(c) The grounds for each opinion or conclusion;

(d) Whether the expert has prepared or provided **you** with a written or recorded statement or report concerning the expert's investigation or study, or the facts found by the expert, or the conclusions or opinions arrived at by the expert, or the grounds of the expert's opinions or conclusions. If so, please state the date of each report or statement and the names and addresses of all **persons** who have a copy of each report or statement; and

(f) Whether the expert has ever been limited in his ability to testify or ever been denied qualifications under a *Daubert* standard.

8.

Please state the factual basis for each defense that **you** assert in this action, including any service defenses.

9.

For each insurance agreement providing coverage for the **occurrence**, please state the name and address of each insurer, the primary carrier, the amount of coverage for each insurer, and any conditions upon which the insurer has purported to reserve its rights to decline coverage.

10.

Please list every application or other **document** that any Defendant filled out (or had filled out on their behalf) to be insured by **you.**

11.

Please **identify** all emails exchanged between any Defendants' agents, officers, managers, employees, or anyone acting on Defendants' behalf regarding any facts, witnesses, liability, damages, or other matters in any way related to the **occurrence**, including but not limited to emails regarding the vehicle at issue, Defendant Julopsy Destine, his employment, his training, his job performance, his driving, and any disciplinary actions involving him. Please include the date, recipients, and author for each email, along with an identification and description of the email. Please also state whether an inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding this matter.

12.

Please **identify** all employees, managers, officers, investigators, adjusters, claims representatives, experts, or other **persons** acting on **your** behalf who have investigated this collision, examined any of the vehicles or equipment involved, or in any way investigated the claims made in this lawsuit on behalf of Defendants, Defendants' attorneys, or Defendants' insurers, and specify for each such **person** when the investigation was conducted and a summary of what they investigated. This includes taking statements.

13.

Please **identify** each **person** employed by **you** or acting on **your** behalf (agents, insurers, attorneys, or other representatives) who attempted to contact or actually contacted **Plaintiff** or **Plaintiff's** family from the time of the **occurrence** up to and including the date of trial. If no attempts to contact **Plaintiff** have been made, please state that fact affirmatively. For each contact or attempted contact, however, please provide the date, time of day, **person** contacted, the reason for the contact, the topics discussed, the **person** who made the decision to contact or attempt to

contact, and the duration of the contact, as well as whether anything was recorded with or without the knowledge of the **person** contacted.

14.

Please list and describe any requirements or programs **you** offered for any Defendant to be insured by **you** or to lower the cost of the insuring policy.

15.

Please describe in detail any settlement, agreement, deal, or other understanding of any kind, tentative or reached with any **person**, firm, corporation, partnership, insurer, or legal entity with respect to this lawsuit (oral, written, or otherwise).

16.

Please list all indemnification that **you** may be seeking, including the basis for the indemnification and from whom **you** are seeking it.

17.

Please state the date that **you** first anticipated litigation arising from the **occurrence**.

18.

If **you** or anyone acting on **your** behalf have placed **Plaintiff** under surveillance at any time since the **occurrence**, please state:

(a) The name, address, and telephone number of each **person** performing the surveillance;

(b) The dates of the surveillance;

(c) The form of the surveillance (e.g., motion pictures, still pictures, observation, tape recorders, etc.); and

(d) Who has possession of the results of the surveillance.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | ______________________ |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT ARO TRANS, LLC

Pursuant to O.C.G.A. §§ 9-11-26 and -34, Plaintiff requests that Defendant ARO Trans, LLC ("Defendant") produce all documents and things in its possession, custody, or control that are responsive to the following requests in the time and manner required by law. Additionally, pursuant to O.C.G.A. § 24-13-27, Plaintiff serves this notice to produce on Defendant.

## Definitions

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to ARO Trans, LLC, including its agent(s), representative(s), officer(s), employee(s), insurer(s), and attorney(s).

**<u>Instructions</u>**

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests. *See, e.g., Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

**Requests for Production**

1.

All statements from **Plaintiff**, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any **person**, place, or thing involved with or having any relationship to this lawsuit.

3.

All **documents** setting forth the relationship between **you** and Defendant Julopsy Destine, including but not limited to leases, employment contracts, agreements, memoranda, and the like.

4.

Defendant Julopsy Destine's entire employment file, including his driver qualification file, driver investigation file, driver history file, and all **documents** that demonstrate compliance with federal and state driver qualification laws and regulations. This should include any and all drug and alcohol testing, background checks, MVRs, medical certificates, training and problems encountered with this driver. The requested **documents** include, but are not limited to, all **documents** required by the Federal Motor Carrier Safety Regulations, 49 CFR § 391, and the state equivalent. If any otherwise responsive **documents** have been removed from **your** qualification file, they should still be produced.

5.

Defendant Julopsy Destine's entire employment file, to the extent not already produced in response to previous requests, including but not limited to:

(a) Application;

(b) List of previous employers for the ten (10) years preceding the date of application;

(c) The reasons for leaving previous employment;

(d) Medical examiner's certificate, including DAV report;

(e) A note showing who reviewed Defendant Julopsy Destine's driving record with him for each year of employment and when the reviews were conducted;

(f) Annual review of driving history;

(g) A list of certificates showing all of Defendant Julopsy Destine's violations of motor vehicle laws and ordinances;

(h) HAZMAT or other training documents;

(i) Responses from state agencies and employers about:

 (i) Defendant Julopsy Destine's employment and driving records;

 (ii) Certificate of road test; and

 (iii) Records of drug and alcohol tests;

(j) Suspensions, probation, or other remedial measures taken by **you** or others regarding Defendant Julopsy Destine's; and

(k) Color copies of all pages of the actual folder whether digital or physical which contains the file.

6.

Copies of all **documents** that relate to any pre-employment background investigation of Defendant Julopsy Destine, including, without limitation, any investigation of Defendant Julopsy Destine's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with **you**. This specifically includes all dates and information obtained through FMCSA's Pre-Employment Screening Program and Drug & Alcohol Clearinghouse.

7.

All **documents** that relate to **your** hiring of Defendant Julopsy Destine.

8.

All **documents** that relate to any orientation or training provided by **you** to Defendant Julopsy Destine, including but not limited to all **documents** that show when and where the training was provided, who provided it, and all materials used for training.

9.

All quizzes, tests, and/or assessments ever given to Defendant Julopsy Destine by **you** or on **your** behalf at any time. An answer key should also be provided.

10.

A copy of any certificate of a driver's road test completed by the **person** who tested Defendant Julopsy Destine on **your** behalf.

11.

All application **documents** completed or submitted by Defendant Julopsy Destine.

12.

All **documents** (a) explaining how Defendant Julopsy Destine was compensated for the one-month period leading up to and including the date of the **occurrence** and extending one week after the date of **occurrence**; and (b) showing any detention of wages over the same time period.

13.

All **documents** placing **you** or **your** employee/agent on notice of any violation by Defendant Julopsy Destine of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

14.

All **documents** relating to blood, urine, hair, or any other type of drug or alcohol testing of Defendant Julopsy Destine, including but not limited to pre-employment, random, and post-accident drug and alcohol testing.

15.

All alcohol test forms, controlled substance chain or custody forms, **documents** relating to Defendant Julopsy Destine's refusal to submit to testing, and **documents** supplied by Defendant Julopsy Destine to dispute test results.

16.

All educational materials that were given to Defendant Julopsy Destine explaining drug and alcohol testing regulations, including all **documents** Defendant Julopsy Destine signed to acknowledge receipt of the materials.

17.

All **documents** relating to any violation of any of **your** safety rules, procedures, policies, guidelines, and/or principles by Defendant Julopsy Destine at any time, including all **documents** relating to retraining in relation to Defendant Julopsy Destine's violation of **your** safety rules, procedures, policies, guidelines, and/or principles.

18.

Copies of all **documents** that relate to any action (formal or informal) taken by any supervisor or manager or anyone working for **you** or on **your** behalf for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing Defendant Julopsy Destine regarding the safe operation of a commercial motor vehicle.

19.

All accident reports, **occurrence** reports, records, memoranda, investigations, inquiries, studies, or documents of any other kind or by any other name concerning any disciplinary actions, work evaluations, performance evaluations, or other information regarding Defendant Julopsy Destine's work habits and driving abilities or habits.

20.

All **documents** in **your** possession related to any motor vehicle collision and/or accident of any kind in which Defendant Julopsy Destine has been involved.

21.

All **documents** related to any complaint, criticism, or concern raised by any **person** or entity regarding Defendant Julopsy Destine's driving and/or safety performance, including but not limited to customer complaints and call-ins by motorists, either to **you** directly or to any service utilized by **you**.

22.

All **documents** reflecting usage and billing for the time period beginning forty-eight (48) hours before the **occurrence** and ending forty-eight (48) hours after the **occurrence** for each **communication** device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, electronic devices, etc.) that was in the vehicle Defendant Julopsy Destine was driving at the time of the **occurrence**. This includes all devices, regardless of whether Defendant Julopsy Destine owned the device and regardless of whether **you** claim the device was in use at the time of the **occurrence**.

23.

All **documents** prepared by Defendant Julopsy Destine that describe the subject **occurrence** or the circumstances leading up to the subject **occurrence**.

24.

All statements (written, recorded, etc.) from **you**, **your** agents, **your** representatives, **your** employees, and **your** former employees that concern the **occurrence** or are relevant to the subject matter involved in this lawsuit.

25.

All **communications** or statements (written, recorded, etc.) from other **persons** that concern the **occurrence** or are relevant to the subject matter involved in this lawsuit.

26.

All **documents** related to judicial, quasi-judicial, or administrative hearings concerning the **occurrence**.

27.

All settlement agreements wherein **you** have arrived at a settlement or agreement between **you** and any other **person**, regardless of whether a party to this lawsuit, regarding or pertaining to the **occurrence** or any damages resulting therefrom.

28.

All **documents** evidencing any evaluation of the driving abilities, safety, and/or performance of Defendant Julopsy Destine that have not been produced in response to other requests.

29.

All forms or reports completed by **you** or **your** employee(s)/agent(s) during the entire length of Defendant Julopsy Destine's employment and relating to the annual review of Defendant Julopsy Destine and/or his driving record.

30.

All requests **you** submitted to any state agency or other entity requesting a copy of the driving and criminal records for Defendant Julopsy Destine and everything **you** received in response to those requests and any related **communications**.

31.

The result of any request for information directed to any previous employers of Defendant Julopsy Destine.

32.

The entire personnel, human resource, discipline, and/or all other employment files pertaining in any way to Defendant Julopsy Destine.

33.

A complete copy of the contents of every file (whether maintained physically or electronically), regardless of what the file is called, regarding Defendant Julopsy Destine, that has not been produced in response to other requests.

34.

All **your** policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect and applied to Defendant Julopsy Destine at the time of the **occurrence**, including but not limited to those policies relating to:

(a) Working for or with **you** generally (e.g., employee manual or handbook);

(b) Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

(c) Operation of a commercial motor vehicle;

(d) Operation of a commercial motor vehicle equipped with a manual transmission;

(e) Driving safety;

(f) Defensive driving;

(g) Compliance with federal and state laws and regulations;

(h) Accident investigation;

(i) Accident review boards;

(j) Determination of preventability of accidents;

(k) Hiring, training and supervising drivers; and

(l) Disciplinary actions.

35.

All **documents** that Defendant Julopsy Destine signed to prove that he received and/or agreed to be bound by any of **your** policies, procedures, rules, guidelines, and/or standards.

36.

A complete copy of, or in the alternative, access to each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, driver diagnostic record or test, maintained by **you** or used by **you**, **your** personnel, agents, or employees on **your** behalf during the year of the **occurrence** and three (3) years prior.

37.

All industry and/or other guidelines and/or practices that **you** rely upon to support **your** contentions in this case.

38.

To the extent not produced in response to other requests, all **documents** that demonstrate what Defendant Julopsy Destine was doing for the time period beginning seven (7) days before the **occurrence** and ending two (2) days after the **occurrence**. The requested **documents** include all **documents** that a motor carrier division officer might use to audit the logs of a driver, including but not limited to:

(a) All **documents** evidencing hours of service not produced in response to previous requests;

(b) All **documents** that could be used to check the accuracy of Hours of Service logs and/ or timesheets;

(c) All **documents** related to trips (including driver's trip envelopes, load documents, loading and unloading records, delivery records, instructions, weight and scale records, mileage reports, receipts for food, tolls, lodging, permits, as well as any and all reports/summaries of any kind referencing the above information);

(d) All **documents** evidencing any and all stops; and

(e) All driver call-in reports and any other documentation of any **communications** between **you** and Defendant Julopsy Destine.

39.

The following **documents** for the tractor-trailer driven by Defendant Julopsy Destine on the day of the **occurrence:**

(a) Title;

(b) Registration;

(c) All **documents** evidencing maintenance, repairs, and/or modifications performed on the vehicle at any time within one (1) year before the **occurrence**;

(d) All **documents** evidencing any repairs made to the vehicle as a result of the **occurrence** (including insurance submissions);

(e) All leases involving the vehicle; and

(f) **Documents** evidencing mileage, gross weight, and actual weight at time of the **occurrence**.

40.

If any data is available (regardless of whether it has been downloaded or retrieved) from the vehicle driven by Defendant Julopsy Destine on the day of the **occurrence** or any part or system from the vehicle (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), power steering unit, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format.

41.

All emails and other **communications** between Defendant Julopsy Destine and **you** regarding the **occurrence**.

42.

All **communications** and transmissions between **you** or **your** employee(s)/agent(s) and Defendant Julopsy Destine that were transmitted through any on-board system of the vehicle involved in the **occurrence** on the day of the **occurrence**.

43.

If the vehicle involved in the **occurrence** was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

44.

To the extent not produced in response to previous requests, all data that was recovered from the vehicle involved in the **occurrence** and/or anything inside or connected to any part or system of the vehicle involved in the **occurrence** from the date of the **occurrence**.

45.

All out-of-service reports or violations concerning the vehicle involved in the **occurrence** from the period beginning one year prior to the **occurrence** through the present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

46.

All **documents** evidencing damage to any vehicle or other property as a result of the **occurrence**, including but not limited to repair estimates, appraisals, purchase invoices, repair bills, checks or drafts reflecting payment for repair or replacement, and any other **documents** concerning or establishing the value of any item of property before or after the **occurrence**.

47.

All **documents** given to any **person** or entity, including any insurance company, in return for payment, in whole or in part, for property damage related to the **occurrence**, e.g., loan receipt(s), release(s), assignment(s), etc.

48.

Copies of checks paid by **you** for any reason to any **person** in payment of claims asserted as a result of the **occurrence**.

49.

All **documents** constituting or related to any insurance policies, bonds, or instruments of indemnity issued to or for **you**, Defendant Julopsy Destine, or any other entity or individual affording any sort of liability or indemnity coverage at any time which may be available or liable to satisfy part or all of any judgment which may be entered in any action arising from the **occurrence** or to indemnify or reimburse any payments made to satisfy such judgment, including but not limited to the actual insurance policies, it being essential that the papers produced in connection with this request show the liability limits and all insureds under all instruments produced.

50.

All medical reports, hospital records, letters, office notes, or other **documents** prepared by physicians or other **practitioners of the healing arts**, or by hospitals, clinics, or other institutions that treated or evaluated Defendant Julopsy Destine.

51.

All subrogation agreements, notices of claimed subrogation rights by others, assignments of claims to others, workers' compensation liens, hospital liens, and other **documents** concerning subrogation claims related to the **occurrence**.

52.

All Driver Vehicle Inspection Reports (DVIRs) for the vehicle involved in the **occurrence** from the week after the **occurrence**, the day of the **occurrence**, and the seven months prior to the **occurrence**.

53.

All other inspection reports not produced in response to other requests, including but not limited to pre- and post-trip inspections and trip reports, for the three months prior to the **occurrence** for the vehicle involved in the **occurrence**.

54.

All MCS-50 T reports prepared as a result of the **occurrence**.

55.

All **documents** reflecting the mileage of the vehicle involved in the **occurrence** at the time of the **occurrence**.

56.

All **documents** reflecting the manufacturer, model, and identification number for the vehicle involved in the **occurrence**.

57.

All **documents** required under 49 C.F.R. § 395.8 and 49 C.F.R. § 395.11, including but not limited to bills of lading, carrier pros, freight bills, dispatch records, driver call-in records, gate

record receipts, weight/scale tickets, fuel receipts, fuel billing statements, toll receipts, internal registration plan receipts, international fuel tax agreement receipts, trip permits, port of entry receipts, cash advance receipts, delivery receipts, lumper receipts, interchange and inspection reports and all credit card receipts for Defendant Julopsy Destine for the thirty (30) days prior to the date of the **occurrence** and the thirty (30) days after.

58.

All photographs, drawings, and graphic representations of the scene of the **occurrence** or of any instrumentality alleged to have caused damage.

59.

All photographs of the vehicles involved in the **occurrence** at or after the time of the **occurrence**.

60.

All written reports, videotapes, and photographs produced as a result of any surveillance on **Plaintiffs**.

61.

All investigation reports from any governmental agency or private organization relating to the **occurrence**, including but not limited to the Interstate Commerce Commission, the Georgia Public Service Commission, the Georgia State Patrol, the responding police department, or any other governmental or regulatory agency of any kind.

62.

All **documents** or other tangible evidence pertaining to the **occurrence** or that supports or refutes any of **your** contentions.

63.

All **documents** that explain what caused the **occurrence**.

64.

All **documents** assessing preventability of and/or fault for the **occurrence**.

65.

All **documents** constituting evidence relied upon to demonstrate and support facts relevant to this litigation.

66.

All correspondence and other **communications** (including but not limited to email) that **you** or **your** employee(s)/agent(s) have had with any **person** other than **your** attorney involving or relating to the **occurrence**.

67.

All contracts under which **you** were operating the vehicle involved in the **occurrence** at the time of the **occurrence**.

68.

A copy of **your** accident register maintained as required by 49 CFR § 390.15.

69.

All transcripts or recordings of all depositions of **your** corporate designees given in the past five (5) years in cases where it was alleged that a driver working for **you** caused injury or death to another **person**.

70.

All **documents** putting any third party on notice of a claim arising from the **occurrence**.

71.

With respect to each witness who may provide testimony at the trial of this case:

(a) All **documents** and items of any kind produced to the witness by **you** or **your** agents/employees/attorneys; and

(b) All **documents** and items of any kind generated or produced by the witness to **you** or **your** agents/employees/attorneys.

72.

All notes, memoranda, and reports prepared by any expert witness **you** expect to testify at trial, including but not limited to:

(a) All **documents** and items of any kind produced to the expert;

(b) All **documents** and items of any kind generated or produced by the expert;

(c) A copy of the expert's entire file;

(d) A current résumé or curriculum vitae for the expert; and

(e) All billing records and work logs for the expert.

73.

All reports, correspondence, memos, notes, photos, trial exhibits and other **documents** embodying observations, calculations, illustrations, and opinions from accident reconstruction experts, engineers, **practitioner(s) and institution(s) of the healing arts,** or other experts who may testify at trial concerning this **occurrence** or other subject matter involved in this lawsuit.

74.

Copies of all **documents you** obtain pursuant to subpoenas and/or Requests for Production of Documents to non-parties in this case.

75.

All **documents** identified, referenced, or used to answer any of **Plaintiff's** discovery requests or supporting or relating to **Plaintiff's** or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, that there has been an insufficiency of process and/or service of process, including all books, **documents,** and other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which **you** base the allegations in the Answer.

76.

A privilege log identifying each responsive **document** or thing that **you** refuse to produce because of a claim of privilege, setting forth the specific privilege claimed, the date, the general subject matter, the writer/originator, and the recipient/addressee for each such document or thing.

This 31st day May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | ______________________ |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY**

Pursuant to O.C.G.A. §§ 9-11-26 and -34, Plaintiff requests that National Continental Insurance Company ("Defendant") produce all documents and things in its possession, custody, or control that are responsive to the following requests in the time and manner required by law. Additionally, pursuant to O.C.G.A. § 24-13-27, Plaintiff serves this notice to produce on Defendant.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest,

Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name

and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refer to National Continental Insurance Company, including his agent(s), representative(s), insurer(s), and attorney(s).

## Instructions

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that

you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests. *See, e.g., Milholland v.*

*Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery § 4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

**Requests for Production**

1.

All accident reports, **documents**, photographs, charts, diagrams, videos, "dash cams," or depictions of any kind of the **occurrence**, the scene of the **occurrence**, the vehicles involved in the **occurrence**, parts of any vehicles involved in the **occurrence**, and/or any **person** or thing involved in the **occurrence**, or any other event or thing that is relevant to this lawsuit.

2.

All statements and other **communications,** whether recorded, oral, or otherwise, in **your** control or obtained on **your** behalf regarding the **occurrence** or any other event or thing that is relevant to this lawsuit.

3.

All **documents** evidencing, reflecting, relating to, or constituting any **communication** between any Defendant and **Plaintiff** or any third person or entity relating to the **occurrence** or matters involved in this lawsuit, including, without limitation, all correspondence, letters, notes, tapes, memoranda, and any other evidence of **communications** that in any way relate to the **occurrence**.

4.

The original or a certified true and accurate copy of the declaration pages or coverage pages, and all applicable insurance policies, that may provide coverage or benefits to any Defendant in connection with the **occurrence**, including any coverage available to Defendant

Julopsy Destine personally. This request seeks every policy, including excess or umbrella, that may provide coverage in any amount.

5.

All documents and transcripts from any investigation, hearing, or any judicial or quasi-judicial hearing or investigation relating to the **occurrence**. This request includes both internal and third-party investigations.

6.

Copies of the entire file of all experts who (a) have investigated any aspect or element of the **occurrence** or (b) **you** intend to call as a witness, including but not limited to all things relied on by the expert, created by the expert or someone at his direction, bills, reports, memoranda, correspondence, or notes of any kind.

7.

All **documents** and records of any kind created by **you** or at **your** direction, received by **you** from, or submitted by **you** to, law enforcement, the Federal Motor Carrier Safety Administration, the Department of Transportation, or any other state, federal, county, or municipal entity related to the **occurrence**, Defendant Julopsy Destine, or the vehicles involved in the **occurrence**.

8.

All documentary evidence or other tangible evidence which relates or is reasonably calculated to lead to the discovery of relevant or admissible evidence regarding any of **Plaintiff's** claims in this action or Defendants' defenses.

9.

All **documents, communications**, or complaints for all personal injury claims, property damage claims, or litigation resulting from a motor vehicle accident involving one of Defendant ARO Trans, LLC's vehicles prior to the date of the **occurrence**.

10.

All **documents** that **you** receive in response to **your** document requests and subpoenas to nonparties.

11.

All **documents** identified, referenced, or used to answer any of **Plaintiff's** discovery or supporting or relating to **Plaintiff's** or Defendants' contentions of negligence, lack of jurisdiction over any Defendant, that there has been an insufficiency of process and/or service of process, including all books, **documents,** and other tangible things which prove, support, or constitute evidence of any facts or circumstances upon which **you** base the allegations in the Answer.

12.

All reports, memoranda, correspondence, emails, or other records of any kind relating to the **occurrence**, Defendant Julopsy Destine, and/or any other matters which are the subject of this lawsuit.

13.

All reports, correspondence, memoranda, and other **documents** prepared by any physician or other expert hired by **you** or **your** representatives to review and/or evaluate health, injuries, and/or damages of **Plaintiff**.

14.

All cell phone records and other **communication** device records related to **communications** made or received by Defendant Julopsy Destine on the date of the **occurrence** and the six-month period preceding the **occurrence**.

15.

All call logs, messages, letters, memoranda, emails, or other **documents** detailing any calls, complaints, or messages **you** have received from motorists or any other **person** regarding Defendant Julopsy Destine or the **occurrence.**

16.

All **documents** and records of any kind, including all emails and other correspondence, regarding any facts, witnesses, liability, damages, or other matters in any way related to the **occurrence**, including but not limited to emails regarding the vehicle at issue, Defendant Julopsy Destine, his employment, his training, his job performance, his driving, and any disciplinary actions involving him. Please include the date, recipients, and author for each email, along with an identification and description of the email. Please also state whether an inquiry was made to all of the corporate or individual parties as to whether any emails were generated regarding this matter.

17.

All **documents** regarding:

(a) All lease contracts or agreements covering Defendant ARO Trans, LLC and/or the vehicles involved in the **occurrence**;

(b) All interchange agreements regarding the vehicle involved in the **occurrence**;

(c) All records and electronic data from recording devices on the vehicles involved in the **occurrence**, including but not limited to an on-board computer, tachograph, trip

monitor, Teletrack device, Qualcomm, trip recorder, trip master, "black box," GPS, "dash cam," ECM or other recording device for the day of the **occurrence** and the six-month period preceding the **occurrence**;

(d) All emails, electronic messages, letters, memos, or other **documents** concerning this **occurrence**;

(e) The accident registers maintained by Defendant ARO Trans, LLC;

(f) All reports, memos, correspondence, notes, logs, or other records of any kind related to complaints about Defendant Julopsy Destine;

(g) All DOT or PSC reports, memos, notes, or correspondence concerning any Defendant and/or the vehicles involved in the **occurrence**; and

(h) All records related to the **occurrence**.

18.

All **documents** or things that relate or refer to the physical, mental, and/or emotional condition of **Plaintiffs** at any point prior to, during, or following the **occurrence**.

19.

All **documents**, records, equipment, compliance recording devices, and things of any kind related to any of Defendant Julopsy Destine's sleeping and/or fatigue conditions, including but not limited to, chronic fatigue, sleep apnea, narcolepsy, insomnia, or any other fatigue or sleeping disorders. This request includes, but is not limited to, all medical records, prescriptions, treatment plans, information papers/brochures, warnings or advisories, employment records and applications, qualification records, employment counseling statements, policies and procedures, progress reports, or any other **document**, record, or thing related to Defendant Julopsy Destine's conditions.

20.

All **documents** and things, including pictures, videotapes, audio tapes, diagrams, graphs, surveys, measurements, or other written or pictorial descriptions in support of any allegation that **Plaintiff** should not recover those damages claimed in this lawsuit.

21.

All tape recordings or electrical or mechanical recordings or transcriptions of any type or nature evidencing communications and statements by or between (a) **Plaintiff** and/or her agents, representatives, servants, or employees, and (b) Defendant Julopsy Destine and/or his agents, representatives, servants, and employees, relating to the allegations in this lawsuit.

22.

All **documents** consisting of, evidencing, referring, or relating to any **communications**, written or oral, by or between **your** agents, representatives, servants, or employees and **Plaintiff** from the date of the **occurrence** to the present.

23.

All **documents** consisting of, evidencing, referring, or relating to any communications or reports, written or oral, in person or by telephone, by or between **your** agents, representatives, servants, or employees, and **your** testifying experts.

24.

All **documents** consisting of, evidencing, referring, or relating to any communications or reports, written or oral, in person or by telephone, by or between **your** agents, representatives, servants, or employees, and **your** consulting experts, whose opinion or report may be relied upon by any of **your** testifying experts.

25.

Copies of checks paid by **you** for any reason to any **person** in payment of claims asserted as a result of the **occurrence**.

26.

A complete copy of every insurance policy, including all attachments, riders, and addenda, issued by **you** to or for the benefit of any Defendant, **Plaintiff**, or anyone else, that covers or may cover the **occurrence**.

27.

A copy of any damage appraisal and/or repair and/or cleaning invoice regarding all vehicles involved in the **occurrence.**

28.

All statements previously made by **Plaintiff** concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by **Plaintiff**, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by **Plaintiff** and contemporaneously recorded.

29.

All settlement agreements wherein **you** have arrived at a settlement or agreement between **you** and any other **person**, regardless of whether a party to this lawsuit, regarding or pertaining to the **occurrence** or any damages resulting therefrom.

30.

Any movies, photos, videotapes, or pictures made of any **person**, place, and/or vehicle matter in this lawsuit.

31.

All investigative and/or **occurrence** "reports" generated by **you** or on **your** behalf prior to **your** being aware of an outward manifestation from **Plaintiff** of intent to bring the instant lawsuit relevant to the following:

(a) The subject matter of the instant lawsuit;

(b) The collision;

(c) **Your** personnel (agents, representatives, officers and employees) that were on the premises in question at the time of the **occurrence**;

(d) Potential witnesses and **persons** having knowledge of facts relevant to or regarding the collision and/or the circumstances that existed immediately prior to, during, and/or after the collision.

32.

All **documents** and other tangible things, which constitute and contain matters relevant to the subject matter of this lawsuit, prepared by or relied upon by **your** testifying expert or by any lay person intended by **you** to testify in this case at time of trial. (**Your** response to this Request for Production will of necessity contain all documents or tangible things, which **you** intend to introduce as evidence at time of trial. We will object to the offering of any documents or tangible things at the time of trial that are not produced in **your** response to this Request for Production).

33.

Copies of all MVRs, policies, and/or guidelines that you required any Defendant to follow if **you** were going to insure them, and any other **documents** that **you** requested from or were given to **you** by any Defendant**.**

34.

All **documents** and **communications** sent to or received from any Defendant in this case (regardless of whether the **documents** and **communications** relate to the **occurrence**), including but not limited to applications, reports, and emails.

35.

All **documents** identified in **your** responses to **Plaintiff**'s interrogatories.

36.

A privilege log identifying each responsive document or thing that **you** refuse to produce because of a claim of privilege, setting forth the specific privilege claimed, the date, the general subject matter, the writer/originator, and the recipient/addressee for each such document or thing.

37.

All **documents** and **communications** sent to and/or from any Defendant in this action.

38.

Any and all applications, supporting **documents,** endorsements, MVRs, and **communications** from any Defendant in this action.

*[Signature on following page]*

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | ______________________ |
| | ) | |
| **Defendants.** | ) | |
| ______________________ | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT JULOPSY DESTINE**

Pursuant to O.C.G.A. §§ 9-11-26 and -34, Plaintiff requests that Defendant Julopsy Destine ("Defendant") produce all documents and things in his possession, custody, or control that are responsive to the following requests in the time and manner required by law. Additionally, pursuant to O.C.G.A. § 24-13-27, Plaintiff serves this notice to produce on Defendant.

## Definitions

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

"**Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to Julopsy Destine, including his agent(s), representative(s), insurer(s), and attorney(s).

## Instructions

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed <u>before</u> the time for responding to the subject discovery requests. *See, e.g., Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

## Requests for Production

1.

All statements from **Plaintiff**, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any **person**, place, or thing involved with or having any relationship to this lawsuit.

3.

All **documents** evidencing, reflecting, relating to, or constituting any **communication** between **you** and **Plaintiff**, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of **communications** between **you** and **Plaintiff**.

4.

All **documents** evidencing, reflecting, relating to, or constituting medical bills, medical records, or any other medical treatment **you** received as a result of the **occurrence**.

5.

All **documents** evidencing, reflecting, or relating to damages the vehicle **you** were driving sustained as a result of the **occurrence**.

6.

All **documents** evidencing, reflecting, relating to, or constituting any traffic citations **you** received as a result of the **occurrence**.

7.

All **documents** evidencing, reflecting, relating to, or constituting an incident report regarding the **occurrence**.

8.

All **documents you** prepared that describe the **occurrence** or the circumstances leading up to the **occurrence**.

9.

All **documents** evidencing, reflecting, or relating to damage to **Plaintiff**'s vehicle sustained as a result of the **occurrence**.

10.

A true and accurate copy of the front and back of every driver's license issued to **you**.

11.

All **documents** pertaining to the trip that **you** were on at the time of the **occurrence**.

12.

All bills reflecting the date of the **occurrence** for all communication devices (phones, tablets, computers, etc.) to which **you** had access on the date of the **occurrence**. Please include the entire bill for July 3, 2022, including statements showing the outgoing and incoming text messages and phone calls.

13.

All **documents** pertaining to the identity of **your** employer and **your** supervisor on the date of the **occurrence**.

14.

All **documents** setting forth the relationship between **you** and Defendant ARO Trans, LLC, including but not limited to leases, employment contracts, pay stubs, tax forms, agreements, memoranda, and the like.

15.

All videos, photographs, audio recordings, and reports reflecting surveillance on **Plaintiff**.

16.

All **documents**, videos, medical records, medical bills, medical narratives, photographs, and any other tangible items that relate to medical treatment received by **Plaintiff**, both before and after the **occurrence**.

17.

All **documents** evidencing, reflecting, relating to, or constituting any drug and/or alcohol tests **you** have taken in the last ten (10) years, whether or not such tests were related to your employment with Defendant ARO Trans, LLC.

18.

All insurance policies that **may** provide coverage for damages resulting from the **occurrence** (regardless of whether **you** believe the policies **will** provide such coverage), including policy numbers, declaration pages, and the entire policy contracts.

19.

All subrogation agreements, notices of claimed subrogation rights by others, assignments of claims to others, workers' compensation liens, hospital liens, and other **documents** concerning subrogation claims related to the **occurrence**.

20.

All settlement agreements between **you** and any other **person**, whether or not a party to this lawsuit, regarding the **occurrence** or any damages resulting therefrom.

21.

All damage appraisals and/or repair invoices regarding any vehicle involved in the **occurrence** for damages sustained in the **occurrence**.

22.

All **documents** pertaining to the load you were hauling on the day of the **occurrence**, including but not limited to bills of lading, checklists, and any other load-related **documents**.

23.

All **documents** reflecting the gross weight of the vehicle **you** were operating at the time of the **occurrence**.

24.

All **documents** reflecting the shippers and brokers involved with any load **you** were hauling or scheduled to pick up on the day of the **occurrence**.

25.

All **documents** showing when and where you were picking up a load on the day of the **occurrence** and when and where the load was to be delivered/was delivered.

26.

Copies of the front and back of **your** hand-written daily logs for the day of the **occurrence** and the 30-day period preceding the **occurrence**, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver involved in the **occurrence** and the results of any computer

program used to check logs, as well as all results of any audit of the logs by Defendant ARO Trans, LLC or a third party.

27.

Copies of **your** electronic daily logs for the day of the **occurrence** and the 30-day period preceding the **occurrence**, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver involved in the **occurrence** and the results of any computer program used to check logs, as well as all results of any audit of the logs by Defendant ARO Trans, LLC or a third party.

28.

Copies of **your** activity logs, route history logs, and audit logs for any Electronic Logging Device/Automatic On-Board Recording Devices software for the 30-day period preceding the **occurrence**, including but not limited to all data and **documents** regarding every access, entry, event, log, deletion, edit, change, and/or alteration made to the Electronic Logging Device/Automatic On-Board Recording Devices software program and/or subscription.

29.

All items listed in **your** "accident kit," including all documentation that refers to **your** "accident kit."

30.

All **documents** evidencing, reflecting, relating to, or constituting any criminal arrests, pleas, convictions, and any other criminal proceeding against **you**, including **documents** relating to terms of probation and/or other types of sentencing.

31.

All **documents** evidencing, reflecting, relating to, or constituting any violations of motor vehicle or traffic laws or ordinances of which **you** have ever been convicted or pleaded guilty or

nolo contendere, including but not limited to reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

32.

All **documents** related to any motor vehicle collision in which **you** have ever been involved, regardless of how many other vehicles were involved (i.e., including single-vehicle collisions) and regardless of whether **you** were cited as a result of the collision.

33.

**Your** complete personnel file from Defendant ARO Trans, LLC, including but not limited to applications for employment, payroll records, check stubs, letters of reference, investigation documents, inquiries into **your** driving history, documents relating to **your** medical conditions, **documents** relevant to termination, suspension, or cessation of **your** employment, and documents referencing any disciplinary actions or reprimands as a result of the **occurrence** or any other collision in which **you** were involved.

34.

To the extent not produced in response to previous requests, **your** complete driver qualification file from Defendant ARO Trans, LLC.

35.

All **documents** that relate to any action (formal or informal) by any supervisor or manager or anyone working for or on behalf of Defendant ARO Trans, LLC directed to **you** for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing **you** in any way relating to the safe operation of a commercial vehicle or your work habits.

36.

All **documents** related to any complaint, criticism, or concern raised by any person or entity regarding **your** driving performance and/or safety, including but not limited to customer complaints and call-ins by motorists, either to Defendant ARO Trans, LLC directly or to any service utilized by Defendant ARO Trans, LLC.

37.

A complete copy of **your** driving history maintained or obtained by Defendant ARO Trans, LLC by any insurer, by any governmental source, or by any other private business entity on **your** behalf.

38.

All trip-monitor records or receipts specifying destinations or stops from the date of the **occurrence**.

39.

Any weight tickets, fuel receipts, hotel bills, meal receipts, beverage receipts, or other records of expenses for **you** or the vehicle involved in this collision for the day of the **occurrence** and the eight-day period preceding the **occurrence**.

40.

All employee handbooks, safety manuals, pamphlets, magazines, or instructional materials or **documents** that were distributed to **you** as an employee and/or agent of Defendant ARO Trans, LLC, and utilized in the training, development, and/or monitoring of employees and/or agents within the time period of the **occurrence**, including but not limited to policies relating to:

(a) Working for or with a company generally (e.g., employee manual or handbook);

(b) Operation of any motor vehicle (e.g., driving manuals or handbooks);

(c) Operation of a commercial vehicle;

(d) Operating a tractor equipped with a manual transmission;

(e) Driving safety;

(f) Defensive driving;

(g) Compliance with federal and state laws and regulations;

(h) Accident investigation;

(i) Accident review boards;

(j) Determination of preventability of accidents;

(k) Hiring, training, and supervising drivers; and

(l) Disciplinary actions.

41.

All **documents you** signed to prove that **you** received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Defendant ARO Trans, LLC.

42.

All **documents** concerning the investigation of the **occurrence** by Defendant ARO Trans, LLC, including their employees, representatives, and agents.

43.

All **documents** concerning the investigation of the **occurrence** by police, fire departments, OSHA, unions, other employers, or other organizations.

44.

All statements (written or recorded) from Defendant ARO Trans, LLC and its agents, representatives, employees, and former employees that relate to the **occurrence** or are relevant to the subject matter involved in this lawsuit.

45.

All **documents** evidencing, reflecting, relating to, or constituting a statement (written, recorded, or oral) taken from anyone interviewed by **you**, or on **your** behalf, regarding the **occurrence** or this lawsuit.

46.

All **documents** evidencing, reflecting, relating to, or constituting a statement (written, recorded, oral, court or deposition transcript, etc.) taken from anyone with knowledge relevant to this lawsuit.

47.

All **documents** received from third parties that mention, concern, refer, or relate to any issue in this lawsuit.

48.

All notes, memoranda, and reports prepared by any expert witness **you** expect to testify at trial, including, but not limited to:

(a) All **documents** and items produced to the expert;

(b) All **documents** and items generated or produced by the expert;

(c) A copy of the expert's entire file;

(d) A current résumé or curriculum vitae for the expert; and

(e) All billing records and work logs for the expert.

49.

All field notes, sketches, diagrams, letters, memos, reports, photos, and other **documents** concerning the **occurrence** or other any subject matter involved in this lawsuit that have been generated by or for experts consulted in this case.

50.

All **documents** produced to, produced by, or generated by each witness who may provide testimony at trial.

51.

All **documents** concerning judicial, quasi-judicial, or administrative hearings concerning the **occurrence**.

52.

All **documents**, photographs, medical records, or any other tangible items that **you** believe could potentially be used in an attempt to impeach **Plaintiff**.

53.

Please produce any and all **documents**, letters, diagrams, forms, or any other tangible item that **you** viewed, were given to **you**, or were filled out by **you** that relate in any way to the **occurrence**. Specifically, we are looking for any **documents** or tangible items that were shared between **you** and any Defendant. However, in no way should this be limited to those documents or tangible things that were "shared," as it also includes any documents or tangible things shown and/or given to you by either corporate defendant or shown and/or given to either corporate defendant by you.

54.

The account data from the date of the **occurrence** through the present for each social media website or blog maintained by **you**.

55.

All **documents** constituting evidence relied upon to demonstrate and support facts relevant to this litigation.

56.

Please produce any and all **documents**, photographs, video, medical records, billing statements, or any other tangible item that **you** receive from any nonparty requests, subpoena or any other method regarding **Plaintiff** and/or this litigation.

57.

If the vehicle **you** were driving had any video or other recording device, please produce everything that was retrieved or could be retrieved.

58.

All **documents** identified in **your** responses to **Plaintiff's** interrogatories.

59.

A privilege log identifying each responsive document or thing that **you** refuse to produce because of a claim of privilege, setting forth the specific privilege claimed, the date, the general subject matter, the writer/originator, and the recipient/addressee for each such document or thing.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

Van Houten, Karsyn

**PLAINTIFF**

**VS.**

ARO Trans, LLC
National Continental Insurance Company
Destine, Julopsy

**DEFENDANTS**

**SUMMONS**

TO: ARO TRANS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

Van Houten, Karsyn

**PLAINTIFF**

**VS.**

ARO Trans, LLC
National Continental Insurance Company
Destine, Julopsy

**DEFENDANTS**

**SUMMONS**

TO: NATIONAL CONTINENTAL INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

Van Houten, Karsyn

**PLAINTIFF**

**VS.**

ARO Trans, LLC
National Continental Insurance Company
Destine, Julopsy

**DEFENDANTS**

**SUMMONS**

TO: DESTINE, JULOPSY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 31st day of May, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Jackson County

**For Clerk Use Only**

**Date Filed** 05-31-2024 (MM-DD-YYYY) **Case Number** 24SV260

| Plaintiff(s) | Defendant(s) |
|---|---|
| Van Houten, Karsyn | ARO Trans, LLC |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | National Continental Insurance Company |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | Destine, Julopsy |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Fink, Daniell R. **Bar Number** 540374 **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number _______________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

WERNERLAW
2860 Piedmont Rd., NE | Atlanta, GA 30305

Casey Brown
404-962-0240
855-873-2096
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUN 14, 2024 03:22 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

December 6, 2023

To: All Judges, Clerks of Courts, and Counsel of Record
From: Casey Brown, Esq.
Re: Notice of Leave of Absence

COMES NOW Casey Brown, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court and all opposing counsel, that he will be on leave and out of the state pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- **June 17-21, 2024** (vacation)
- **July 2-5, 2024** (vacation)
- **November 25-December 2, 2024** (vacation)
- **December 24, 2024-January 6, 2025** (vacation)

Applicant requests that this Leave of Absence apply to all trials, hearings, depositions and other legal proceedings that might be scheduled in any of the cases referenced in Exhibit "A".

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the Leave of Absence shall be granted.

Respectfully submitted, this 14th day of June, 2024.

Very truly yours,

WERNER LAW, LLC

Casey Brown

CB\ndj

**EXHIBIT "A" TO**
**CASEY BROWN'S LEAVE OF ABSENCE**

| **Case** | **Court** | **Counsel** |
|---|---|---|
| *Karsyn Van Houten v. Julopsy Destine, ARO Trans LLC, and National Continental Insurance Company*<br>Jackson State<br>CAFN: 24SV260 | Camie W. Thomas, Clerk of Superior, State, and Juvenile Courts<br>5000 Jackson Parkway, Suite 150<br>Jefferson, GA 30549 | Julopsy Destine<br>2151 NW 76th Avenue<br>Sunrise, Florida 33322<br><br>ARO Trans, LLC<br>c/o Registered Agent, Kenneth W. Goggins, Jr.<br>446 Mellview Avenue SW<br>Atlanta, Georgia 30310<br><br>National Continental Insurance Company<br>c/o Registered Agent, C T Corporation System<br>289 S. Culver Street<br>Lawrenceville, Georgia 30046 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this served a true and correct copy of the within and foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerk and opposing counsel listed on Exhibit "A" hereto by utilizing the Clerk of Court's electronic filing system that will send e-mail notification of such filing to all counsel listed on Exhibit "A" hereto.

This 14th day of June, 2024.

**WERNER LAW, LLC**

______________________________
CASEY BROWN
Georgia Bar No. 757384

2860 Piedmont Road, NE
Atlanta, GA 30305
404-220-7727
casey@wernerlaw.com

WERNERLAW
2860 Piedmont Rd., NE | Atlanta, GA 30305

Michael L. Werner
404-793-1690
855-873-2096
mike@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUN 14, 2024 03:22 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

June 14, 2024

To: All Judges, Clerks of Courts, and Counsel of Record
From: Michael L. Werner, Esq.
Re: Notice of Leave of Absence

COMES NOW Michael L. Werner, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court and all opposing counsel, that he will be on leave and out of the state pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- **July 2-5, 2024** (vacation)
- **September 4-11, 2024** (vacation)
- **November 27-December 3, 2024** (vacation)
- **December 20, 2024-January 6, 2025** (vacation)

Applicant requests that this Leave of Absence apply to all trials, hearings, depositions and other legal proceedings that might be scheduled.

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the Leave of Absence shall be granted.

Respectfully submitted, this 14th day of June, 2024.

Very truly yours,

**WERNER LAW, LLC**

Michael L. Werner

MLW\ndj

**EXHIBIT "A" TO**
**MICHAEL L. WERNER'S LEAVE OF ABSENCE**

| **Case** | **Court** | **Counsel** |
|---|---|---|
| *Karsyn Van Houten v. Julopsy Destine, ARO Trans LLC, and National Continental Insurance Company*<br>Jackson State<br>CAFN: 24SV260 | Camie W. Thomas, Clerk of Superior, State, and Juvenile Courts<br>5000 Jackson Parkway, Suite 150<br>Jefferson, GA 30549 | Julopsy Destine<br>2151 NW 76th Avenue<br>Sunrise, Florida 33322<br><br>ARO Trans, LLC<br>c/o Registered Agent, Kenneth W. Goggins, Jr.<br>446 Mellview Avenue SW<br>Atlanta, Georgia 30310<br><br>National Continental Insurance Company<br>c/o Registered Agent, C T Corporation System<br>289 S. Culver Street<br>Lawrenceville, Georgia 30046 |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this served a true and correct copy of the within and foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerk and opposing counsel listed on Exhibit "A" hereto by utilizing the Clerk of Court's electronic filing system that will send e-mail notification of such filing to all counsel listed on Exhibit "A" hereto.

This 14th day of June, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321

2860 Piedmont Road, NE
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com

WERNERLAW
2860 Piedmont Rd., NE | Atlanta, GA 30305
Daniell R. Fink
404-220-7267
855-873-2096
dan@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUN 14, 2024 03:22 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

June 14, 2024

To: All Judges, Clerks of Courts, and Counsel of Record
From: Daniell R. Fink, Esq.
Re: Notice of Leave of Absence

COMES NOW Daniell R. Fink, and respectfully notifies all judges before whom she has cases pending, all affected clerks of court and all opposing counsel, that she will be on leave and out of the state pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- **July 2-5, 2024** (vacation)
- **August 5-9, 2024** (vacation)
- **November 27-December 3, 2024** (vacation)
- **December 24, 2024-January 6, 2025** (vacation)

Applicant requests that this Leave of Absence apply to all trials, hearings, depositions and other legal proceedings that might be scheduled in any of the cases referenced in Exhibit "A".

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the Leave of Absence shall be granted.

Respectfully submitted, this 14th day of June, 2024.

Very truly yours,

**WERNER LAW, LLC**

Daniell R. Fink

DRF\ndj

**EXHIBIT "A" TO**
**DANIELL R FINK'S LEAVE OF ABSENCE**

| Case | Court | Counsel |
|---|---|---|
| *Karsyn Van Houten v. Julopsy Destine, ARO Trans LLC, and National Continental Insurance Company*<br>Jackson State<br>CAFN: 24SV260 | Camie W. Thomas, Clerk of Superior, State, and Juvenile Courts<br>5000 Jackson Parkway, Suite 150<br>Jefferson, GA 30549 | Julopsy Destine<br>2151 NW 76th Avenue<br>Sunrise, Florida 33322<br><br>ARO Trans, LLC<br>c/o Registered Agent, Kenneth W. Goggins, Jr.<br>446 Mellview Avenue SW<br>Atlanta, Georgia 30310<br><br>National Continental Insurance Company<br>c/o Registered Agent, C T Corporation System<br>289 S. Culver Street<br>Lawrenceville, Georgia 30046 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this served a true and correct copy of the within and foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerk and opposing counsel listed on Exhibit "A" hereto by utilizing the Clerk of Court's electronic filing system that will send e-mail notification of such filing to all counsel listed on Exhibit "A" hereto.

This 14th day of June, 2024.

**WERNER LAW, LLC**

______________________________
DANIELL R. FINK
Georgia Bar No. 540374

2860 Piedmont Road, NE
Atlanta, GA 30305
404-220-7727
dan@wernerlaw.com

WERNERLAW
2860 Piedmont Rd., NE | Atlanta, GA 30305
Nola D. Jackson
404-920-8383
855-873-2096
nola@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUN 14, 2024 03:22 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

June 14, 2024

To: All Judges, Clerks of Courts, and Counsel of Record
From: Nola D. Jackson, Esq.
Re: Notice of Leave of Absence

COMES NOW Nola D. Jackson, and respectfully notifies all judges before whom she has cases pending, all affected clerks of court and all opposing counsel, that she will be on leave and out of the state pursuant to Georgia Uniform Court Rule 16.

The period of leave during which time Applicant will be away from the practice of law is:

- **July 2-5, 2024** (vacation)
- **July 26 -August 6, 2024** (out-of-state conference)
- **October 18-22, 2024** (out-of-state conference)
- **November 5-19, 2024 (**out-of-country)
- **November 27-December 3, 2024** (vacation)
- **December 12-16, 2024** (volunteer program)
- **December 24, 2024-January 6, 2025** (vacation)

Applicant requests that this Leave of Absence apply to all trials, hearings, depositions and other legal proceedings that might be scheduled in any of the cases referenced in Exhibit "A".

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the Leave of Absence shall be granted.

Respectfully submitted, this 14th day of June, 2024

Very truly yours,

**WERNER LAW, LLC**

Nola D. Jackson

NJD\idt

**EXHIBIT "A" TO**
**NOLA D. JACKSON'S LEAVE OF ABSENCE**

| **Case** | **Court** | **Counsel** |
|---|---|---|
| *Karsyn Van Houten v. Julopsy Destine, ARO Trans LLC, and National Continental Insurance Company*<br>Jackson State<br>CAFN: 24SV260 | Camie W. Thomas, Clerk of Superior, State, and Juvenile Courts<br>5000 Jackson Parkway, Suite 150<br>Jefferson, GA 30549 | Julopsy Destine<br>2151 NW 76th Avenue<br>Sunrise, Florida 33322<br><br>ARO Trans, LLC<br>c/o Registered Agent, Kenneth W. Goggins, Jr.<br>446 Mellview Avenue SW<br>Atlanta, Georgia 30310<br><br>National Continental Insurance Company<br>c/o Registered Agent, C T Corporation System<br>289 S. Culver Street<br>Lawrenceville, Georgia 30046 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this served a true and correct copy of the within and foregoing **NOTICE OF LEAVE OF ABSENCE** upon all judges, clerk and opposing counsel listed on Exhibit "A" hereto by utilizing the Clerk of Court's electronic filing system that will send e-mail notification of such filing to all counsel listed on Exhibit "A" hereto.

This 14th day of June, 2024.

**WERNER LAW, LLC**

___________________________
DANIELL R. FINK
Georgia Bar No. 387799

**Attorney for Plaintiff**

2860 Piedmont Road, NE
Atlanta, GA 30305
404-920-8583
dan@wernerlaw.com

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

VAN HOUTEN, KARSYN

**PLAINTIFF**

**VS.**

ARO TRANS, LLC,
NATIONAL CONTINENTAL INSURANCE COMPANY,
DESTINE, JULOPSY

**DEFENDANTS**

**SUMMONS**

TO: DESTINE, JULOPSY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of June, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUN 28, 2024 11:25 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

Control Number : SOP-24125116

# STATE OF GEORGIA

## Secretary of State

**Corporations Division**
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Julopsy Destine**

have been filed with the Secretary of State on 06/28/2024 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Karsyn Van Houten v. Julopsy Destine
Court: Jackson County State Court
Civil Action No.: 24SV260

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 06/28/2024.

Brad Raffensperger

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 6/28/2024 11:00:14 AM

## FILING INFORMATION

| | |
|---|---|
| Filing Type | : Service of Process |
| Control Number | : SOP-24125116 |

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

| | |
|---|---|
| Defendant Type | : Individual |
| Defendant's Name | : Julopsy Destine |
| Defendant's Address Where Service Attempted and/or Forwarded | : 6408 Maidstone Road, Apt. 245, Indianapolis, IN, 46254, USA |

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

## CASE INFORMATION

The service of process filing relates to the following proceeding:

| | |
|---|---|
| Name of Plaintiff | : Karsyn Van Houten |
| Style of Proceeding | : Karsyn Van Houten v. Julopsy Destine, ARO Trans, LLC, and National Continental Insurance Company |
| Civil Action Number | : 24SV260 |
| Court | : Jackson County State Court |

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

| | |
|---|---|
| Filer Type | : Individual |
| Name | : Daniell Fink, Law |
| Address | : 2860 Piedmont Road, NE, Atlanta, GA, 30305, USA |

## AUTHORIZER INFORMATION

| | |
|---|---|
| Authorizer Name | : Daniell Fink |

**OFFICE OF SECRETARY OF STATE**
**CORPORATIONS DIVISION**
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

# SERVICE OF PROCESS, NOTICE, OR DEMAND ON THE SECRETARY OF STATE AS STATUTORY AGENT

(*Use of this form is optional*.)

1. The service of process being made relates to the following proceeding:

Style of Proceeding: Karsyn Van Houten v. Julopsy Destine, ARO Trans, LLC, and National Continental Insurance Company
(e.g. name of the plaintiff vs. name of the defendant, or In the matter of…, etc.)

Case/File Number: 24SV260

Proceeding Pending in: State Court of Jackson County
(Name of Court)

2. Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

☐ O.C.G.A. § 9-11-4(e)(1)*
☐ O.C.G.A. § 14-2-1510(b)
☐ O.C.G.A. § 14-2-1520(c)
☐ O.C.G.A. § 14-3-1510(b)
☐ O.C.G.A. § 14-3-1520(c)
☐ O.C.G.A. § 14-8-46(i)*
☐ O.C.G.A. § 14-8-50(c)
☐ O.C.G.A. § 14-9-104(g)*
☐ O.C.G.A. § 14-9-902.1(i)*
☐ O.C.G.A. § 14-9-906
☐ O.C.G.A. § 14-11-209(f)*
☐ O.C.G.A. § 14-11-703(h)*
☒ O.C.G.A. § 40-12-2*
☐ O.C.G.A. § 40-1-117
☐ Other: ____________

Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. Pursuant to the foregoing section of the O.C.G.A., the Secretary of State is being served as statutory agent for:

Name of Entity: Julopsy Destine

Entity Control Number: ____________

The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

6408 Maidstone Road, Apt. 245 Indianapolis IN 46254
(Number/Street) (City/Town) (State)

4. Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

Name: Daniell R. Fink

Address: 2860 Piedmont Rd NE, Atlanta, GA 30305

Phone (optional): 404-220-7727

Email (optional): dan@wernerlaw.com

## Instructions

Whenever by statute the Secretary of State is appointed or deemed to have been appointed the agent of any individual, corporation, limited partnership, limited liability company or other entity for the purpose of service of any process, notice, or demand, service on the Secretary of State shall be made by delivering or mailing a copy of the pleadings along with any required affidavit, for each defendant or business entity together with the requisite fee(s) to the Corporations Division of the Office of the Secretary of State. The party seeking service shall recite the statute or other authority pursuant to which process is being served. A fee of $10.00 payable to "GA Secretary of State" for service on each defendant at each address must accompany the filing.

Section 1. If the requested service relates to a pending judicial or administrative proceeding, indicate the style of the case (i.e. plaintiff(s) versus defendant(s)) or the short style of the case (i.e. first plaintiff, et al. versus first defendant, et al.), the case number, and the name of the court.

Section 2. The following Code sections specify when the entities described below may be served through the Office of the Secretary of State:

| | |
|---|---|
| O.C.G.A. § 9-11-4(e)(1)* | Domestic and foreign corporations registered with the Secretary of State. |
| O.C.G.A. § 14-2-1510(b) | Foreign profit corporations authorized to transact business in Georgia. |
| O.C.G.A. § 14-2-1520(c) | Foreign profit corporations that have formally withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-3-1510(b) | Foreign non-profit corporations authorized to transact business in Georgia. |
| O.C.G.A. § 14-3-1520(c) | Foreign non-profit corporations that have formally withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-8-46(i)* | Foreign limited liability partnerships authorized to transact business in Georgia. |
| O.C.G.A. § 14-8-50(c) | Foreign limited liability partnerships that have formally withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-9-104(g)* | Domestic limited partnerships registered with the Secretary of State. |
| O.C.G.A. § 14-9-902.1(i)* | Foreign limited partnerships authorized to transact business in Georgia. |
| O.C.G.A. § 14-9-906 | Foreign limited partnerships that have formally withdrawn from transacting business in Georgia. |
| O.C.G.A. § 14-11-209(f)* | Domestic limited liability companies registered with the Secretary of State. |
| O.C.G.A. § 14-11-703(h)* | Foreign limited liability companies authorized to transact business in Georgia. |
| O.C.G.A. § 40-12-2* | Nonresident motorist. |
| O.C.G.A. § 40-1-117 | Nonresident motor carriers. |

Note: Asterisk (*) denotes that a certified writing or affidavit is required.

Section 3. Provide the name and address of the defendant who is being served through the Secretary of State. If two or more defendants are being so served, use a separate form for each defendant.

Section 4. Provide the name and address of the filer to which the Secretary of State will send either a Certificate of Acknowledgment if the filing is accepted or a notice explaining why the filing was rejected or found deficient.

If the filer chooses to not use optional Form SOP-1, then filer must submit with the service of process filing a cover letter which includes substantially the same information as found on this form. Questions regarding the filing of substituted service of process should be directed to (404) 656-2817.

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION FILE NO.** <br><br> **24SV260** |

STATE OF GEORGIA }

COUNTY OF FULTON }

**PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NONRESIDENT MOTORIST**

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, Daniell R. Fink, who, after being duly sworn, stated under oath as follows:

1.

My name is Daniell R. Fink. I am over 18 years of age and am under no legal disability. I have personal knowledge of the facts stated in this affidavit and know them to be true and correct.

2.

I am an attorney at the Werner Law Firm and am duly licensed to practice law in the State of Georgia. My Georgia Bar Number is 540374.

3.

I am counsel of record for Plaintiff in the above-referenced matter.

4.

In accordance with O.C.G.A. §§ 40-12-1 and -2, I certify that I have forwarded notice of service of the above case, along with a copy of the Complaint and Summons, by statutory overnight, registered, or certified mail to Defendant Julopsy Destine, 6408 Maidstone Road, Apartment 245, Indianapolis, IN 46254.

5.

I further certify that I will file with the appropriate court appended to the documents regarding this case: (a) any return receipt received as evidence of service upon this Defendant by Plaintiff; and (b) Plaintiff's Affidavit of Compliance for Service of Process Upon Nonresident Motorist.

FURTHER AFFIANT SAYETH NAUGHT.

DANIELL R. FINK

Sworn to and subscribed before me
this 27th day of June, 2024.

Rachael E. Anderson
Notary Public

My Commission Expires: March 27, 2028

RACHAEL E ANDERSON
My Commission Expires
NOTARY PUBLIC
March 27, 2028
GWINNETT COUNTY, GEORGIA

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

VAN HOUTEN, KARSYN

**PLAINTIFF**

**VS.**

ARO TRANS, LLC,
NATIONAL CONTINENTAL INSURANCE COMPANY,
DESTINE, JULOPSY

**DEFENDANTS**

## SUMMONS

TO: DESTINE, JULOPSY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 27th day of June, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDE
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE NO.**<br>____________________ |

**COMPLAINT FOR DAMAGES**

Plaintiff Karsyn Van Houten (hereinafter "Plaintiff") files this Complaint for Damages against Defendants Julopsy Destine, ARO Trans LLC, and National Continental Insurance Company respectfully showing the Court as follows:

**Parties, Jurisdiction, and Venue**

1.

Plaintiff seeks to recover for personal injuries and other damages she suffered when Defendant Julopsy Destine negligently operated a commercial vehicle while driving for his employer ARO Trans, LLC, and caused a collision in Jackson County, Georgia.

2.

Plaintiff is a resident of Georgia. She submits to the jurisdiction and venue of this Court.

3.

Defendant Destine resides and may be served with process at 2151 NW 76th Avenue, Sunrise, Florida 33322. He is subject to the jurisdiction and venue of this Court.

4.

Defendant ARO Trans, LLC ("Defendant ARO") is a foreign for-profit corporation that engages in interstate commerce in Georgia. Defendant ARO's principal place of business is located at 680 E. Market Street, Suite 305, Akron, Ohio 44304. Defendant ARO transacts business in Jackson County, Georgia. It may be served with process through its registered agent, Kenneth W. Goggins, Jr., 466 Mellview Avenue SW, Atlanta, Georgia 30310. Defendant ARO is subject to the jurisdiction and venue of this Court.

5.

Defendant National Continental Insurance Company ("Defendant NCIC") is a New York insurance company with its principal place of business located at 1 Corporate Drive, Suite 201, Bohemia, New York 11716. It may be served with process through its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046. It is subject to the jurisdiction and venue of this Court.

6.

Venue is proper in Jackson County, Georgia pursuant to Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. §§ 14-2-510(b), 40-1-117(b) and 9-10-31(b), and *Blakemore v. Dirt Movers, Inc.*, 344 Ga. App. 238 (2018).

7.

This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. § 15-7-4(a)(2).

8.

No United States District Court has subject matter jurisdiction over this action. Complete diversity of citizenship is absent because Plaintiff and at least one (1) Defendant are citizens and

domiciliaries of Georgia, and there is no federal question jurisdiction because all the claims asserted in this Complaint arise under state law.

**Background**

9.

On July 3, 2022, Plaintiff was driving a 2021 Mercedes-Benz GLC 300 southbound on Interstate 85 ("I-85") in the far-right lane in Braselton, Jackson County, Georgia.

10.

At the same time, Defendant Destine was parked on the outside shoulder of I-85 southbound in his 2019 Volvo tractor-trailer.

11.

At all relevant times, Defendant Destine was operating his 2019 Volvo tractor-trailer in the course and scope of his employment with Defendant ARO.

12.

Suddenly and without warning, Defendant Destine drove his tractor-trailer from the outside shoulder into the right lane on I-85 southbound in front of Plaintiff's vehicle directly in its path.

13.

Plaintiff was unable to avoid Defendant Destine's tractor-trailer and collided with the rear of his trailer.

14.

The impact was severe and caused substantial damage to Plaintiff's vehicle.

15.

The investigating officer found Defendant Destine at fault for causing the collision and issued him a citation for failure to yield in violation of O.C.G.A. § 40-6-73.

16.

Upon information and belief, Defendant Destine paid the citation he received in relation to this collision.

17.

Plaintiff exercised care for her own safety at all relevant times, including the time of the subject collision.

18.

Plaintiff did not act or fail to act in any way that proximately caused the subject collision or any of her injuries or damages.

19.

As a result of the subject collision, Plaintiff suffered severe and permanent injuries.

20.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to past medical bills, future medical bills, costs, and expenses, past and future physical pain and suffering, mental pain and suffering, and loss of full enjoyment of life.

**COUNT ONE**

**Negligence, Gross Negligence, and Recklessness of Defendant Julopsy Destine**

21.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 20.

22.

At all relevant times, including the time of the subject collision, Defendant Destine owed the public generally, and Plaintiff specifically, duties of care while operating a commercial motor

vehicle.

23.

At all relevant times, including the time of the subject collision, it was reasonably foreseeable to Defendant Destine that if he breached these duties it could result in serious injury to others.

24.

Nevertheless, Defendant Destine breached the duties he owed to Plaintiff in the following ways, resulting in the subject collision:

(a) Failing to yield when entering a roadway in violation of O.C.G.A. § 40-6-73, which constitutes negligence per se;

(b) Making an improper lane change in violation of O.C.G.A. § 40-6-48, which constitutes negligence per se;

(c) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180, which constitutes negligence per se;

(d) Failing to use a turn signal while making a turn in violation of O.C.G.A. § 40-6-123, which constitutes negligence per se;

(e) Failing to exercise due care in violation of O.C.G.A. § 40-6-241, which constitutes negligence per se;

(f) Driving recklessly in violation of O.C.G.A. § 40-6-390, which constitutes negligence per se;

(g) Driving while distracted in violation of O.C.G.A. §§ 40-6-241 and -241.2, which constitutes negligence per se;

(h) Driving while ill or fatigued in violation of 49 C.F.R. § 392.3, which constitutes

negligence per se;

(i) Driving in excess of his allotted hours of service in violation of 49 C.F.R. § 395.3, which constitutes negligence per se;

(j) Failing to properly inspect his commercial motor vehicle prior to its operation in violation of 49 C.F.R. § 396.13, which constitutes negligence per se;

(k) Operating his vehicle in a careless and reckless manner as to endanger the safety of others; and

(l) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

25.

The acts and omissions set forth in Paragraph 24 and its subparts constitute negligence, gross negligence, and/or recklessness on the part of Defendant Destine.

26.

Defendant Destine failed to exercise that degree of skill and care ordinarily required by commercial drivers generally under like conditions and similar circumstances.

27.

Defendant Destine failed to exercise ordinary diligence and was therefore negligent when he failed to exercise that degree of care which is exercised by ordinary prudent persons in the same or similar circumstances in violation of O.C.G.A. § 51-1-2.

28.

Defendant Destine failed to exercise even a slight degree of diligence which is exercised by ordinary prudent persons in the same or similar circumstances in violation of O.C.G.A. § 51-1-4.

29.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Destine's negligence, gross negligence, and/or recklessness.

30.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant Destine's negligence, gross negligence, and/or recklessness.

**COUNT TWO**
**<u>Vicarious Liability of Defendant ARO Trans, LLC</u>**

31.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 30.

32.

At all relevant times, including the time of the subject collision, Defendant Destine was operating the commercial vehicle within the course and scope of his employment with or agency of his employer, Defendant ARO.

33.

Defendant ARO is therefore liable for all damages caused by the negligent and reckless acts and omissions of Defendant Destine pursuant to the doctrine of *respondeat superior* and the rules of agency.

**COUNT THREE**
**<u>Independent Negligence and Recklessness of Defendant ARO</u>**

34.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 33.

35.

As Defendant Destine's employer and the owner of the commercial vehicle that he was driving at the time of the subject collision, Defendant ARO had the right to permit and the power to prohibit Defendant Destine's use of the vehicle.

36.

Moreover, as a motor carrier, Defendant ARO owed certain duties as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify and train Defendant Destine, the duty to supervise Defendant Destine's hours of service, the duty to properly inspect and maintain its vehicles, the duty to supervise and review Defendant Destine's driving, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicles, including the commercial vehicle that Defendant Destine was driving at the time of the subject collision.

37.

Before the subject collision, Defendant ARO knew or had reason to know that Defendant Destine was likely to drive in a negligent and reckless manner because of his inexperience, physical condition, mental condition, and/or known habit of recklessness and dangerous driving.

38.

Before the subject collision, Defendant Destine exhibited a pattern of reckless and dangerous driving, demonstrating that he was and is incompetent and unfit to safely drive a commercial motor vehicle.

39.

Nevertheless, Defendant ARO entrusted Defendant Destine with a commercial vehicle and gave him permission to drive it.

40.

In doing so, Defendant ARO was negligent and/or reckless in the following ways:

(a) Negligently and/or recklessly hiring or contracting with Defendant Destine to drive the commercial vehicle at issue;

(b) Negligently and/or recklessly training Defendant Destine;

(c) Negligently and/or recklessly entrusting Defendant Destine with the commercial vehicle they drove on the day of the subject collision;

(d) Negligently and/or recklessly hiring Defendant Destine;

(e) Negligently and/or recklessly retaining Defendant Destine;

(f) Negligently and/or recklessly qualifying Defendant Destine;

(g) Negligently and/or recklessly failing to supervise Defendant Destine; and

(h) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

41.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant ARO's negligence and/or recklessness.

42.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant ARO's negligence and/or recklessness.

**COUNT FOUR**
**<u>Direct Action Against National Continental Insurance Company</u>**

43.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 42.

44.

Defendant ARO is a motor carrier within the meaning of O.C.G.A. § 40-1-100 and/or O.C.G.A. § 40-2-140.

45.

Defendant NCIC issued an insurance policy (Policy No. COH 000-6368-655-1) to Defendant ARO that was in full force and effect on the day of the subject collision.

46.

The subject collision involved a commercial vehicle that was covered by the policy of insurance (Policy No. COH 000-6368-655-1) that Defendant NCIC issued to Defendant ARO, which was in full force and effect on the day of the wreck.

**COUNT FIVE**
**Punitive Damages**

47.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 46.

48.

Defendants' actions, including but not limited to Defendants Destine's complete disregard for the safety of others while driving commercial vehicle, Defendant Destine's violation of the Federal Motor Carrier Safety Regulations pertaining to hours of service and driving while fatigued, Defendants Destine's driving while distracted, and Defendant ARO's failure to qualify Defendant Destine and otherwise comply with the Federal Motor Carrier Safety Regulations, demonstrate either (a) an entire want of care that raises the presumption of conscious indifference to consequences, or (b) a specific intent to harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

**COUNT SIX**
**Litigation Expenses and Attorney's Fees**

49.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 48.

50.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover her litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**Plaintiff's Damages**

51.

Plaintiff seeks monetary damages from each Defendant for:

(a) All past, present, and future economic damages that result from, proximately flow from, or were substantially caused by the subject collision, including but not limited to medical bills, costs, and expenses, as will be shown more fully by the evidence at trial;

(b) All past, present, and future non-economic damages that result from, proximately flow from, or were substantially caused by the subject collision, including but not limited to mental and physical pain and suffering, physical disfigurement, loss of enjoyment of life, and loss of capacity to work, in an amount to be determined by the enlightened conscience of an impartial jury;

(c) Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury; and

(d) Litigation expenses, including reasonable attorney's fees.

**Accordingly, Plaintiff respectfully requests the following relief:**

(a) Service of the Summons and this Complaint on each Defendant;

(b) A trial by jury on every appropriate issue;

(c) Judgment for Plaintiff and against each Defendant for past, present, and future economic damages;

(d) Judgment for Plaintiff and against each Defendant for past, present, and future non-economic damages;

(e) Judgment for Plaintiff and against each Defendant for punitive damages without limitation or cap;

(f) Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees;

(g) That the costs of this action be cast against Defendants; and

(h) Any additional relief the Court deems appropriate.

Respectfully submitted this 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDE
MAY 31, 2024 04:36 PM
Carnie W. Thomas
Carnie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN, )
)
**Plaintiff,** )
)
v. )
) CIVIL ACTION FILE NO.
JULOPSY DESTINE, ARO TRANS ) ______________________
LLC, AND NATIONAL )
CONTINENTAL INSURANCE )
COMPANY, )
)
**Defendants.** )
______________________________ )

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT JULOPSY DESTINE**

Pursuant to O.C.G.A. §§ 9-11-26 and -33, Plaintiff requests that Defendant Julopsy Destine ("Defendant") answer the following interrogatories under oath in the time and manner required by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

**"Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

**"Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

**"Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refer to Defendant Julopsy Destine, including his agent(s), representative(s), officer(s), employee(s), insurer(s), and attorney(s).

## Instructions

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed before the time for responding to the subject discovery requests. *See, e.g.*, *Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

**Interrogatories**

1.

Please **identify** all **persons** who are supplying information to respond to these Interrogatories and to **Plaintiff**'s Requests for Production of Documents.

2.

Please provide **your** full name, **your** present residence address, **your** date of birth, **your** Social Security number, the name of **your** present employer and **your** job title, the name of **your** employer on the date of the **occurrence**, and all other names by which **you** have been known throughout **your** lifetime, including the dates that **you** were known by those names.

3.

Please provide all addresses at which **you** have resided in the past ten (10) years and the dates of each residency, including all addresses where **you** regularly resided at least a few days per month, had a key, received mail, and/or could come and go as **you** pleased.

4.

If **you** contend that **Plaintiff** or any nonparty acted or failed to act in a manner that caused or contributed to the **occurrence**, please **identify** the person or entity, set forth the facts upon which **your** contention is based, and state in detail the allegations of negligence, including all United States statues, state statutes, city ordinances, country ordinances, and all other governmental laws, rules, or regulations which **you** contend **Plaintiff** and/or the nonparty violated.

5.

Do **you** claim that the **occurrence** was in any way caused by a mechanical defect or malfunction of **your** vehicle? If so, please state the details of the defect or malfunction, when **you** first had knowledge of it, and how **you** believe it contributed to the **occurrence**.

6.

Please detail **your** activities for the forty-eight (48) hours preceding the **occurrence**. Specifically, please state the number of hours **you** had worked and slept, and whether **you** consumed any alcoholic beverages of any type, or any sedative, tranquilizer, or other drug, medicine, or pill, whether illegal or legal, prescription, or over the counter. Please also **identify** anyone who can confirm these activities by providing their names, addresses, and phone numbers.

7.

Did **you** receive a traffic citation or warning as a result of the **occurrence**? If so, please state the statute number and name of the violation listed on the citation, and provide the date, place, and manner of disposition of the citation.

8.

Please describe in narrative detail the events surrounding the **occurrence**, including but not limited to a description of how, when, and where it occurred. Please include in your narrative a description of what **you** believe caused the **occurrence**. If **you** were driving for an employer, please begin your narrative when **your** trip began and including the time, location, and all destinations and stops from the time **you** began **your** trip until the time of the **occurrence**. Please also describe the events that transpired in the seventy-two (72) hours after the **occurrence**, including whether **you** had any meetings with **your** employer and who was present at those meetings.

9.

Have **you** ever been drug tested? If so, please list the facility, the date, and the results of each test.

10.

Please state whether **you** had any physical disabilities whatsoever at the time of the **occurrence**, and if so, describe them.

11.

With respect to the day of the **occurrence**, please state:

(a) The origin of **your** trip;

(b) **Your** intended destination;

(c) What time **you** were planning to reach **your** intended destination;

(d) What time **your** trip was scheduled to begin in order to reach **your** intended destination at the intended time;

(e) What time **you** actually began **your** trip;

(f) The total number of miles the trip was supposed to cover; and

(g) Whether **you** made any stops between the start of the trip and the time of the **occurrence**.

12.

Please state the nature and purpose of **your** trip, and if the trip was work-related, state the name of **your** supervisor, the name of the **person** who instructed **you** to make the trip, and what **you** intended to do upon reaching **your** destination.

13.

Did **you** have a valid driver's license at the time of the **occurrence**? If so, please state the following for each:

(a) The type of license (commercial or otherwise);

(b) The state of issue;

(c) Whether there are/were any restrictions;

(d) The nature of any such restrictions; and

(e) Whether your driver's license has ever been suspended or revoked.

14.

Have **you** ever been arrested or convicted of a crime (other than traffic offenses)? If so, please **identify** each occurrence, date of arrest, the court in which any criminal proceeding against **you** was held, and the disposition of each charge if applicable, including the terms of **your** probation and/or other types of sentencing. *See Lewis v. State*, 243 Ga. 443 (1979); *Hightower v. General Motors Corp.*, 175 Ga. App. 112 (1985).

15.

If **you** have ever been a party to a lawsuit, including a claim for workers' compensation or a bankruptcy proceeding, please **identify** the **person** involved and provide the style and number of the case, the nature of the litigation, the role **you** or **your** family member had in the matter (plaintiff, defendant, etc.), and the court or administrative body before which the suit was filed.

16.

Please list all violations of motor vehicle or traffic laws or ordinances to which **you** have ever pleaded guilty or nolo contendere or of which **you** have been found guilty, the date of such offense, the court in which each case was heard, and the nature of the violation charged.

17.

For every communication device (cell phone, tablet, or any type of hardware capable of transmitting data, instructions, and information between a sending device and a receiving device) to which **you** had access on the day of the **occurrence**, please state:

(a) The name and address of the company that provided the mobile service for that communication device;

(b) The telephone number or other identifying communication device number;

(c) The **person** who owned the communication device;

(d) The type of communication device;

(e) The **person** in whose name the cellular service account for that communication device was held;

(f) Whether **you** used this device to take any photographs, videos, or audio recording at the scene of the **occurrence**; and

(f) The names and telephone numbers of all **persons you** called or texted within two (2) hours before and two (2) hours after the **occurrence**.

18.

**Identify** the name, address, and telephone number of all **persons** that to **your** knowledge, information, or belief:

(a) Were interviewed in relation to the **occurrence;**

(b) Were eyewitnesses to the **occurrence**;

(c) Have photographs taken from the scene of the **occurrence**;

(d) Any employee, representatives or agent of any **Defendant** that went to the scene of the subject **occurrence** on the date of the **occurrence**;

i. For any **person identified** in subpart (c), state the time at which they arrived and left the scene of the subject **occurrence**;

ii. For any **person identified** in subpart (c), state the name, address, and telephone number of any **person** they spoke to on the scene of the subject **occurrence** on the date of the **occurrence**, and describe their statements; and

iii. For any **person identified** in subpart (c), describe all photographs they took on the scene of the subject **occurrence**; or

(e) Have or may have any knowledge or information concerning the subject **occurrence** or any other issues involved in this lawsuit who were not **identified** in subparts (a), (b), and (c).

19.

Please state whether any of the **persons** identified in response to the previous interrogatory have given any statement(s) or account(s) to **you**, either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, please **identify** any witness(es) giving such statement(s), provide an explanation of the type of statement(s) given (oral, written, recorded, etc.), and **identify** the **person** who took the statement and the present custodian of such statement(s), and provide their phone number, age, address, occupation, and place of employment.

20.

Please describe all **documents**, letters, incident reports, or any other tangible item **you** viewed or created in regard to this **occurrence**. This includes, but is not limited to, all **documents**, statements, photographs, or any other tangible item shown or given to **you** by **your** employer or that **you** showed and/or gave to **your** employer.

21.

Please provide the names, last-known addresses, places of employment, job classifications, and present whereabouts of all expert witnesses, professional consultants, agents, servants, employees, representatives, private investigators, or others who evaluated or investigated the **occurrence** or the damages resulting from the **occurrence** on **your** behalf.

22.

Please provide the name, telephone number, and address of each expert witness or professional consultant retained or consulted by **you** or on **your** behalf to make an evaluation or investigation of the cause of the **occurrence** or the damages sustained by **Plaintiff**. With respect to each **person**, please state:

(a) The specific subject matter on which **you** expect the expert to testify;

(b) The substance of the facts, opinions, and conclusions which **you** expect the expert to testify;

(c) The grounds for each opinion or conclusion;

(d) Whether the expert has prepared or provided **you** with a written or recorded statement or report concerning the expert's investigation or study, or the facts found by the expert, or the conclusions or opinions arrived at by the expert, or the grounds of the expert's opinions or conclusions. If so, please state the date of each report or statement and the names and addresses of all **persons** who have a copy of each report or statement; and

(f) Whether the expert has ever been limited in his ability to testify or ever been denied qualifications under a *Daubert* standard.

*See* O.C.G.A. § 9-11-26(b)(4)(A)(i). Please note that this interrogatory applies to *all* expert witnesses including all **practitioners of the healing arts**. The trial court has the power to exclude any expert or any expert testimony not fairly disclosed in **your** answer to this interrogatory.

23.

Please **identify** each **communication you** had with **Plaintiff** or their agents at the time of the **occurrence** or at any time thereafter.

24.

Please describe with particularity all **documents,** photographs, charts, diagrams, videotapes, medical records, medical bills, illustrations of any **person**, place, or thing involved in this lawsuit, and other tangible things, giving the date each was made and the name and address of each **person** having possession, custody, or control of each item.

25.

Please **identify** all medical providers that **you** believe **Plaintiff** has received care from, both before and after the **occurrence**, and all medical records, bills, radiographs, and any other **documents** related to the care **Plaintiff** received that are in **your** possession, custody, or control.

26.

Please provide the name of each insurance carrier that <u>may</u> provide coverage for damages resulting from the **occurrence** (regardless of whether **you** believe the company <u>will</u> provide such coverage), and for each, please state:

(a) The effective dates of coverage;

(b) The policy number and/or claim number;

(c) The policy limits; and

(d) Whether the insurance company is defending **you** under a reservation of rights.

27.

With respect to the vehicle **you** were driving at the time of the **occurrence**, please:

(a) **Identify** each **person** and/or entity that held an ownership interest in the vehicle;

(b) **Identify** each **person** who made the vehicle available for **your** use; and

(c) Describe with particularity the circumstances under which **you** used the vehicle on the day of the **occurrence** and the general circumstances under which **you** had used the vehicle previously.

28.

Please list all **documents**, photographs, medical records, and any other tangible items that **you** believe could potentially be used in an attempt to impeach **Plaintiff**.

29.

Please **identify** every **person you** spoke to about the **occurrence** within seventy-two (72) hours after the **occurrence**, including but not limited to supervisors, coworkers, dispatchers, friends, and family members. Please include a title, address, and phone number for each **person identified**.

30.

Please **identify** all meetings **you** had with **your** employer or its agents regarding the **occurrence**, and for each meeting **identified**, please list:

(a) Who was present;

(b) All **documents**, **diaries**, photographs, and other items reviewed, filled out, or discussed; and

(c) All topics discussed.

31.

Please describe all **documents**, letters, occurrence reports, and any other tangible items **you** viewed or created regarding the **occurrence**.

32.

If **you** or anyone acting on **your** behalf have placed **Plaintiff** under surveillance at any time since the **occurrence**, please state:

(a) The name, address, and telephone number of each **person** performing the surveillance;

(b) The dates of the surveillance;

(c) The form of the surveillance (e.g., motion pictures, still pictures, observation, tape recorders, etc.); and

(d) Who has possession of the results of the surveillance.

33.

Have **you** or anyone acting on **your** behalf posted (or replied to any post) on any social media websites or blogs (including but not limited to Facebook, LinkedIn, TikTok, Tumblr, Twitter, Reddit, Discord, YouTube, Instagram, Myspace, Pinterest, and/or WordPress, etc.) relating to:

(a) The **occurrence**;

(b) Any injuries (or absence of injuries) **you** suffered from the **occurrence**; or

(c) Any impairment (or absence of impairment) of **your** ability to work or be active because of the **occurrence**?

If so, please do not destroy or delete any such posts; instead, please state when and on which social media websites or blogs the posts were made.

*[Signature on following page]*

This 31st day of May, 2024.

**WERNER LAW, LLC**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDE
MAY 31, 2024 04:36 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

CIVIL ACTION FILE NO. ____________

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE TO DEFENDANT JULOPSY DESTINE**

Pursuant to O.C.G.A. §§ 9-11-26 and -34, Plaintiff requests that Defendant Julopsy Destine ("Defendant") produce all documents and things in his possession, custody, or control that are responsive to the following requests in the time and manner required by law. Additionally, pursuant to O.C.G.A. § 24-13-27, Plaintiff serves this notice to produce on Defendant.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

**"Identify"** means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

**"Occurrence"** means the July 3, 2022 incident that gives rise to this lawsuit.

**"Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to Julopsy Destine, including his agent(s), representative(s), insurer(s), and attorney(s).

## Instructions

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

If you assert a blanket "vague," "unduly burdensome," or similar objection, but then answer subject to that objection, please affirmatively state that no documents or information have been withheld subject to the objection raised. If you refuse to provide information or documents responsive to a request on the basis of privilege, please affirmatively state that information or documents have been withheld and produce a privilege log containing the following information:

(a) Identification of the document;

(b) The general character of the document (e.g., letter, memorandum, contract, etc.);

(c) The date of the document;

(d) The person who offered or otherwise created or generated the document;

(e) A brief summary of the subject matter of the document;

(f) The location of the document; and

(g) The nature and grounds of the privilege claimed.

These requests are continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require you to serve supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

O.C.G.A. § 9-11-26(b) is to be interpreted liberally—it requires the production of all relevant and responsive information regardless of its admissibility at trial. *Bullard v. Ewing*, 158 Ga. App. 287, 291 (1981). If you wish to seek protection from the general duty to provide broad discovery established by § 9-11-26(b), the means to do so is by filing a motion for protective order, as set forth in O.C.G.A. § 9-11-26(c). If you seek a motion for protective order, that motion should be filed before the time for responding to the subject discovery requests. *See, e.g.*, *Milholland v. Oglesby*, 115 Ga. App. 715, 716-18 (1967); Judge Wayne M. Purdom, Ga. Civil Discovery §

4:8. You bear the burden of clearly and specifically demonstrating why discovery should not be had. *Young v. Jones*, 149 Ga. App. 819, 824 (1979).

## Requests for Production

1.

All statements from **Plaintiff**, whether written or recorded.

2.

All photographs, charts, diagrams, videotapes, and other illustrations of any **person**, place, or thing involved with or having any relationship to this lawsuit.

3.

All **documents** evidencing, reflecting, relating to, or constituting any **communication** between **you** and **Plaintiff**, including without limitation all correspondence, letters, notes, tapes, memoranda, and any other evidence of **communications** between **you** and **Plaintiff**.

4.

All **documents** evidencing, reflecting, relating to, or constituting medical bills, medical records, or any other medical treatment **you** received as a result of the **occurrence**.

5.

All **documents** evidencing, reflecting, or relating to damages the vehicle **you** were driving sustained as a result of the **occurrence**.

6.

All **documents** evidencing, reflecting, relating to, or constituting any traffic citations **you** received as a result of the **occurrence**.

7.

All **documents** evidencing, reflecting, relating to, or constituting an incident report regarding the **occurrence**.

8.

All **documents you** prepared that describe the **occurrence** or the circumstances leading up to the **occurrence**.

9.

All **documents** evidencing, reflecting, or relating to damage to **Plaintiff**'s vehicle sustained as a result of the **occurrence**.

10.

A true and accurate copy of the front and back of every driver's license issued to **you**.

11.

All **documents** pertaining to the trip that **you** were on at the time of the **occurrence**.

12.

All bills reflecting the date of the **occurrence** for all communication devices (phones, tablets, computers, etc.) to which **you** had access on the date of the **occurrence**. Please include the entire bill for July 3, 2022, including statements showing the outgoing and incoming text messages and phone calls.

13.

All **documents** pertaining to the identity of **your** employer and **your** supervisor on the date of the **occurrence**.

14.

All **documents** setting forth the relationship between **you** and Defendant ARO Trans, LLC, including but not limited to leases, employment contracts, pay stubs, tax forms, agreements, memoranda, and the like.

15.

All videos, photographs, audio recordings, and reports reflecting surveillance on **Plaintiff**.

16.

All **documents**, videos, medical records, medical bills, medical narratives, photographs, and any other tangible items that relate to medical treatment received by **Plaintiff**, both before and after the **occurrence**.

17.

All **documents** evidencing, reflecting, relating to, or constituting any drug and/or alcohol tests **you** have taken in the last ten (10) years, whether or not such tests were related to your employment with Defendant ARO Trans, LLC.

18.

All insurance policies that **may** provide coverage for damages resulting from the **occurrence** (regardless of whether **you** believe the policies **will** provide such coverage), including policy numbers, declaration pages, and the entire policy contracts.

19.

All subrogation agreements, notices of claimed subrogation rights by others, assignments of claims to others, workers' compensation liens, hospital liens, and other **documents** concerning subrogation claims related to the **occurrence**.

20.

All settlement agreements between **you** and any other **person**, whether or not a party to this lawsuit, regarding the **occurrence** or any damages resulting therefrom.

21.

All damage appraisals and/or repair invoices regarding any vehicle involved in the **occurrence** for damages sustained in the **occurrence**.

22.

All **documents** pertaining to the load you were hauling on the day of the **occurrence**, including but not limited to bills of lading, checklists, and any other load-related **documents**.

23.

All **documents** reflecting the gross weight of the vehicle **you** were operating at the time of the **occurrence**.

24.

All **documents** reflecting the shippers and brokers involved with any load **you** were hauling or scheduled to pick up on the day of the **occurrence**.

25.

All **documents** showing when and where you were picking up a load on the day of the **occurrence** and when and where the load was to be delivered/was delivered.

26.

Copies of the front and back of **your** hand-written daily logs for the day of the **occurrence** and the 30-day period preceding the **occurrence**, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver involved in the **occurrence** and the results of any computer

program used to check logs, as well as all results of any audit of the logs by Defendant ARO Trans, LLC or a third party.

27.

Copies of **your** electronic daily logs for the day of the **occurrence** and the 30-day period preceding the **occurrence**, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver involved in the **occurrence** and the results of any computer program used to check logs, as well as all results of any audit of the logs by Defendant ARO Trans, LLC or a third party.

28.

Copies of **your** activity logs, route history logs, and audit logs for any Electronic Logging Device/Automatic On-Board Recording Devices software for the 30-day period preceding the **occurrence**, including but not limited to all data and **documents** regarding every access, entry, event, log, deletion, edit, change, and/or alteration made to the Electronic Logging Device/Automatic On-Board Recording Devices software program and/or subscription.

29.

All items listed in **your** "accident kit," including all documentation that refers to **your** "accident kit."

30.

All **documents** evidencing, reflecting, relating to, or constituting any criminal arrests, pleas, convictions, and any other criminal proceeding against **you**, including **documents** relating to terms of probation and/or other types of sentencing.

31.

All **documents** evidencing, reflecting, relating to, or constituting any violations of motor vehicle or traffic laws or ordinances of which **you** have ever been convicted or pleaded guilty or

nolo contendere, including but not limited to reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

32.

All **documents** related to any motor vehicle collision in which **you** have ever been involved, regardless of how many other vehicles were involved (i.e., including single-vehicle collisions) and regardless of whether **you** were cited as a result of the collision.

33.

**Your** complete personnel file from Defendant ARO Trans, LLC, including but not limited to applications for employment, payroll records, check stubs, letters of reference, investigation documents, inquiries into **your** driving history, documents relating to **your** medical conditions, **documents** relevant to termination, suspension, or cessation of **your** employment, and documents referencing any disciplinary actions or reprimands as a result of the **occurrence** or any other collision in which **you** were involved.

34.

To the extent not produced in response to previous requests, **your** complete driver qualification file from Defendant ARO Trans, LLC.

35.

All **documents** that relate to any action (formal or informal) by any supervisor or manager or anyone working for or on behalf of Defendant ARO Trans, LLC directed to **you** for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing **you** in any way relating to the safe operation of a commercial vehicle or your work habits.

36.

All **documents** related to any complaint, criticism, or concern raised by any person or entity regarding **your** driving performance and/or safety, including but not limited to customer complaints and call-ins by motorists, either to Defendant ARO Trans, LLC directly or to any service utilized by Defendant ARO Trans, LLC.

37.

A complete copy of **your** driving history maintained or obtained by Defendant ARO Trans, LLC by any insurer, by any governmental source, or by any other private business entity on **your** behalf.

38.

All trip-monitor records or receipts specifying destinations or stops from the date of the **occurrence**.

39.

Any weight tickets, fuel receipts, hotel bills, meal receipts, beverage receipts, or other records of expenses for **you** or the vehicle involved in this collision for the day of the **occurrence** and the eight-day period preceding the **occurrence**.

40.

All employee handbooks, safety manuals, pamphlets, magazines, or instructional materials or **documents** that were distributed to **you** as an employee and/or agent of Defendant ARO Trans, LLC, and utilized in the training, development, and/or monitoring of employees and/or agents within the time period of the **occurrence**, including but not limited to policies relating to:

(a) Working for or with a company generally (e.g., employee manual or handbook);

(b) Operation of any motor vehicle (e.g., driving manuals or handbooks);

(c) Operation of a commercial vehicle;

(d) Operating a tractor equipped with a manual transmission;

(e) Driving safety;

(f) Defensive driving;

(g) Compliance with federal and state laws and regulations;

(h) Accident investigation;

(i) Accident review boards;

(j) Determination of preventability of accidents;

(k) Hiring, training, and supervising drivers; and

(l) Disciplinary actions.

41.

All **documents you** signed to prove that **you** received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Defendant ARO Trans, LLC.

42.

All **documents** concerning the investigation of the **occurrence** by Defendant ARO Trans, LLC, including their employees, representatives, and agents.

43.

All **documents** concerning the investigation of the **occurrence** by police, fire departments, OSHA, unions, other employers, or other organizations.

44.

All statements (written or recorded) from Defendant ARO Trans, LLC and its agents, representatives, employees, and former employees that relate to the **occurrence** or are relevant to the subject matter involved in this lawsuit.

45.

All **documents** evidencing, reflecting, relating to, or constituting a statement (written, recorded, or oral) taken from anyone interviewed by **you**, or on **your** behalf, regarding the **occurrence** or this lawsuit.

46.

All **documents** evidencing, reflecting, relating to, or constituting a statement (written, recorded, oral, court or deposition transcript, etc.) taken from anyone with knowledge relevant to this lawsuit.

47.

All **documents** received from third parties that mention, concern, refer, or relate to any issue in this lawsuit.

48.

All notes, memoranda, and reports prepared by any expert witness **you** expect to testify at trial, including, but not limited to:

(a) All **documents** and items produced to the expert;

(b) All **documents** and items generated or produced by the expert;

(c) A copy of the expert's entire file;

(d) A current résumé or curriculum vitae for the expert; and

(e) All billing records and work logs for the expert.

49.

All field notes, sketches, diagrams, letters, memos, reports, photos, and other **documents** concerning the **occurrence** or other any subject matter involved in this lawsuit that have been generated by or for experts consulted in this case.

50.

All **documents** produced to, produced by, or generated by each witness who may provide testimony at trial.

51.

All **documents** concerning judicial, quasi-judicial, or administrative hearings concerning the **occurrence**.

52.

All **documents**, photographs, medical records, or any other tangible items that **you** believe could potentially be used in an attempt to impeach **Plaintiff**.

53.

Please produce any and all **documents**, letters, diagrams, forms, or any other tangible item that **you** viewed, were given to **you**, or were filled out by **you** that relate in any way to the **occurrence**. Specifically, we are looking for any **documents** or tangible items that were shared between **you** and any Defendant. However, in no way should this be limited to those documents or tangible things that were "shared," as it also includes any documents or tangible things shown and/or given to you by either corporate defendant or shown and/or given to either corporate defendant by you.

54.

The account data from the date of the **occurrence** through the present for each social media website or blog maintained by **you**.

55.

All **documents** constituting evidence relied upon to demonstrate and support facts relevant to this litigation.

56.

Please produce any and all **documents**, photographs, video, medical records, billing statements, or any other tangible item that **you** receive from any nonparty requests, subpoena or any other method regarding **Plaintiff** and/or this litigation.

57.

If the vehicle **you** were driving had any video or other recording device, please produce everything that was retrieved or could be retrieved.

58.

All **documents** identified in **your** responses to **Plaintiff's** interrogatories.

59.

A privilege log identifying each responsive document or thing that **you** refuse to produce because of a claim of privilege, setting forth the specific privilege claimed, the date, the general subject matter, the writer/originator, and the recipient/addressee for each such document or thing.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDE
MAY 31, 2024 04:36 PM
Carrie W. Thomas
Carrie W. Thomas, Cle
Jackson County, Georg

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

CIVIL ACTION FILE NO. ______________

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT JULOPSY DESTINE**

Pursuant to O.C.G.A. §§ 9-11-26 and -36, Plaintiff requests that Defendant Julopsy Destine respond to the following requests for admission in the time and manner required by law.

**Definitions**

**"Communication(s)"** means both oral and written exchanges, including but not limited to verbal conversations (such as telephone calls and/or words spoken at a meeting, encounter, or speech) and writings (such as letters, notes, memoranda, reports, telegrams, emails, confirmations, exhibits, drawings, and sketches).

**"Diary"** means any writing, journal, blogging, or posting on any social media website, including but not limited to, Facebook, LinkedIn, X f/k/a Twitter, Instagram, Discord, Gofundme, Tumblr, WhatsApp, YouTube, Tumblr, TikTok, Reddit, Pinterest, Snapchat, Myspace, Pinterest, Wattpad, Wordpress, etc.

**"Document(s)"** means all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by

the respondent through detection devices into reasonably usable form, of every type and description that is in your possession or control, including, but not limited to correspondence, memoranda, e-mails, tapes, stenographic or handwritten notes, studies, reports, publications, electronic data of any type, computer records, invoices, purchase orders, shipping orders, bills of lading, acknowledgments, surveys, plans, specifications, work orders, inspections, quality control records, etc.; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

"**Identify**" means:

(a) With respect to individuals, to provide the name, present or last-known residence address, present or last-known residence telephone number, present or last known employer or business affiliation, present or last-known business address, and present or last-known business telephone number of each person mentioned;

(b) With respect to institutions, businesses, groups, or other organizations, to provide the current or last-known complete name, address, and telephone number for each; and

(c) With respect to "documents," to provide—irrespective of whether the document is subject to any claim of privilege—the title or other means of identification of each document, the date of each document, the name and address of the author, the name and address of each recipient, and the name and address of all persons who have custody, control or possession of each document or copies of it.

"**Occurrence**" means the July 3, 2022 incident that gives rise to this lawsuit.

**"Person(s)"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

**"Plaintiff"** refers to Karsyn Van Houten.

**"Practitioner(s) and institution(s) of the healing arts"** means all physicians, surgeons, osteopaths, psychologists, psychiatrists, physical therapists, chiropractors, nurses, therapists or other medical practitioner, of any type or kind whatsoever, rendering treatment and hospitals, infirmaries, clinics, sanitariums, nursing homes, outpatient clinics or other facilities, of any type or kind whatsoever, rendering treatment.

**"You" and "your"** refers to Julopsy Destine, including his agent(s), representative(s), insurer(s), and attorney(s).

**<u>Instructions</u>**

Answers shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, please specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable is insufficient to enable you to admit or deny.

If you fail to admit the truth of any matter as requested, and if Plaintiff thereafter proves the truth of the matter, Plaintiff will ask the Court for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

Plaintiff carefully crafted these requests to elicit discoverable information pertaining to the allegations in her complaint. Plaintiff requests that you set forth in your response the text of the

request propounded as well as your responses or objections to that request, including Bates numbers for any document produced, so that it is clear from the four corners of his response what the request seeks and what your answer is to that request. This is helpful to the Court and the parties so that it is not necessary to flip from one document to another to determine the answer to a particular request. If you request, Plaintiff will provide these requests via e-mail to facilitate this process, provided that you will also provide a copy of your discovery requests. Plaintiff asks that you not respond to requests by referring to your responses to other requests or by adoption, since some of the requests may be introduced into evidence.

## Requests for Admission

1.

Admit that **you** were properly served with copies of the summons and the complaint.

2.

Admit that the Court has personal jurisdiction over **you**.

3.

Admit that the Court has subject matter jurisdiction over this action.

4.

Admit that venue is proper in Jackson County.

5.

Admit that Defendant ARO Trans, LLC ("Defendant ARO") was **your** employer at the time of the **occurrence**.

6.

Admit that the vehicle **you** were driving at the time of the **occurrence** was owned by Defendant ARO.

7.

Admit that **you** were driving the vehicle in the course and scope of **your** employment with Defendant ARO at the time of the **occurrence**.

8.

Admit that **you** were driving the vehicle in the course and scope of **your** agency of Defendant ARO at the time of the **occurrence**.

9.

Admit that the **occurrence** occurred on I-85 southbound in Braselton, Jackson County, Georgia.

10.

Admit that prior to the **occurrence you** were on the outside shoulder of the southbound lanes of I-85.

11.

Admit that prior to the **occurrence you** were parked on the outside shoulder of the southbound lanes of I-85.

12.

Admit that prior to the **occurrence you** were parked on the outside shoulder of the southbound lanes of I-85 without placing **your** triangles behind your tractor-trailer.

13.

Admit that immediately prior to the **occurrence you** attempted to enter the right lane of I-85 southbound.

14.

Admit that prior to the **occurrence you** did not look to see if traffic was coming from behind **you** in the right lane of I-85 southbound.

15.

Admit that prior to the **occurrence you** did see traffic coming from behind **you** in the right lane of I-85 southbound, but **you** entered the roadway anyways.

16.

Admit that at all relevant times, **you** were required to yield to traffic in right lane of I-85 southbound.

17.

Admit that at all relevant times, vehicles traveling in the right lane on I-85 southbound had the right of way to vehicles entering the travel lanes of I-85 from the shoulder.

18.

Admit that **Plaintiff** was traveling in the right lane of I-85 southbound.

19.

Admit that **Plaintiff** had the right of way to **your** vehicle when **you** entered I-85 from the shoulder.

20.

Admit that **you** entered the right lane of I-85 southbound directly in front of **Plaintiff**.

21.

Admit that **you** received a citation for failure to yield in violation of O.C.G.A. § 40-6-73.

22.

Admit that **you** carelessly entered the right lane of I-85 southbound in front of **Plaintiff.**

23.

Admit that **you** were not paying attention to what **you** were doing when **you** entered the right lane of I-85 southbound.

24.

Admit that **you** told the investigating officer at the scene of the subject collision that **you** were at fault for causing the **occurrence.**

25.

Admit that **Plaintiff's** vehicle sustained significant damage from the **occurrence.**

26.

Admit that **Plaintiff's** vehicle was rendered inoperable as a result of the **occurrence.**

27.

Admit that **you** had driven for more than eleven (11) consecutive hours prior to the **occurrence.**

28.

Admit that **you** had been on duty for more than fourteen (14) hours prior to the **occurrence.**

29.

Admit that **you** did not take a 30-minute break from driving after driving for more than eight (8) hours prior to the **occurrence.**

30.

Admit that **you** had been on duty for more than sixty (60) hours during the 7-day period prior to and leading up to the **occurrence.**

31.

Admit that **you** had been on duty for more than seventy (70) hours during the 8-day period prior to and leading up to the **occurrence**.

32.

Admit that **you** were fatigued prior to and during the **occurrence**.

33.

Admit that **you** were ill and/or sick prior to and during the **occurrence**.

34.

Admit that **you** were under the influence of alcohol at the time of the **occurrence**.

35.

Admit that **you** were under the influence of prescription medication at the time of the **occurrence**.

36.

Admit that **you** intentionally pulled in front of **Plaintiff's** vehicle at the time of the **occurrence**.

37.

Admit that **you** were in a hurry when you entered the right lane of I-85 southbound at the time of the **occurrence**.

38.

Admit that **you** were in a hurry to deliver a load on behalf of Defendant ARO at the time of the **occurrence**.

39.

Admit that **you** were in a hurry at the time of the **occurrence** because **you** were under time constraints imposed by Defendant ARO.

40.

Admit that **you** were in a hurry at the time of the **occurrence** because **you** were incentivized by Defendant ARO to deliver loads quickly.

41.

Admit that the load **you** were carrying at the time of the **occurrence** was required to be delivered by a specific time.

42.

Admit that **you** were paid per load by Defendant ARO for loads **you** delivered on its behalf.

43.

Admit that **you** were paid by the mile by Defendant ARO.

44.

Admit that **you** were paid by the hour by Defendant ARO.

45.

Admit that **you** were paid a set salary by Defendant ARO.

46.

Admit that **you** violated one or more of the Federal Motor Carrier Safety Regulations in relation to the **occurrence**.

47.

Admit that **you** caused the **occurrence.**

48.

Admit that **you** contributed to the **occurrence**.

49.

Admit that **you** were negligent in causing the **occurrence**.

50.

Admit that **you** were negligent in contributing to the **occurrence**.

51.

Admit that **you** were reckless in causing the **occurrence**.

52.

Admit that **you** were reckless in contributing to the **occurrence**.

53.

Admit that no **person** or entity other than a named Defendant caused or contributed to the **occurrence**.

54.

Admit that **you** have a history of reckless driving.

55.

Admit that **you** have a pattern of dangerous driving.

56.

Admit that **you** were ordered by Defendant ARO to undergo drug and alcohol testing within two (2) hours of the **occurrence**.

57.

Admit that **you** were not ordered by Defendant ARO to undergo drug and alcohol testing within two (2) hours of the **occurrence**.

58.

Admit that **you** were ordered by Defendant ARO to undergo drug and alcohol testing within eight (8) hours of the **occurrence**.

59.

Admit that **you** were not ordered by Defendant ARO to undergo drug and alcohol testing within eight (8) hours of the **occurrence**.

60.

Admit that **you** were ordered by Defendant ARO to undergo drug and alcohol testing within thirty-two (32) hours of the **occurrence**.

61.

Admit that **you** were not ordered by Defendant ARO to undergo drug and alcohol testing within thirty-two (32) hours of the **occurrence**.

62.

Admit that **you** were suspended by Defendant ARO as a result of the **occurrence**.

63.

Admit that **you** were fired by Defendant ARO as a result of the **occurrence**.

64.

Admit that **you** still work for Defendant ARO.

65.

Admit that **you** met with a supervisor employed by Defendant ARO following the **occurrence** to discuss the **occurrence**.

66.

Admit that **you** were required by Defendant ARO to undergo training following the **occurrence**.

67.

Admit that **you** were operating **your** commercial vehicle with a conscious indifference to the other drivers on the road at the time of the **occurrence**.

68.

Admit that **you** were driving with a conscious indifference to the potential consequences of **your** actions at the time of the **occurrence**.

69.

Admit that **you** were distracted at the time of the **occurrence**.

70.

Admit that **you** took **your** eyes off the roadway in the moments prior to the **occurrence**.

71.

Admit that **you** were using a mobile phone in the moments prior to the **occurrence**.

72.

Admit that **you** were using a mobile phone at the time of the **occurrence**.

73.

Admit that **you** were holding a mobile phone in the moments prior to the **occurrence**.

74.

Admit that **you** were holding a mobile phone at the time of the **occurrence**.

75.

Admit that **you** were looking at the screen of an electronic device in the moments prior to the **occurrence**.

76.

Admit that **you** were looking at the screen of an electronic device at the time of the **occurrence**.

77.

Admit that **you** were texting on a mobile phone in the moments prior to the **occurrence**.

78.

Admit that **you** were texting on a mobile phone at the time of the **occurrence**.

79.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** negligence.

80.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of **your** recklessness.

81.

Admit that **Plaintiff** suffered severe and permanent bodily injuries as a direct and proximate result of the **occurrence**.

82.

Admit that **Plaintiff** received medical treatment for the injuries that were directly and proximately caused by the **occurrence**.

83.

Admit that the treatment **Plaintiff** has undergone for the injuries that were directly and proximately caused by the occurrence was reasonable and necessary.

84.

Admit that **Plaintiff** did nothing to cause or contribute to the **occurrence**.

85.

Admit that **Plaintiff** is zero percent liable for causing the **occurrence**.

86.

Admit that **you** have no evidence that **Plaintiff** caused or contributed to the **occurrence**.

This 31st day of May, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

SHERIFF'S ENTRY OF SERVICE SC-85-2 CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 10, 2024 10:53 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

Civil Action No. 24SV260

Date Filed May 31, 2024

SECOND ORIGINAL

PAID
JUN 10 PAID
By FCMD-0665

Superior Court ☐ Magistrate Court ☐
State Court ☑ Probate Court ☐
Juvenile Court ☐

Georgia, Jackson COUNTY

Attorney's Address

Werner Law
2860 Piedmont Road, NE
Atlanta Georgia 30305

Karsyn Van Houten

Plaintiff

VS.

ARO Trans, LLC, National Continental Insurance Company, and Julopsy Destine

Defendant

Name and Address of Party to be Served.

ARO Trans, LLC
c/o Kenneth W. Goggins, Jr as Registered Agent
466 Melview Avenue, Atlanta Georgia 30310

Garnishee

SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ______ described as follows: age, about ______ years; weight ______ pounds; height, about ______ feet and ______ inches, domiciled at the residence of defendant.

CORPORATION

☑ Served the defendant ARO Trans LLC a corporation by leaving a copy of the within action and summons with Kenneth Goggins in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this Court.

This 20 day of June, 2024.

V 426

DEPUTY

SHERIFF DOCKET ______ PAGE ______

WHITE-CLERK CANARY-PLAINTIFF PINK-DEFENDANT

24018318

SHERIFF'S ENTRY OF SERVICE SC-85-2 CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 10, 2024 11:12 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

Civil Action No. 24SV260

Date Filed May 31, 2024

Superior Court ☐ Magistrate Court ☐
State Court ☑ Probate Court ☐
Juvenile Court ☐

Georgia, Jackson COUNTY

Karsyn Van Houten

Plaintiff

Attorney's Address

Werner Law
2860 Piedmont Road, NE
Atlanta, Georgia 30305

VS.

ARO Trans, LLC, National Continental Insurance Company, and Julopsy Destine

Defendant

Name and Address of Party to be Served.

National Continental Insurance Company
c/o CT Corporation System as Registered Agent
289 S. Culver Street Lawrenceville, Ga 30046

Garnishee

## SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ________ personally with a copy of the within action and summons.

NOTORIOUS

I have this day served the defendant ________ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ________ described as follows: age, about ____ years; weight ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

CORPORATION

Served the defendant National Continental Insurance Company a corporation

☑ by leaving a copy of the within action and summons with Jane Richardson in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ________ not to be found in the jurisdiction of this Court.

This 7 day of June, 2024.

G. Higgins 5054

DEPUTY

SHERIFF DOCKET ____ PAGE ____

WHITE-CLERK CANARY-PLAINTIFF PINK-DEFENDANT

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, National Continental Insurance Company (hereinafter referred to as "Defendant"), and files this its Answer to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to state a claim for special damages pursuant to O.C.G.A. § 9-11-9(g), as such damages are not pled with specificity. Therefore, Defendant moves for a more definite statement thereof, pursuant to O.C.G.A. § 9-11-12(e). See Bryant v. Haynie, 216 Ga. App. 430, 432, 454 S.E.2d 533 (1995).

**THIRD DEFENSE**

This Defendant is not liable to Plaintiff because if Plaintiff sustained damages as alleged in the Complaint, such damages, if any, were due solely and were proximately caused by Plaintiff's

own contributory and/or comparative negligence.

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act of any Defendant named herein and/or Plaintiff could have but failed to mitigate the alleged damages.

**FIFTH DEFENSE**

This Defendant is not liable to Plaintiff because Plaintiff's own negligence equaled or preponderated over any alleged act or omission of Defendant in producing or bringing about the incident which forms the basis of Plaintiff's complaint, however, this Defendant denies that it produced, brought about, caused or contributed to the occurrence complained of in the complaint.

**SIXTH DEFENSE**

Defendant is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff with regard to the facts set forth in the Complaint, in tort, contract or otherwise.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the relief set forth in the Complaint, and the Complaint should be dismissed because this Court lacks personal jurisdiction over the Defendant.

**EIGHTH DEFENSE**

To the extent the Complaint includes a prayer for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 33-4-6, such prayer is insufficient in fact and law. Defendant has at all times acted in good faith and with reasonable and probable cause with respect to the actions it has taken, and Plaintiff, therefore, fails to state a claim for any bad faith penalties or attorneys' fees.

## NINTH DEFENSE

To the extent the Complaint includes a prayer for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 13-6-11, such prayer is insufficient in fact and law. This Defendant has at all times acted in good faith, has not been stubbornly litigious, and has not caused Plaintiff unnecessary trouble or expense; and the Plaintiff, therefore, fails to state a claim for any attorneys' fees or expense of litigation.

## TENTH DEFENSE

Plaintiff's request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

## ELEVENTH DEFENSE

Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

## TWELFTH DEFENSE

Plaintiff's punitive damages claim is barred on the grounds that an award of punitive damages would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph XVII of the Georgia Constitution.

**THIRTEENTH DEFENSE**

As to Plaintiff's claims for punitive damages pursuant to O.C.G.A. § 51-12-5.1, Defendant shows that said statute violates the United States and State of Georgia Constitutions on the following bases: O.C.G.A. § 51-12-5.1 is penal in nature and provides for the imposition of damages serving the function of criminal penalties, and any awards thereunder are in effect private fines. Said statute further contains no discernable standards for the award of damages and allows the entry of damages on a random, unpredictable, arbitrary, capricious, and excessive basis. Said statute further allows the entry of awards on the basis of proof that fails to establish the entitlement therefore beyond a reasonable doubt. Said statute further fails to accord to parties the other basic federal constitutional rights accorded to defendants in criminal or penal matters, including without limitation, the right against self-incrimination.

**FOURTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in Plaintiff's Complaint, this Defendant responds as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**BACKGROUND**

9.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint as to this Defendant.

**COUNT ONE**
**Negligence, Gross Negligence, and Recklessness of Defendant Julopsy Destine**

21.

Defendant hereby reasserts and realleges its responses to Paragaraphs 1 through 20 of Plaintiff's Complaint as if fully restated herein.

22.

Defendant admits that Defendant Destine owed a general duty to the public while operating a commercial motor vehicle. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**COUNT TWO**

**Vicarious Liability of Defendant ARO Trans, LLC**

31.

Defendant hereby reasserts and realleges its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully restated herein.

32.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

**COUNT THREE**
**Independent Negligence and Recklessness of Defendant ARO**

34.

Defendant hereby reasserts and realleges its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully restated herein.

35.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 35 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 36 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

**COUNT FOUR**

**Direct Action Against National Continental Insurance Company**

43.

Defendant hereby reasserts and realleges his responses to Paragraphs 1 through 42 of Plaintiff's Complaint as if fully restated herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint as stated.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint as stated.

**COUNT FIVE**
**PUNITIVE DAMAGES**

47.

Defendant reasserts and realleges its responses to Paragraphs 1 through 46 of Plaintiff's Complaint as if fully restated herein.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**COUNT SIX**
**Litigation Expenses and Attorney's Fees**

49.

Defendant reasserts and realleges his responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if fully restated herein.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

**Plaintiff's Damages**

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies each and every allegation contained in the Paragraph beginning with "WHEREFORE" in Plaintiff's Complaint, including subparts and any prayer or request for relief.

53.

Defendant denies each and every allegation contained in Plaintiff's Complaint to which no response has previously been made.

WHEREFORE, Defendant herein prays that it be discharged from the present action, with costs cast upon the remaining parties.

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

______x______ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

____________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

____________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S JURY TRIAL DEMAND**

COMES NOW National Continental Insurance Company, named Defendant herein, and hereby demands a trial by twelve (12) persons.

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

____X____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**DEFENDANT ARO TRANS, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, ARO Trans, LLC (hereinafter referred to as "Defendant"), and files this its Answer to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to state a claim for special damages pursuant to O.C.G.A. § 9-11-9(g), as such damages are not pled with specificity. Therefore, Defendant moves for a more definite statement thereof, pursuant to O.C.G.A. § 9-11-12(e). See Bryant v. Haynie, 216 Ga. App. 430, 432, 454 S.E.2d 533 (1995).

**THIRD DEFENSE**

This Defendant is not liable to Plaintiff because if Plaintiff sustained damages as alleged in the Complaint, such damages, if any, were due solely and were proximately caused by Plaintiff's own contributory and/or comparative negligence.

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act of any Defendant named herein and/or Plaintiff could have but failed to mitigate the alleged damages.

**FIFTH DEFENSE**

This Defendant is not liable to Plaintiff because Plaintiff's own negligence equaled or preponderated over any alleged act or omission of any Defendant in producing or bringing about the incident which forms the basis of Plaintiff's complaint, however, this Defendant denies that it produced, brought about, caused or contributed to the occurrence complained of in the complaint.

**SIXTH DEFENSE**

Defendant is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff with regard to the facts set forth in the Complaint, in tort, contract or otherwise.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the relief set forth in the Complaint, and the Complaint should be dismissed because this Court lacks personal jurisdiction over the Defendant.

**EIGHTH DEFENSE**

To the extent the Complaint includes a prayer for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 33-4-6, such prayer is insufficient in fact and law. Defendant has at all times acted in good faith and with reasonable and probable cause with respect to the actions it has taken, and Plaintiff, therefore, fails to state a claim for any bad faith penalties or attorneys' fees.

**NINTH DEFENSE**

To the extent the Complaint includes a prayer for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 13-6-11, such prayer is insufficient in fact and law. This Defendant has at

all times acted in good faith, have not been stubbornly litigious, and has not caused Plaintiff unnecessary trouble or expense; and the Plaintiff, therefore, fails to state a claim for any attorneys' fees or expense of litigation.

**TENTH DEFENSE**

Plaintiff's request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

**ELEVENTH DEFENSE**

Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

**TWELFTH DEFENSE**

Plaintiff's punitive damages claim is barred on the grounds that an award of punitive damages would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph XVII of the Georgia Constitution.

**THIRTEENTH DEFENSE**

As to Plaintiff's claims for punitive damages pursuant to O.C.G.A. § 51-12-5.1, Defendant shows that said statute violates the United States and State of Georgia Constitutions on the following bases: O.C.G.A. § 51-12-5.1 is penal in nature and provides for the imposition of damages serving the function of criminal penalties, and any awards thereunder are in effect private

fines. Said statute further contains no discernable standards for the award of damages and allows the entry of damages on a random, unpredictable, arbitrary, capricious, and excessive basis. Said statute further allows the entry of awards on the basis of proof that fails to establish the entitlement therefore beyond a reasonable doubt. Said statute further fails to accord to parties the other basic federal constitutional rights accorded to defendants in criminal or penal matters, including without limitation, the right against self-incrimination.

**FOURTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in Plaintiff's Complaint, this Defendant responds as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**BACKGROUND**

9.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 13 of Plaintiff's Complaint are denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 15 of Plaintiff's Complaint are denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**COUNT ONE**
**Negligence, Gross Negligence, and Recklessness of Defendant Julopsy Destine**

21.

Defendant hereby reasserts and realleges its responses to Paragaraphs 1 through 20 of Plaintiff's Complaint as if fully restated herein.

22.

Defendant admits that Defendant Destine owed a general duty to the public while operating a commercial motor vehicle. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in Paragraph 22 of Plaintiff's

Complaint and, therefore, the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**COUNT TWO**

**Vicarious Liability of Defendant ARO Trans, LLC**

31.

Defendant hereby reasserts and realleges its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully restated herein.

32.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

**COUNT THREE**
**Independent Negligence and Recklessness of Defendant ARO**

34.

Defendant hereby reasserts and realleges its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully restated herein.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint as stated.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint as stated.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint as stated.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

**COUNT FOUR**

**Direct Action Against National Continental Insurance Company**

43.

Defendant hereby reasserts and realleges his responses to Paragraphs 1 through 42 of Plaintiff's Complaint as if fully restated herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint as stated.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint as stated.

**COUNT FIVE**
**PUNITIVE DAMAGES**

47.

Defendant reasserts and realleges its responses to Paragraphs 1 through 46 of Plaintiff's Complaint as if fully restated herein.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**COUNT SIX**
**Litigation Expenses and Attorney's Fees**

49.

Defendant reasserts and realleges his responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if fully restated herein.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

**Plaintiff's Damages**

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies each and every allegation contained in the Paragraph beginning with "WHEREFORE" in Plaintiff's Complaint, including subparts and any prayer or request for relief.

53.

Defendant denies each and every allegation contained in Plaintiff's Complaint to which no response has previously been made.

WHEREFORE, Defendant herein prays that he be discharged from the present action, with costs cast upon the remaining parties.

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*<u>/s/ Jennifer L. Pridgeon</u>*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant ARO Associates, Inc.*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

____x____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant ARO Associates, Inc.*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S JURY TRIAL DEMAND**

COMES NOW National Continental Insurance Company, named Defendant herein, and hereby demands a trial by twelve (12) persons.

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

_____X_____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

____________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

____________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**DEFENDANT JULOPSY DESTINE'S**
**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, Julopsy Destine (hereinafter referred to as "Defendant"), and files this his Answer to Plaintiff's Complaint for Damages ("Complaint"), showing the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

**SECOND DEFENSE**

The Complaint fails to state a claim for special damages pursuant to O.C.G.A. § 9-11-9(g), as such damages are not pled with specificity. Therefore, Defendant moves for a more definite statement thereof, pursuant to O.C.G.A. § 9-11-12(e). See Bryant v. Haynie, 216 Ga. App. 430, 432, 454 S.E.2d 533 (1995).

**THIRD DEFENSE**

This Defendant is not liable to Plaintiff because if Plaintiff sustained damages as alleged in the Complaint, such damages, if any, were due solely and were proximately caused by Plaintiff's own contributory and/or comparative negligence.

**FOURTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act of any Defendant named herein and/or Plaintiff could have but failed to mitigate the alleged damages.

**FIFTH DEFENSE**

This Defendant is not liable to Plaintiff because Plaintiff's own negligence equaled or preponderated over any alleged act or omission of Defendant in producing or bringing about the incident which forms the basis of Plaintiff's complaint, however, this Defendant denies that it produced, brought about, caused or contributed to the occurrence complained of in the complaint.

**SIXTH DEFENSE**

Defendant is not liable to Plaintiff because this Defendant breached no duty owed to Plaintiff with regard to the facts set forth in the Complaint, in tort, contract or otherwise.

**SEVENTH DEFENSE**

Plaintiff is not entitled to the relief set forth in the Complaint, and the Complaint should be dismissed because this Court lacks personal jurisdiction over the Defendant.

**EIGHTH DEFENSE**

To the extent the Complaint includes a prayer for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 33-4-6, such prayer is insufficient in fact and law. Defendant has at all times acted in good faith and with reasonable and probable cause with respect to the actions it has taken, and Plaintiff, therefore, fails to state a claim for any bad faith penalties or attorneys' fees.

**NINTH DEFENSE**

To the extent the Complaint includes a prayer for bad faith penalties and attorneys' fees pursuant to O.C.G.A. § 13-6-11, such prayer is insufficient in fact and law. This Defendant has at

all times acted in good faith, has not been stubbornly litigious, and has not caused Plaintiff unnecessary trouble or expense; and the Plaintiff, therefore, fails to state a claim for any attorneys' fees or expense of litigation.

**TENTH DEFENSE**

Plaintiff's request for punitive damages is barred because O.C.G.A. § 51-12-5.1 is unconstitutionally vague under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

**ELEVENTH DEFENSE**

Plaintiff's request for punitive damages is barred because Georgia law provides insufficient procedural safeguards for the award of punitive damages and authorizes awards of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and under Article I, Section 1, Paragraph I of the Georgia Constitution.

**TWELFTH DEFENSE**

Plaintiff's punitive damages claim is barred on the grounds that an award of punitive damages would constitute an excessive fine in violation of the Eighth Amendment of the United States Constitution and in violation of Article I, Section 1, Paragraph XVII of the Georgia Constitution.

**THIRTEENTH DEFENSE**

As to Plaintiff's claims for punitive damages pursuant to O.C.G.A. § 51-12-5.1, Defendant shows that said statute violates the United States and State of Georgia Constitutions on the following bases: O.C.G.A. § 51-12-5.1 is penal in nature and provides for the imposition of damages serving the function of criminal penalties, and any awards thereunder are in effect private

fines. Said statute further contains no discernable standards for the award of damages and allows the entry of damages on a random, unpredictable, arbitrary, capricious, and excessive basis. Said statute further allows the entry of awards on the basis of proof that fails to establish the entitlement therefore beyond a reasonable doubt. Said statute further fails to accord to parties the other basic federal constitutional rights accorded to defendants in criminal or penal matters, including without limitation, the right against self-incrimination.

**FOURTEENTH DEFENSE**

In response to the individually numbered paragraphs contained in Plaintiff's Complaint, this Defendant responds as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

To the extent a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint as stated. Defendant admits he has been served with process.

4.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

**BACKGROUND**

9.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as stated.

11.

Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

15.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as stated.

16.

Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**COUNT ONE**
**Negligence, Gross Negligence, and Recklessness of Defendant Julopsy Destine**

21.

Defendant hereby reasserts and realleges its responses to Paragaraphs 1 through 20 of Plaintiff's Complaint as if fully restated herein.

22.

Defendant admits that he owed a general duty to the public while operating a commercial motor vehicle. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint as stated.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**COUNT TWO**

**Vicarious Liability of Defendant ARO Trans, LLC**

31.

Defendant hereby reasserts and realleges its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as if fully restated herein.

32.

Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

**COUNT THREE**
**Independent Negligence and Recklessness of Defendant ARO**

34.

Defendant hereby reasserts and realleges its responses to Paragraphs 1 through 33 of Plaintiff's Complaint as if fully restated herein.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint as stated.

36.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 36 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint as stated.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

**COUNT FOUR**

**Direct Action Against National Continental Insurance Company**

43.

Defendant hereby reasserts and realleges his responses to Paragraphs 1 through 42 of Plaintiff's Complaint as if fully restated herein.

44.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, the allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint as stated.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint as stated.

**COUNT FIVE**
**PUNITIVE DAMAGES**

47.

Defendant reasserts and realleges its responses to Paragraphs 1 through 46 of Plaintiff's Complaint as if fully restated herein.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**COUNT SIX**
**Litigation Expenses and Attorney's Fees**

49.

Defendant reasserts and realleges his responses to Paragraphs 1 through 48 of Plaintiff's Complaint as if fully restated herein.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

**Plaintiff's Damages**

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies each and every allegation contained in the Paragraph beginning with "WHEREFORE" in Plaintiff's Complaint, including subparts and any prayer or request for relief.

53.

Defendant denies each and every allegation contained in Plaintiff's Complaint to which no response has previously been made.

WHEREFORE, Defendant herein prays that he be discharged from the present action, with costs cast upon the remaining parties.

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant Julopsy Destine*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

____x____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant Julopsy Destine*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**DEFENDANT JULOPSY DESTINE'S JURY TRIAL DEMAND**

COMES NOW Julopsy Destine, named Defendant herein, and hereby demands a trial by twelve (12) persons.

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant Julopsy Destine*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

____X____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendant Julopsy Destine*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

TO: ALL JUDGES, CLERKS OF COURT, and COUNSEL OF RECORD

FROM: JENNIFER L. PRIDGEON

RE: NOTICE OF LEAVE OF ABSENCE

DATE: July 25, 2024

CAFN: 24SV260

---

COMES NOW, JENNIFER L. PRIDGEON, and respectfully notifies all judges before whom he has cases pending, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16 on the following dates:

1. Dates through and including November 26 - 29, 2024.
2. Dates through and including December 23 – 27, 2024.

The purpose of the leave is for personal time with family and/or to fulfill CLE obligations. Attached as Exhibit "A" is the list of actions to be protected. Pursuant to U.S.C.R. 16, all affected judges presiding over the cases listed in the attachment hereto and opposing counsel therein shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted pursuant to U.S.C.R. 16.

This, the 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Bar No.: 434428
*Attorney for Defendants*

3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
T/F: (770) 854-1044
jpridgeon@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

_____X_____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

____________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

____________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Bar No.: 434428
*Attorney for Defendants*

3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, Georgia 30305
T/F: (770) 854-1044
jpridgeon@luederlaw.com

**EXHIBIT "A"**

| Name of Case<br>Case Number | Name of Judge<br>County and Court | Opposing Counsel |
|---|---|---|
| Karsyn Van Houten<br>v.<br>Julopsy Destine, ARO Trans, LLC, and National Continental Insurance Company<br><br>Civil Action File No.:<br>24SV260 | Presiding Judge,<br>State Court of Jackson County | Michael L. Werner, Esq.<br>Nola D. Jackson, Esq.<br>Daniell R. Fink, Esq.<br>Casey J. Brown, Esq.<br>Werner Law, LLC<br>2860 Piedmont Road<br>Atlanta, GA 30305<br>(mike@wernerlaw.com)<br>(nola@wernerlaw.com)<br>(dan@wernerlaw.com)<br>(casey@wernerlaw.com) |

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
JUL 25, 2024 04:43 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.:
24SV260

**<u>RULE 5.2 CERTIFICATE OF SERVICE</u>**

COMES NOW, National Continental Insurance Company, and pursuant to Uniform Court Rule 5.2, hereby notifies the Court that the following documents have been served upon all counsel of record:

- *Defendant National Continental Insurance Company's First Interrogatories to Plaintiff; and*
- *Defendant National Continental Insurance Company's First Request for Production to Plaintiff.*

Respectfully submitted, this 25th day of July, 2024.

LUEDER, LARKIN & HUNTER, LLC

*<u>/s/ Jennifer L. Pridgeon</u>*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

______x______ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

______x______ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

____________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 25th day of July. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for National Continental Insurance Company*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 04, 2024 10:25 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,** | ) | **24SV260** |
| **Defendants.** | ) | |

STATE OF GEORGIA }

COUNTY OF FULTON }

**PLAINTIFF'S AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON NONRESIDENT MOTORIST**

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, Daniell R. Fink, who, after being duly sworn, stated under oath as follows:

1.

My name is Daniell R. Fink. I am over 18 years of age and am under no legal disability. I have personal knowledge of the facts stated in this affidavit and know them to be true and correct.

2.

I am an attorney at the Werner Law Firm and am duly licensed to practice law in the State of Georgia. My Georgia Bar Number is 540374.

3.

I am counsel of record for Plaintiff in the above-referenced matter.

4.

In accordance with O.C.G.A. §§ 40-12-1 and -2, I certify that I have forwarded notice of service of the above case, along with a copy of the Complaint and Summons, by statutory overnight, registered, or certified mail to Defendant Julopsy Destine, 6408 Maidstone Road, Apartment 245, Indianapolis, IN 46254.

5.

I further certify that I will file with the appropriate court appended to the documents regarding this case: (a) any return receipt received as evidence of service upon this Defendant by Plaintiff; and (b) Plaintiff's Affidavit of Compliance for Service of Process Upon Nonresident Motorist.

FURTHER AFFIANT SAYETH NAUGHT.

DANIELL R. FINK

Sworn to and subscribed before me
this 27th day of June, 2024.

Rachael E. Anderson
Notary Public

My Commission Expires: March 27, 2028

RACHAEL E ANDERSON
My Commission Expires
NOTARY PUBLIC
March 27, 2028
GWINNETT COUNTY, GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 09, 2024 04:27 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,**<br><br>**Defendants.** | ) | **CIVIL ACTION FILE NO. 24SV260** |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S FIRST CONTINUING INTERROGATORIES TO PLAINTIFF** with the Clerk of Court using the *PeachCourt e-File GA* that will send notice of electronic filing constituting service to all counsel and by electronically transmitting by email to counsel of record as follows:

Jennifer L. Pridgeon
Margaret L. Manns
**LEUDER LARKIN & HUNTER, LLC**
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, GA 30305

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1, When Depositions and Discovery Materials Required to be Filed with Court, the undersigned is responsible for service of the above document and acknowledges that he/she is in possession of the original of the foregoing and the custodian thereof, the same to be held in accordance with the foregoing Code section.

This 9th day of September, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 09, 2024 04:27 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

**KARSYN VAN HOUTEN,**

**Plaintiff,**

**v.**

**JULOPSY DESTINE, ARO TRANS LLC, AND NATIONAL CONTINENTAL INSURANCE COMPANY,**

**Defendants.**

**CIVIL ACTION FILE NO. 24SV260**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** with the Clerk of Court using the *PeachCourt e-File GA* that will send notice of electronic filing constituting service to all counsel and by electronically transmitting by email to counsel of record as follows:

Jennifer L. Pridgeon
Margaret L. Manns
**LEUDER LARKIN & HUNTER, LLC**
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, GA 30305

I FURTHER CERTIFY that in accordance with O.C.G.A. § 9-11-29.1, When Depositions and Discovery Materials Required to be Filed with Court, the undersigned is responsible for service of the above document and acknowledges that he/she is in possession of the original of the

foregoing and the custodian thereof, the same to be held in accordance with the foregoing Code section.

This 9th day of September, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
CASEY J. BROWN
Georgia Bar No. 757384
DANIELL R.FINK
Georgia Bar No. 540374
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
casey@wernerlaw.com
dan@wernerlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 09, 2024 07:31 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KARSYN VAN HOUTEN,<br><br>Plaintiff,<br><br>v.<br><br>JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,<br><br>Defendants. | Civil Action File No.:<br>24SV260 |

**RULE 5.2 CERTIFICATE OF SERVICE**

COMES NOW, Julopsy Destine, ARO Trans, LLC and National Continental Insurance Company, and pursuant to Uniform Court Rule 5.2, hereby notifies the Court that the following documents have been served upon all counsel of record:

- *Defendant Julopsy Destine's Responses to Plaintiff's First Request for Admissions;*
- *Defendant Julopsy Destine's Responses to Plaintiff's First Interrogatories;*
- *Defendant Julopsy Destine's Responses to Plaintiff's First Request for Production;*
- *Defendant ARO Trans, LLC's Responses to Plaintiff's First Request for Admissions;*
- *Defendant ARO Trans, LLC's Responses to Plaintiff's First Interrogatories;*
- *Defendant ARO Trans, LLC's Responses to Plaintiff's First Request for Production;*
- *Defendant National Continental Insurance Company's Responses to Plaintiff's First Request for Admissions;*
- *Defendant National Continental Insurance Company's Responses to Plaintiff's First Interrogatories; and*
- *Defendant National Continental Insurance Company's Responses to Plaintiff's First Request for Production.*

Respectfully submitted, this 9th day of September, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendants*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

_____x_____ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

_____x_____ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

___________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 9th day of September. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendants*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 12, 2024 11:38 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

KARSYN VAN HOUTEN,

Plaintiff,

v.

JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,

Defendants.

Civil Action File No.: 24SV260

**RULE 5.2 CERTIFICATE OF SERVICE**

COMES NOW, Julopsy Destine, ARO Trans, LLC and National Continental Insurance Company, and pursuant to Uniform Court Rule 5.2, hereby notifies the Court that the following Non-Party Requests for Production have been served upon all counsel of record:

- *Dr. Rachel Greene Ayers*
- *Georgia Emergency Department Services*
- *Gainesville Radiology Group, LLC*
- *Jackson County EMS*
- *Lanier Chiropractic and Rehabilitation*
- *Northeast Georgia Medical Center*
- *Northeast Georgia Physicians Group*
- *Peachtree Orthopaedics*
- *Piedmont Athens Radiology*
- *Piedmont Athens Regional Medical Center*
- *University of Georgia Auxiliary Services*
- *Verizon*

*[Signature on following page]*

Respectfully submitted, this 12th day of September, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendants*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

______x______ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

______x______ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

_____________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 12th day of September. 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
Georgia Bar No. 317367
*Attorneys for Defendants*

3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 12, 2024 02:01 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE, ARO TRANS LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,**<br><br>**Defendants.** | ) | **CIVIL ACTION FILE NO. 24SV260** |

**PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTY DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, Karsyn Van Houten, Plaintiff in the above-styled matter ("Plaintiff"), and pursuant to O.C.G.A. §§ 9-11-15(a) and 9-11-21 moves the Court for leave to amend the Complaint to add Amazon Logistics, Inc. and J.B. Hunt Transport, Inc. as party Defendants, showing the Court as follows:

**STATEMENT OF FACTS**

This case arises out of an automobile collision in which Defendant Julopsy Destine pulled his tractor-trailer from the shoulder and directly in front of Plaintiff's vehicle, which caused Plaintiff's vehicle to collide with his trailer. The subject collision occurred on July 3, 2022 in Braselton, Jackson County, Georgia. Defendant Destine received a citation in the wreck for failure to yield in violation of O.C.G.A. § 40-6-73 and that citation was disposed of on November 1, 2022. (*See* Citation, attached hereto as Exhibit "A"). Based on Defendant ARO Trans, LLC's ("Defendant ARO") discovery responses, Amazon Logistics, Inc. ("Amazon Logistics") and/or

J.B. Hunt Transport, Inc. ("J.B. Hunt") owned the subject tractor-trailer or employed Defendant Destine at the time of the subject wreck.

Plaintiff filed her Complaint and discovery requests on July 3, 2024. Plaintiff, however, did not know about Amazon Logistics or J.B. Hunt's involvement in the wreck until Defendant ARO served its discovery responses on September 9, 2024. To date, the parties have only exchanged written discovery, and no depositions have been taken. Due to Amazon Logistics and J.B. Hunt being proper parties, Plaintiff respectfully requests that the Court grant leave to amend the Complaint and add them as Defendants.

**ARGUMENT AND CITATION OF AUTHORITY**

The Court should grant Plaintiff's request for leave to add Amazon Logistics and J.B. Hunt as additional Defendants in this action. Leave to add an additional defendant should be "freely given." O.C.G.A. § 9-11-15(a). Therefore, a party may request leave to add an additional defendant "at any stage of an action" and a trial court should grant the request unless the proposed defendant "will be prejudiced thereby." O.C.G.A. § 9-11-21; *Smith v. Vencare, Inc.*, 238 Ga. App. 621, 629, 519 S.E.2d 735 (1999). Trial courts are given discretion on whether to grant leave to add a party, but a denial must be based on more than a "mere lapse of time." *Shiver v. Norfolk-Southern Ry. Co.*, 220 Ga. App. 483, 484, 469 S.E.2d 769 (1996). For a court to deny a request to add a party, "[t]here [] must be prejudice or injury to the party sought to be added resulting from the passage of time." *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 806-807, 371 S.E.2d 421 (1988). Indeed, denying leave to add an additional defendant is an abuse of discretion "where delay is the sole reason for denial." *Id*; *Shiver v. Norfolk-Southern Ry.*, 220 Ga. App. at 484.

Here, the proposed Defendants will not be unfairly prejudiced if the Court grants Plaintiff's

request, which is being made at the very beginning stages of this action. The Court has not set a trial date, the parties have only exchanged initial written discovery responses, no depositions have been scheduled or taken, no experts have been disclosed, and this matter is in its infancy. Not only will the proposed Defendants, Amazon Logistics and J.B. Hunt, not be prejudiced, but there will be no delay of the trial of this case by adding them as Defendants. And the proposed Defendants cannot show any unfair prejudice by them being added as parties to this case. Georgia law provides that where, as here, "the statute of limitations has not run as to a theory of recovery, an amendment allowing joinder of an additional party does not prejudice the party's rights to a defense on the merits." *Smith*, 238 Ga. App. at 629. Plaintiff's Complaint alleges tort claims against Defendants Destine and ARO, which are subject to a two-year statute of limitations in Georgia. *See* O.C.G.A. § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues."). The collision from which this action arises occurred on July 3, 2022; however, Defendant Destine received a citation that was disposed of on November 1, 2022. (Ex. A). Therefore, Plaintiff has until November 1, 2024 to file this action before the expiration of the applicable statute of limitations. *See* O.C.G.A. § 9-3-99 (statute of limitations tolled where crime is pending arising from same facts or circumstances as tort suit); *Williams v. Duren*, 347 Ga. App, 363, 365 (2018) ("the limitation period for a tort action arising from a traffic violation is tolled until the prosecution for the violation is no longer pending"). Because the statute of limitations has not expired, Amazon Logistics and J.B. Hunt cannot – as a matter of law – show any unfair prejudice will result if Plaintiff's request for leave is granted. As such, Plaintiff's request for leave should be granted.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court grant this motion

for leave to add an additional defendant and order the proposed Defendants Amazon Logistics and J.B. Hunt to answer Plaintiff's amended complaint within thirty (30) days of the date of service. Plaintiff has submitted a proposed order granting the requested relief with this motion.

Respectfully submitted this 12th day of September, 2024.

**WERNER LAW, LLC**


MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE, ARO TRANS LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE NO. 24SV260** |

I hereby certify that I have this day served a copy of **PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTY DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF** upon all parties to this matter by statutory electronic service, addressed to counsel of record as follows:

Jennifer L. Pridgeon
Margaret L. Manns
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, GA 30305

*[Signature on following page]*

This 12th day of September, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

DDS-32 (01/10)

# GEORGIA UNIFORM TRAFFIC CITATION, SUMMONS AND ACCUSATION

130

Court Case Number: ____ NCIC Number: SS-NR-GA0780600 Citation Number: 88978

## BRASELTON POLICE DEPARTMENT

**SECTION I - VIOLATOR**

Upon Month: July (Day) 3 (Year) 22 at 1852 ☐ A.M. ☑ P.M.

Operator License No. ____

License Class or Type: A State: FL Endorsements: — Expires: 29

Name: DESTINE (Last) JUIOPSY (First) (Middle)

Address: 2151 NW 76TH AVE

City: POMPANO BEACH State: FL Zip Code: 33063

DOB: ____ Hair: BLK Hgt: 507 Wgt: 190 Sex: M Race: WB Eyes: BRO

Veh. Yr. ____ Make: VOLVO Style: SEMI Color: BLU

Registration No. 3172191 Yr. ____ State: IN

CDL ☑ YES ☐ NO ACCIDENT ☑ YES ☐ NO INJURIES ☑ YES ☐ NO FATALITIES ☐ YES ☑ NO

☐ 2-LANE ROAD ☐ DRIVER REQUESTED ACCURACY CHECK ☐ VASCAR ☐ LASER ☐ RADAR

Within the State of Georgia, did commit the following offense: SPEEDING-Clocked by ☐ PATROL VEHICLE ☐ OTHER

(Serial # ____ Calibration/Check ____ ) at ____ MPH in a ____ zone

**SECTION II - VIOLATION**

☐ DUI (Test Administered: ☐ BLOOD ☐ BREATH ☐ URINE ☐ OTHER) DUI Test Results ____

TEST ADMINISTERED BY (If Applicable): ____

OFFENSE (Other than above): FAILURE TO YIELD BEFORE ENTER RDWY

In Violation of Code Section: 40-6-73 of ☑ State Law ☐ Local Ordinance

REMARKS: - FAILED TO YIELD FOR TRAFFIC IN BUS RDWY & CAUSED ACCIDENT

**SECTION III - LOCATION**

| WEATHER | ROAD (A) | ROAD (B) | TRAFFIC | LIGHTING | COMMERCIAL VIOLATION INFORMATION |
|---|---|---|---|---|---|
| ☑ Clear | ☑ Dry | ☐ Concrete | ☐ Light | ☑ Daylight | ☐ 16+ Passengers |
| ☐ Cloudy | ☐ Wet | ☑ Blacktop | ☑ Medium | ☐ Darkness | ☐ Commercial Vehicle Violation |
| ☐ Raining | ☐ Ice | ☐ Dirt | ☐ Heavy | ☐ Other | ☐ Hazardous Material Violation |
| ☐ Other | ☐ Other | ☐ Other | | | |

County of JACKSON-BARROW-HALL-GWINNETT and ____ miles ____ of (city) BRASELTON

on 85S at or near mile post 128, or within (city) BRASELTON

at/on (secondary location) ____

OFFICER (Print): SIMMONS Badge # 041 Div. PTL

**SECTION IV - SUMMONS**

You are hereby ordered to appear in Court to answer this charge on the 16 day of AUG 2022 at 100 ☐ AM ☒ PM in the MUNICIPAL Court

at 5040 HIGHWAY 53 • PHONE 706.658.2852 EXT. 1100

City BRASELTON, Georgia, 30517.

**NOTICE:** This citation shall constitute official notice to you that failure to appear in Court at the date and time stated on this citation to dispose of the cited charges against you shall cause the designated Court to forward your driver's license number to the Department of Driver Services, and your driver's license shall be suspended. (Georgia Code 17-6-11 and 40-5-56) The suspension shall remain in effect until such time as there is a satisfactory disposition in this matter or the Court notifies the Department of Driver Services.

LICENSE DISPLAYED IN LIEU OF BAIL ☑ YES ☐ NO RELEASED TO ____

SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME

SIGNATURE X [signature]

**SECTION V - OFFICER CERTIFICATION**

ARRESTING OFFICER'S CERTIFICATION

The undersigned has just and reasonable grounds to believe, and does believe, that the person named herein has committed the offense set forth, contrary to law.

SIGNATURE [signature] Badge # 041

Signature of Arresting Officer

AUTHORIZED AND APPROVED PURSUANT TO: CODE 40-13-1, D.D.S. REG. 375-3-4-.01

COURT COPY

9-20-22

NCIC NO. SS-NR-GA0780600

1.30 10-20-22 130

---

Bail fixed at $ ____ cash deposit of $ ____

Signature of person taking bail ____ Signature of person giving bail

Fine in the amount of $ ____ received as required by court schedule.

Signature of Clerk ____

Continuance to ____ Reason ____

Continuance to ____ Reason ____

Warrant Issued ____ Warrant Served ____

Waives Trial by Jury ____

ON ARRAIGNMENT, THE DEFENDANT PLEADS ____

### APPEARANCE, PLEA OF GUILTY AND WAIVER

I, ____ have been advised that I am being charged with ____ and that the maximum punishment that I can receive is ____ mos. imprisonment and/or a $ ____ fine.

I have been advised of my rights to be represented by counsel and have counsel appointed to represent me if I am indigent; plead not guilty and be tried by a jury or a judge; confront the witnesses against me; and, not give incriminating evidence against myself. I hereby waive these rights; state that I have not been induced by any threat or promise to enter this plea and do freely and voluntarily enter my plea of Guilty.

This ____ day of ____, ____

Accused ____

I, ____ have advised the above-named accused as indicated above of his/her rights, the nature of the case against him/her and the possible consequences of the plea as entered. I am satisfied that there is a factual basis for the guilty plea which the accused has entered and that it was entered freely and voluntarily with understanding of the nature of the charge and the consequences of the plea.

____ JUDGE

### DISPOSITION AND SENTENCE

Court: Municipal City: Braselton

Defendant Pleads: ☐ (3) Guilty ☐ Not Guilty ☐ (4) Nolo Cont'd

Trial: ☐ Jury ☐ Court Adjudicated ☐ (1) Guilty ☐ Not Guilty

Other Action: ☑ (2) Bond Forfeiture ☐ Nolle Prossed ☐ No Bill ☐ No Record

Sentence: Amount Fine/Forfeiture $ 130.00 paid

____ Days (Months) in jail; followed by ____ Days (Months) probation

Other order: reduced to local ordinance violation

Traffic School ____

Appeal Bond of $ ____ filed (for ____ )

Appeal to ____ Court

As provided by law, I hereby certify that the information on this ticket is a true abstract of the record of this court or bureau in this case.

DISPOSITION DATE: 11-1-22 [signature]

Signature of Judge or Clerk

EXHIBIT A

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE, ARO TRANS LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION FILE NO. 24SV260** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTY DEFENDANTS**

Plaintiff's Motion for Leave to Add Party Defendants having been read and considered, and the Court having considered the full record and all submissions and arguments of counsel,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's Motion for Leave to Add Party Defendants is **GRANTED**. Plaintiff is hereby **ORDERED** to file its amended complaint within five (5) days of this Order. **IT IS FURTHER ORDERED** that Amazon Logistics, Inc. and J.B. Hunt Transport, Inc. are added as party defendants in this action pursuant to O.C.G.A. §§ 9-11-15(a) and 9-11-21 and shall file answers or otherwise respond to Plaintiff's amended complaint within thirty (30) days of service of the amended complaint. The caption of this case shall be amended accordingly to read:

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KARSYN VAN HOUTEN,<br><br>Plaintiff,<br><br>v.<br><br>JULOPSY DESTINE; ARO TRANS LLC; NATIONAL CONTINENTAL INSURANCE COMPANY; AMAZON LOGISTICS, INC.; J.B. HUNT TRANSPORT, INC.; and ABC CORP. 1-3,<br><br>Defendants. | CIVIL ACTION FILE NO. 24SV260 |

**SO ORDERED** this ___ day of _______________, 2024.

______________________________
Honorable Robert D. Alexander
Judge, Jackson County State Court

SHERIFF KERRY J. FORESTAL
MARION COUNTY CIVIL SHERIFF'S OFFICE
JUDICIAL ENFORCEMENT DIVISION
695 JUSTICE WAY ATTN: CIVIL PROCESS
INDIANAPOLIS, IN. 46203
317-327-2461

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
**24SV260**
A - ROBERT D. ALEXANDER
SEP 16, 2024 04:49 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

## AFFIDAVIT OF RECORD OF SERVICE

CAUSE NUMBER 24SV260 CASE TYPE Summons, Complaint etc
SERVICE FOR Julopsy Destine

Sgt. Malligan, being duly sworn on his oath states that he/she is an authorized Deputy Sheriff for the County of Marion, State of Indiana. Affiant further states that he/she is not a party to this action or related to any party thereto. Affiant further states that he/she has reviewed the records of Marion County Sheriff's Office and can state those records reflect that the legal papers were served/not served in the following manner:

☐ **PERSONAL SERVICE**
Served legal papers by reading to X________ and delivering to him/her a true copy of the same.
___Refused Signature

1st Att 12-Sept-24 @ 1138
c/L 32394

☐ **COPY 1**
Left on the door of the residence
✓ Mailed

✓ Copy 2
Left with 16yrs/older X Faradeline Relationship X Wife
___Refused Signature

☐ **COPY 3**
Left at Place of Employment with X________ Title________
___Refused Signature

☐ **CORPORATE SERVICE ON BUSINESS**
Served X________ TITLE of said corporation
___Refused Signature

☐ **Made a diligent search to the within named defendant(s), he/she was NOT FOUND due to:**
☐ NF1 - Vacant_____ or Invalid Address _____
☐ NF2 - Address is not in Marion County
☐ NF3 - All other reasons________
☐ NF4 - Return After 3 Attempts for **Personal Service Only**
☐ NF5 – No Longer Employed at Address Given

☒ **Served** ☐ **Not Served at:**
813 Tecumseh St Indpls, IN 46201 on this 12 day of Sept 20 24 at 1145

* Respondent called office and stated that he is a driver and not home often left paperwork w/ wife. Also said his atty was aware of case

Kerry J. Forestal
Sheriff of Marion County, Indiana
By [signature] 32394
Deputy Sheriff

LARRELL ALEXANDER
Notary Public, State of Indiana
Marion County
Notary Seal
Commission Number NP0751826
My Commission Expires
September 25,2031
SEAL NOTARY PUBLIC INDIANA

Sworn to and subscribed to before me, a Notary Public, in and for Marion County, Indiana on this 13 day of September 2024

[signature] 9/25/31
Notary Public Signature Commission Expiration Date

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
SEP 20, 2024 02:01 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KARSYN VAN HOUTEN,<br><br>Plaintiff,<br><br>v.<br><br>JULOPSY DESTINE, ARO TRANS, LLC, and NATIONAL CONTINENTAL INSURANCE COMPANY,<br><br>Defendants. | Civil Action File No.:<br>24SV260 |

**NOTICE OF FIRM ADDRESS CHANGE**

COME NOW, attorneys Jennifer L. Pridgeon and Margaret L. Manns of the law firm Lueder, Larkin & Hunter, LLC, attorneys for Defendants in the above-captioned matter, and notify the Court and the parties of the following change of address.

Effective September 20, 2024, all communication regarding this matter should be addressed to Jennifer L. Pridgeon and Margaret L. Manns and the firm of Lueder, Larkin & Hunter, LLC at the following address:

Jennifer L. Pridgeon, Esq.
Margaret L. Manns, Esq.
Lueder, Larkin & Hunter, LLC
3348 Peachtree Road, NE
Suite 1050
Atlanta, GA 30326

[Signature on following page]

Respectfully submitted, this 20th day of September, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
GA State Bar No. 317367
*Attorneys for Defendants*

3348 Peachtree Road, NE
Suite 1050
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing document upon all parties to this matter by:

___X___ Electronically filing this document with PeachCourt / Odyssey which sends notice via that system to all parties and counsel pursuant to O.C.G.A. § 9-11-5(F) and/or U.S.C.R. 36.16(E)

________ Electronically serving this document via email pursuant to O.C.G.A. § 9-11-5 (F) and/or U.S.C.R. 36.16(E) as follows:

________ Depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Michael L. Werner, Esq.
Nola D. Jackson, Esq.
Daniell R. Fink, Esq.
Casey J. Brown, Esq.
Werner Law, LLC
2860 Piedmont Road
Atlanta, GA 30305
(mike@wernerlaw.com)
(nola@wernerlaw.com)
(dan@wernerlaw.com)
(casey@wernerlaw.com)

Respectfully submitted, this 20th day of September, 2024.

LUEDER, LARKIN & HUNTER, LLC

*/s/ Jennifer L. Pridgeon*
JENNIFER L. PRIDGEON
Georgia Bar No. 434428
MARGARET L. MANNS
GA State Bar No. 317367
*Attorneys for Defendants*

3348 Peachtree Road, NE
Suite 1050
Atlanta, Georgia 30305
T: (770) 854-1044
F: (770) 854-1044
jpridgeon@luederlaw.com
mmanns@luederlaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
OCT 24, 2024 02:59 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION FILE NO. 24SV260** |
| **JULOPSY DESTINE; ARO TRANS LLC; NATIONAL CONTINENTAL INSURANCE COMPANY; AMAZON LOGISTICS, INC.; J.B. HUNT TRANSPORT, INC.; and ABC CORP. 1-3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES</u>**

Plaintiff Karsyn Van Houten ("Plaintiff") files this Amended Complaint for Damages against Defendants Julopsy Destine, ARO Trans LLC, National Continental Insurance Company, Amazon Logistics, Inc., and J.B. Hunt Transport, Inc., respectfully showing the Court as follows:

**<u>Parties, Jurisdiction, and Venue</u>**

1.

Plaintiff seeks to recover for personal injuries and other damages she suffered when Defendant Julopsy Destine negligently operated a commercial vehicle while driving for his employer ARO Trans, LLC, Amazon Logistics, Inc., J.B. Hunt Transport, Inc. and/or ABC Corp. 1-3, and caused a collision in Jackson County, Georgia.

2.

Plaintiff is a resident of Georgia. She submits to the jurisdiction of this Court.

3.

Defendant Destine resides and may be served with process at 2151 NW 76th Avenue,

Sunrise, Florida 33322. He is subject to the jurisdiction of this Court.

4.

Defendant ARO Trans, LLC ("Defendant ARO") is a foreign for-profit corporation that engages in interstate commerce in Georgia. Defendant ARO's principal place of business is located at 680 E. Market Street, Suite 305, Akron, Ohio 44304. It may be served with process through its registered agent, Kenneth W. Goggins, Jr., 466 Mellview Avenue SW, Atlanta, Georgia 30310. Defendant ARO is subject to the jurisdiction and venue of this Court.

5.

Defendant National Continental Insurance Company ("Defendant NCIC") is a New York insurance company with its principal place of business located at 1 Corporate Drive, Suite 201, Bohemia, New York 11716. It may be served with process through its registered agent, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046. It is subject to the jurisdiction of this Court.

6.

Defendant Amazon Logistics, Inc. ("Defendant Amazon Logistics") is a Washington corporation that has registered to do business in Georgia. It may be served with process through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. It is subject to the jurisdiction of this Court.

7.

Defendant J.B. Hunt Logistics, Inc. ("Defendant J.B. Hunt") is a foreign for-profit corporation that engages in interstate commerce in Georgia. Defendant J.B. Hunt's principal place of business is located at P.O. Box 130, Attn: Sharon Netherton, Lowell, Arkansas 72745. It may be served with process through its registered agent, CSC of Cobb County, Inc., 192 Anderson

Street SE, Suite 125, Marietta, Georgia 30060. It is subject to the jurisdiction of this Court.

8.

Upon information and belief, Defendants ABC Corp. 1-3 are jointly responsible for the acts and omissions discussed in this Complaint. Their true identities are currently unknown to Plaintiff and, therefore, she sues them under these fictitious names. Plaintiff will amend her Complaint to name these Defendants once their true identities have been discovered.

9.

Venue is proper in Jackson County, Georgia pursuant to Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. §§ 14-2-510(b), 40-1-117(b) and 9-10-31(b), and *Blakemore v. Dirt Movers, Inc.*, 344 Ga. App. 238 (2018).

10.

This Court has subject matter jurisdiction over this action pursuant to O.C.G.A. § 15-7-4(a)(2).

11.

No United States District Court has subject matter jurisdiction over this action. Complete diversity of citizenship is absent because Plaintiff and at least one (1) Defendant are citizens and domiciliaries of Georgia, and there is no federal question jurisdiction because all the claims asserted in this Complaint arise under state law.

**Background**

12.

On July 3, 2022, Plaintiff was driving a 2021 Mercedes-Benz GLC 300 southbound on Interstate 85 ("I-85") in the far-right lane in Braselton, Jackson County, Georgia.

13.

At the same time, Defendant Destine was parked on the outside shoulder of I-85 southbound in his 2019 Volvo tractor-trailer.

14.

At all relevant times, Defendant Destine was operating his 2019 Volvo tractor-trailer in the course and scope of his employment with Defendants ARO, Amazon, and/or J.B. Hunt.

15.

Suddenly and without warning, Defendant Destine drove his tractor-trailer from the outside shoulder into the right lane on I-85 southbound in front of Plaintiff's vehicle directly in its path.

16.

Plaintiff was unable to avoid Defendant Destine's tractor-trailer and collided with the rear of his trailer.

17.

The impact was severe and caused substantial damage to Plaintiff's vehicle.

18.

The investigating officer found Defendant Destine at fault for causing the collision and issued him a citation for failure to yield in violation of O.C.G.A. § 40-6-73.

19.

Upon information and belief, Defendant Destine paid the citation he received in relation to this collision.

20.

Plaintiff exercised care for her own safety at all relevant times, including the time of the subject collision.

21.

Plaintiff did not act or fail to act in any way that proximately caused the subject collision or any of her injuries or damages.

22.

As a result of the subject collision, Plaintiff suffered severe and permanent injuries.

23.

The injuries proximately caused by Defendants' acts and omissions have resulted in substantial damages to Plaintiff, both economic and non-economic, including but not limited to past medical bills, future medical bills, costs, and expenses, past and future physical pain and suffering, mental pain and suffering, and loss of full enjoyment of life.

**COUNT ONE**
**Negligence, Gross Negligence, and Recklessness of Defendant Julopsy Destine**

24.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 23.

25.

At all relevant times, including the time of the subject collision, Defendant Destine owed the public generally, and Plaintiff specifically, duties of care while operating a commercial motor vehicle.

26.

At all relevant times, including the time of the subject collision, it was reasonably foreseeable to Defendant Destine that if he breached these duties it could result in serious injury to others.

27.

Nevertheless, Defendant Destine breached the duties he owed to Plaintiff in the following ways, resulting in the subject collision:

(a) Failing to yield when entering a roadway in violation of O.C.G.A. § 40-6-73, which constitutes negligence per se;

(b) Making an improper lane change in violation of O.C.G.A. § 40-6-48, which constitutes negligence per se;

(c) Driving too fast for conditions in violation of O.C.G.A. § 40-6-180, which constitutes negligence per se;

(d) Failing to use a turn signal while making a turn in violation of O.C.G.A. § 40-6-123, which constitutes negligence per se;

(e) Failing to exercise due care in violation of O.C.G.A. § 40-6-241, which constitutes negligence per se;

(f) Driving recklessly in violation of O.C.G.A. § 40-6-390, which constitutes negligence per se;

(g) Driving while distracted in violation of O.C.G.A. §§ 40-6-241 and -241.2, which constitutes negligence per se;

(h) Driving while ill or fatigued in violation of 49 C.F.R. § 392.3, which constitutes negligence per se;

(i) Driving in excess of his allotted hours of service in violation of 49 C.F.R. § 395.3, which constitutes negligence per se;

(j) Failing to properly inspect his commercial motor vehicle prior to its operation in violation of 49 C.F.R. § 396.13, which constitutes negligence per se;

(k) Operating his vehicle in a careless and reckless manner as to endanger the safety of others; and

(l) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

28.

The acts and omissions set forth in Paragraph 27 and its subparts constitute negligence, gross negligence, and/or recklessness on the part of Defendant Destine.

29.

Defendant Destine failed to exercise that degree of skill and care ordinarily required by commercial drivers generally under like conditions and similar circumstances.

30.

Defendant Destine failed to exercise ordinary diligence and was therefore negligent when he failed to exercise that degree of care which is exercised by ordinary prudent persons in the same or similar circumstances in violation of O.C.G.A. § 51-1-2.

31.

Defendant Destine failed to exercise even a slight degree of diligence which is exercised by ordinary prudent persons in the same or similar circumstances in violation of O.C.G.A. § 51-1-4.

32.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant Destine's negligence, gross negligence, and/or recklessness.

33.

Plaintiff is entitled to recover the economic and non-economic damages proximately

caused by Defendant Destine's negligence, gross negligence, and/or recklessness.

**COUNT TWO**
**Vicarious Liability of Defendant ARO Trans, LLC**

34.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 33.

35.

At all relevant times, including the time of the subject collision, Defendant Destine was operating the commercial vehicle within the course and scope of his employment with or agency of his employer, Defendant ARO.

36.

Defendant ARO is therefore liable for all damages caused by the negligent and reckless acts and omissions of Defendant Destine pursuant to the doctrine of *respondeat superior* and the rules of agency.

**COUNT THREE**
**Independent Negligence and Recklessness of Defendant ARO**

37.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 36.

38.

As Defendant Destine's employer and the owner of the commercial vehicle that he was driving at the time of the subject collision, Defendant ARO had the right to permit and the power to prohibit Defendant Destine's use of the vehicle.

39.

Moreover, as a motor carrier, Defendant ARO owed certain duties as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify and train Defendant Destine, the duty to supervise Defendant Destine's hours of service, the duty to properly inspect and maintain its vehicles, the duty to supervise and review Defendant Destine's driving, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicles, including the commercial vehicle that Defendant Destine was driving at the time of the subject collision.

40.

Before the subject collision, Defendant ARO knew or had reason to know that Defendant Destine was likely to drive in a negligent and reckless manner because of his inexperience, physical condition, mental condition, and/or known habit of recklessness and dangerous driving.

41.

Before the subject collision, Defendant Destine exhibited a pattern of reckless and dangerous driving, demonstrating that he was and is incompetent and unfit to safely drive a commercial motor vehicle.

42.

Nevertheless, Defendant ARO entrusted Defendant Destine with a commercial vehicle and gave him permission to drive it.

43.

In doing so, Defendant ARO was negligent and/or reckless in the following ways:

(a) Negligently and/or recklessly hiring or contracting with Defendant Destine to drive the commercial vehicle at issue;

(b) Negligently and/or recklessly training Defendant Destine;

(c) Negligently and/or recklessly entrusting Defendant Destine with the commercial vehicle they drove on the day of the subject collision;

(d) Negligently and/or recklessly hiring Defendant Destine;

(e) Negligently and/or recklessly retaining Defendant Destine;

(f) Negligently and/or recklessly qualifying Defendant Destine;

(g) Negligently and/or recklessly failing to supervise Defendant Destine; and

(h) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

44.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant ARO's negligence and/or recklessness.

45.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant ARO's negligence and/or recklessness.

**COUNT FOUR**
**Vicarious Liability of Defendant Amazon Logistics, Inc.**

46.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 45.

47.

At all relevant times, including the time of the wreck, Defendant ARO was an Amazon Partner delivering loads through Amazon Freight and/or Amazon Relay between Amazon warehouses on behalf of Defendant Amazon Logistics.

48.

At all relevant times, including the time of the wreck, Defendant Destine was operating the commercial vehicle within the course and scope of (a) his employment with or agency of Defendant ARO, and (b) Defendant ARO's partnership with Defendant Amazon Logistics.

49.

At all relevant times, including the time of the wreck, Defendant Destine was hauling Amazon packages between Amazon warehouses, which was within the scope of Defendant ARO's partnership with Defendant Amazon Logistics.

50.

At all relevant times, including the time of wreck, Defendant Amazon Logistics retained control over the time, manner, and method of Defendant ARO's delivery of Amazon parcels between Amazon warehouses in a variety of ways, including but not limited to:

(a) Maintaining specific safety metrics for Defendant ARO's drivers, including Defendant Destine, to meet in order to continue hauling Amazon packages;

(b) Monitoring Defendant ARO's compliance with Amazon's safety and procedure standards through third-party applications and internal compliance teams;

(c) Providing technology products for Defendant ARO to accept loads, assign drivers, access Amazon's Relay Load Board, track carrier performance, and view payment details;

(d) Requiring drivers such as Defendant Destine to use Amazon's Relay app, which mandates the route to use when hauling Amazon packages between warehouses and tracks Defendant Destine's tractor;

(e) Requiring specific commercial vehicles to use when hauling Amazon loads;

(f) Mandating that Amazon loads be delivered within a certain time frame;

(g) Keeping performance scorecards for drivers such as Defendant Destine through Amazon's Relay portal; and

(h) Requiring carriers such as Defendant ARO to use Amazon-owned trailers equipped with tracking technology when hauling Amazon loads.

51.

Accordingly, Defendant Amazon Logistics (as the master) is vicariously liable for all damages caused by the negligent and reckless acts and omissions of the employees of Defendant ARO (as the servant) that occur with the scope of their contract, including the negligent and reckless acts and omissions of Defendant Destine set forth in this Complaint.

**COUNT FIVE**
**Independent Negligence and Recklessness of Defendant Amazon Logistics, Inc.**

52.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 51.

53.

At all relevant times, including the time of the wreck, Defendant Amazon Logistics determined and dictated (a) the manner in which Defendant ARO's drivers, including Defendant Destine, hauled Amazon packages between its warehouses and (b) the routes that Defendant ARO's drivers were required to use to haul Amazon packages between its warehouses.

54.

At all relevant times, including the time of the wreck, Defendant Amazon Logistics mandated specific safety metrics that Defendant ARO's drivers were expected to meet while hauling Amazon loads.

55.

At all relevant times, including the time of the wreck, Defendant Amazon Logistics monitored Defendant ARO's drivers to ensure they were using Defendant Amazon Logistics' dictated routes and adhering to Defendant Amazon Logistics' safety requirements.

56.

Since Defendant Amazon Logistics maintained a level of control over the time, manner, and method of Defendant ARO's hauling of Amazon loads, Defendant Amazon Logistics owed certain duties with regard to Defendant Destine's employment, including the duty to properly qualify and train Defendant Destine, the duty to supervise Defendant Destine's hours of service, the duty to properly inspect and maintain its trailers used by Defendant Destine, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of commercial vehicles while hauling Amazon loads.

57.

Before the wreck, Defendant Amazon Logistics knew or had reason to know that Defendant Destine was likely to drive in a negligent and reckless manner because of his age, inexperience, physical conditions, mental condition, and/or known habit of recklessness.

58.

Before the wreck, Defendant Destine had a history of reckless and dangerous driving, including prior moving violations, demonstrating that he was and is incompetent and unfit to drive a commercial vehicle safely.

59.

Defendant Amazon Logistics was independently negligent and/or reckless in the following ways:

(a) Negligently and/or recklessly hiring or contracting with Defendant Destine and Defendant ARO to haul its packages between warehouses;

(b) Negligently and/or recklessly training Defendant Destine;

(c) Negligently and/or recklessly training Defendant ARO on how to train its drivers;

(d) Negligently and/or recklessly retaining Defendant Destine;

(e) Negligently and/or recklessly qualifying Defendant Destine;

(f) Negligently and/or recklessly failing to supervise Defendant Destine;

(g) Negligently and/or recklessly failing to supervise Defendant ARO;

(h) Otherwise failing to act as a reasonably prudent company under the circumstances; and

(i) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

60.

Plaintiff suffered severe and permanent personal injuries as a result of Defendant Amazon Logistics' negligence and/or recklessness.

61.

Plaintiff is entitled to recover the economic and non-ecnomic damages proximately caused by Defendant Amazon Logistics' negligence and/or recklessness.

**COUNT SIX**
**Vicariously Liability against Defendant J.B. Hunt, Inc.**

62.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 61.

63.

At all relevant times, including the time of the subject collision, Defendant Destine was

operating the commercial vehicle within the course and scope of his employment with or agency of his employer, Defendant J.B. Hunt.

64.

Defendant J.B. Hunt is therefore liable for all damages caused by the negligent and reckless acts and omissions of Defendant Destine pursuant to the doctrine of *respondeat superior* and the rules of agency.

**COUNT SEVEN**
**Independent Negligence Against Defendant J.B. Hunt, Inc.**

65.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 64.

66.

As Defendant Destine's employer and the owner of the commercial vehicle that he was driving at the time of the subject collision, Defendant J.B. Hunt had the right to permit and the power to prohibit Defendant Destine's use of the vehicle.

67.

Moreover, as a motor carrier, Defendant J.B. Hunt owed certain duties as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify and train Defendant Destine, the duty to supervise Defendant Destine's hours of service, the duty to properly inspect and maintain its vehicles, the duty to supervise and review Defendant Destine's driving, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicles, including the commercial vehicle that Defendant Destine was driving at the time of the subject collision.

68.

Before the subject collision, Defendant J.B. Hunt knew or had reason to know that Defendant Destine was likely to drive in a negligent and reckless manner because of his inexperience, physical condition, mental condition, and/or known habit of recklessness and dangerous driving.

69.

Before the subject collision, Defendant Destine exhibited a pattern of reckless and dangerous driving, demonstrating that he was and is incompetent and unfit to safely drive a commercial motor vehicle.

70.

Nevertheless, Defendant J.B. Hunt entrusted Defendant Destine with a commercial vehicle and gave him permission to drive it.

71.

In doing so, Defendant J.B. Hunt was negligent and/or reckless in the following ways:

(a) Negligently and/or recklessly hiring or contracting with Defendant Destine to drive the commercial vehicle at issue;

(b) Negligently and/or recklessly training Defendant Destine;

(c) Negligently and/or recklessly entrusting Defendant Destine with the commercial vehicle he drove on the day of the subject collision;

(d) Negligently and/or recklessly hiring Defendant Destine;

(e) Negligently and/or recklessly retaining Defendant Destine;

(f) Negligently and/or recklessly qualifying Defendant Destine;

(g) Negligently and/or recklessly failing to supervise Defendant Destine; and

(h) Committing other negligent and/or reckless acts and omissions as may be shown by the evidence and proven at trial.

72.

Plaintiff suffered and will continue to suffer severe and permanent personal injuries as a result of Defendant J.B. Hunt's negligence and/or recklessness.

73.

Plaintiff is entitled to recover the economic and non-economic damages proximately caused by Defendant J.B. Hunt's negligence and/or recklessness.

**COUNT EIGHT**
**Direct Action Against National Continental Insurance Company**

74.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 73.

75.

Defendant ARO is a motor carrier within the meaning of O.C.G.A. § 40-1-100 and/or O.C.G.A. § 40-2-140.

76.

Defendant NCIC issued an insurance policy (Policy No. COH 000-6368-655-1) to Defendant ARO that was in full force and effect on the day of the subject collision.

77.

The subject collision involved a commercial vehicle that was covered by the policy of insurance (Policy No. COH 000-6368-655-1) that Defendant NCIC issued to Defendant ARO, which was in full force and effect on the day of the wreck.

**COUNT NINE**
**Punitive Damages**

78.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 77.

79.

Defendants' actions, including but not limited to Defendant Destine's complete disregard for the safety of others while driving commercial vehicle, Defendant Destine's violation of the Federal Motor Carrier Safety Regulations pertaining to hours of service and driving while fatigued, Defendant Destine's driving while distracted, and Defendants ARO, Amazon Logistics, and J.B. Hunt's failure to qualify Defendant Destine and otherwise comply with the Federal Motor Carrier Safety Regulations, demonstrate either (a) an entire want of care that raises the presumption of conscious indifference to consequences, or (b) a specific intent to harm, entitling Plaintiff to an award of punitive damages without limitation or cap.

**COUNT TEN**
**Litigation Expenses and Attorney's Fees**

80.

Plaintiff restates and incorporates by reference the facts set forth in Paragraphs 1 through 79.

81.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover her litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

**Plaintiff's Damages**

82.

Plaintiff seeks monetary damages from each Defendant for:

(a) All past, present, and future economic damages that result from, proximately flow from, or were substantially caused by the subject collision, including but not limited to medical bills, costs, and expenses, as will be shown more fully by the evidence at trial;

(b) All past, present, and future non-economic damages that result from, proximately flow from or were substantially caused by the subject collision, including but not limited to mental and physical pain and suffering, physical disfigurement, loss of enjoyment of life, and loss of capacity to work, in an amount to be determined by the enlightened conscience of an impartial jury;

(c) Punitive damages in an amount to be determined by the enlightened conscience of an impartial jury; and

(d) Litigation expenses, including reasonable attorney's fees.

**Accordingly, Plaintiff respectfully requests the following relief:**

(a) Service of the Summons and this Complaint on each Defendant;

(b) A trial by jury on every appropriate issue;

(c) Judgment for Plaintiff and against each Defendant for past, present, and future economic damages;

(d) Judgment for Plaintiff and against each Defendant for past, present, and future non-economic damages;

(e) Judgment for Plaintiff and against each Defendant for punitive damages without

limitation or cap;

(f) Judgment for Plaintiff and against each Defendant for Plaintiff's litigation expenses, including reasonable attorney's fees;

(g) That the costs of this action be cast against Defendants; and

(h) Any additional relief the Court deems appropriate.

Respectfully submitted this 24th day of October, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **KARSYN VAN HOUTEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JULOPSY DESTINE; ARO TRANS LLC; NATIONAL CONTINENTAL INSURANCE COMPANY; AMAZON LOGISTICS, INC.; J.B. HUNT TRANSPORT, INC.; and ABC CORP. 1-3,**<br><br>**Defendants.** | ) | **CIVIL ACTION FILE NO. 24SV260** |

**<u>CERTIFICATE OF SERVICE</u>**

Today I served the foregoing **FIRST AMENDED COMPLAINT FOR DAMAGES** by statutory electronic service, addressed to the following:

Jennifer L. Pridgeon
Margaret L. Manns
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road NE
Building 14, Suite 205
Atlanta, GA 30305

*[Signature on following page]*

This 24th day of October, 2024.

**WERNER LAW, LLC**

MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
DANIELL R. FINK
Georgia Bar No. 540374
CASEY J. BROWN
Georgia Bar No. 757384
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1690
mike@wernerlaw.com
nola@wernerlaw.com
dan@wernerlaw.com
casey@wernerlaw.com

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

VAN HOUTEN, KARSYN

**PLAINTIFF**

**VS.**

Amazon Logistics, Inc.
J.B. Hunt Transport, Inc.
ARO TRANS, LLC,
NATIONAL CONTINENTAL INSURANCE COMPANY,
DESTINE, JULOPSY

**DEFENDANTS**

**SUMMONS**

TO: AMAZON LOGISTICS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of October, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV260

VAN HOUTEN, KARSYN

**PLAINTIFF**

**VS.**

Amazon Logistics, Inc.
J.B. Hunt Transport, Inc.
ARO TRANS, LLC,
NATIONAL CONTINENTAL INSURANCE COMPANY,
DESTINE, JULOPSY

**DEFENDANTS**

**SUMMONS**

TO: J.B. HUNT TRANSPORT, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniell R. Fink**
**Werner Law**
**2860 Piedmont Road, NE**
**Atlanta, Georgia 30305**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of October, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

SHERIFF'S ENTRY OF SERVICE SC-85-2 CLYDE CASTLEBERRY CO., COVINGTON, GA 30015

2634871

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
NOV 14, 2024 10:56 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

Civil Action No. 24SV260

Date Filed October 24, 2024

Superior Court ☐ Magistrate Court ☐
State Court ☑ Probate Court ☐
Juvenile Court ☐

Georgia, Jackson

Attorney's Address
Werner Law, LLC
2860 Piedmont Road, NE
Atlanta Ga 30305

Karsyn Van Houten
Plaintiff

VS.

Julopsy Destine, ARO Trans LLC, National Continental Insurance Company, Amazon Logistics Inc, J.B. Hunt Transport Inc and ABC Corp. 1-3
Defendant

Name and Address of Party to be Served.
Amazon Logistics, Inc.
c/o Corporation Service Company as registered agent
2 Sun Court, Suite 400 Peachtree Corners Gwinnett County
Georgia 30092

Garnishee

## SHERIFF'S ENTRY OF SERVICE

PERSONAL
☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS
I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

☐ Delivered same into hands of ______ described as follows: age, about ______ years; weight ______ pounds; height, about ______ feet and ______ inches, domiciled at the residence of defendant.

CORPORATION
☑ Served the defendant Amazon Logistics, Inc. a corporation by leaving a copy of the within action and summons with Alisha Smith in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST
☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this Court.

This 30 day of October, 20 24.

B.Woods Sgt

DEPUTY

SHERIFF DOCKET ______ PAGE ______

WHITE-CLERK CANARY-PLAINTIFF PINK-DEFENDANT

# Gwinnett County Sheriff's Office

## Cover Sheet

FOREIGN

**Sheriff #:** 24034871

**Person Served:** AMAZON LOGISTICS INC
STE 400
2 SUN COURT
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received: 10/29/2024

Assigned Zone: 2 Sun Court — Court Case #: 24SV260

Expiration Date: — Hearing Date:

Paper Types: Summons, FIRST AMENDED COMPLAINT FOR DAMAGES

Notes/Alerts:

**Notes:**

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
NOV 20, 2024 12:10 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| KARSYN VAN HOUTEN,<br><br>Plaintiff,<br><br>v.<br><br>JULOPSY DESTINE; ARO TRANS LLC; NATIONAL CONTINENTAL INSURANCE COMPANY; AMAZON LOGISTICS, INC.; J.B. HUNT TRANSPORT, INC.; and ABC CORP. 1-3,<br><br>Defendants. | Civil Action No.: 24SV260 |

**NOTICE OF ENTRY OF APPEARANCE OF COUNSEL**

COMES NOW Amazon Logistics, Inc. and hereby files this Notice of Entry of Appearance of Counsel and request that the Clerk of Court add R. Dal Burton, Esq., Katy Gaty, Esq., and Futhhum Tewolde, Esq., of the law firm Wilson Elser Moskowitz Edelman & Dicker LLP as counsel of record for Amazon Logistics, Inc. Please direct all future notices, communications, correspondence and pleadings to:

R. Dal Burton, Esq.
Katy Gaty, Esq.
Futhum Tewolde, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3348 Peachtree Rd., NE, Suite 1400
Atlanta, GA 30326
470-419-6650 (Main)
470-419-6651 (Fax)
dal.burton@wilsonelser.com
katy.gary@wilsonelser.com
futhum.tewolde@wilsonelser.com

***[SIGNATURE ON FOLLOWING PAGE]***

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/ - Dal Burton____________
R. Dal Burton
Georgia Bar No.: 097890
Katy Gathy
Georgia Bar No.: 894772
Futhum Tewolde
Georgia Bar No. 846511

3348 Peachtree Road, NE; Ste. 1400
Atlanta, Georgia 30326
Phone: (470) 419-6650
Fax: (470) 419-6651
Dal.burton@wilsonelser.com
Katy.gathy@wilsonelser.com
Futhum.Tewolde@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date the *Notice of Appearance of Counsel* was filed with the Clerk of Court using PeachCourt, this Court's electronic filing system, which will automatically serve all counsel of record as follows:

Casey Brown, Esq.
Nola Jackson, Esq.
Michael Werner, Esq.
Daniell Fink, Esq.
WERNER LAW
2860 Piedmont Road, NE
Atlanta, Georgia 30305
mike@wemerlaw.com
nola@wernerlaw.com
dan@wemerlaw.com
casey@wernerlaw.com

This 20th day of November 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/ - Dal Burton____________
R. Dal Burton
Georgia Bar No.: 097890
Katy Gathy
Georgia Bar No.: 894772
Futhum Tewolde
Georgia Bar No. 846511

3348 Peachtree Road, NE; Ste. 1400
Atlanta, Georgia 30326
Phone: (470) 419-6650
Fax: (470) 419-6651
Dal.burton@wilsonelser.com
Katy.gathy@wilsonelser.com
Futhum.Tewolde@wilsonelser.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV260
A - ROBERT D. ALEXANDER
NOV 20, 2024 01:51 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| KARSYN VAN HOUTEN,<br><br>Plaintiff,<br><br>v.<br><br>JULOPSY DESTINE; ARO TRANS LLC; NATIONAL CONTINENTAL INSURANCE COMPANY; AMAZON LOGISTICS, INC.; J.B. HUNT TRANSPORT, INC.; and ABC CORP. 1-3,<br><br>Defendants. | Civil Action No.: 24SV260 |

**STIPULATION FOR EXTENSION OF TIME FOR DEFENDANT AMAZON LOGISTICS, INC. TO RESPOND TO PLAINTIFF'S COMPLAINT**

Plaintiff Karsyn Van Houten and Defendant Amazon Logistics Inc. (collectively, the "Parties"), hereby stipulate that Defendant shall have an extension until December 26, 2024, to respond and assert affirmative defenses to Plaintiff's Complaint.

The Parties further stipulate that this extension is not made for any dilatory purpose.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/ - Dal Burton____________
R. Dal Burton
Georgia Bar No.: 097890
Katy Gathy
Georgia Bar No.: 894772
Futhum Tewolde
Georgia Bar No. 846511

3348 Peachtree Road, NE; Ste. 1400
Atlanta, Georgia 30326
Phone: (470) 419-6650
Fax: (470) 419-6651
Dal.burton@wilsonelser.com
Katy.gathy@wilsonelser.com
Futhum.Tewolde@wilsonelser.com

***SIGNATURES CONTINUED ON FOLLOWING PAGE***

**WERNER LAW**

/s/ - Casey Brown
Casey Brown
Georgia Bar No.: 757384
Nola Jackson
Georgia Bar No.: 271001
Michael Werner
Georgia Bar No.: 748321
Daniell Fink
Georgia Bar No.: 540374

2860 Piedmont Road, NE
Atlanta, Georgia 30305
Phone: (470) 419-6650
mike@wemerlaw.com
nola@wernerlaw.com
dan@wemerlaw.com
casey@wernerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the *Stipulation For Extension Of Time For Defendant Amazon Logistics, Inc. To Respond To Plaintiff's Complaint* was filed with the Clerk of Court using PeachCourt, this Court's electronic filing system, which will automatically serve all counsel of record as follows:

Casey Brown, Esq.
Nola Jackson, Esq.
Michael Werner, Esq.
Daniell Fink, Esq.
WERNER LAW
2860 Piedmont Road, NE
Atlanta, Georgia 30305
mike@wemerlaw.com
nola@wernerlaw.com
dan@wemerlaw.com
casey@wernerlaw.com

This 20th day of November 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

/s/ - Dal Burton____________
R. Dal Burton
Georgia Bar No.: 097890
Katy Gathy
Georgia Bar No.: 894772
Futhum Tewolde
Georgia Bar No. 846511

3348 Peachtree Road, NE; Ste. 1400
Atlanta, Georgia 30326
Phone: (470) 419-6650
Fax: (470) 419-6651
Dal.burton@wilsonelser.com
Katy.gathy@wilsonelser.com
Futhum.Tewolde@wilsonelser.com



299391882v.1